Stephen J. Kottmeier (State Bar No. 077060)
sjk@hopkinscarley.com
Jay M. Ross (State Bar No. 151759)
jross@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Secured Creditor Boston Private Bank
& Trust Company, formerly known as and successor
to Borel Private Bank & Trust Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>272 E. Santa Clara Grocery, LLC,<br><br>Debtor. | CASE NO. 13-53491<br>RS No.<br>CHAPTER 11<br><br>**DECLARATION OF DAVID SCHEIBER IN SUPPORT OF SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT WITH RESPECT TO RENT**<br><br><u>Hearing</u><br>Date: August 21, 2013<br>Time: 2:00 p.m.<br>Place: 280 S. First Street<br>San Jose, CA<br>Courtroom 3099<br>Judge: Hon. Stephen L. Johnson |

I, David Scheiber, declare as follows:

1. I am a Senior Vice President – Special Assets Department of Secured Creditor Boston Private Bank & Trust Company ("BPB"), successor in interest by merger to and formerly

114\1018762.1

DECLARATION OF DAVID SCHEIBER ISO SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT CASE NO. 13-53491

Case: 13-53491    Doc# 22-2    Filed: 07/12/13    Entered: 07/12/13 12:11:42    Page 1 of 4

known as Borel Private Bank & Trust Company. I have been assigned the responsibility for administration and enforcement of the loan ("Loan") which is secured by the property now owned by the debtor in this case. As part of my responsibilities, I have become familiar with the BPB's loan documents for the Loan, its accounting of sums due and owing under the Loan, and the supervision of the Loan by BPB personnel before me. Except as to those matters stated upon information and belief, I have personal knowledge of the matters set forth in this declaration based upon my personal review of BPB's business records, discussions with other BPB staff and communications with the manager of the current owner of the property. If called upon to do so, I could and would competently testify thereto.

2. I make this declaration in support of BPB's Motion for Order Confirming No Stay Is In Effect With Respect to Rent being collected by BPB pursuant to a recorded assignment of rents agreement, a deed of trust and BPB's enforcement of its assignment of rents pursuant to a pre-petition notice to the tenant under California Civil Code section 2938 to pay rent directly to BPB. The rents are being paid to BPB by the tenant at the real property located at 272 East Santa Clara Street, San Jose, CA 95112 (Assessor's Parcel No. 467-24-111) (the "Property").

3. BPB has never had a lending relationship with Debtor 272 E. Santa Clara Grocery, LLC ("E. Santa Clara LLC"). BPB's borrower was and is an entity known as Kimomex Santa Clara, LLC ("Kimomex").

4. On or about July 15, 2008, Kimomex executed and delivered to Borel Private Bank & Trust Company ("Borel") a Promissory Note, a first Deed of Trust ("Deed of Trust"), an Assignment of Rents ("Assignment of Rents"), and other documents (collectively, the "Loan Documents") in connection with a loan by Borel to Kimomex in the original principal amount of $3,600,000.00. A true and correct copy of the Promissory Note is attached hereto as **Exhibit A**. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**. A true and correct copy of the Assignment of Rents is attached hereto as **Exhibit C**. Both the Deed of Trust and the Assignment of Rents were recorded against the Property on or about July 18, 2008 in the Office of the Santa Clara County Recorder. BPB is the successor by merger of Borel and is now the lender, assignee and beneficiary under the Loan Documents.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

114\1018762.1 - 2 -
DECLARATION OF DAVID SCHEIBER ISO SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT (CASE NO. 13-53491)

Case: 13-53491    Doc# 22-2    Filed: 07/12/13    Entered: 07/12/13 12:11:42    Page 2 of 4

5. Pursuant to the terms of the Promissory Note and other Loan Documents, Kimomex borrowed the maximum principal sum of $3,600,000.

6. I am informed and believe that thereafter on or about May 14, 2009, Kimomex also borrowed a sum from a group of individuals and secured its obligation to said parties through a junior deed of trust ("Junior Deed of Trust") dated on said date and recorded on May 21, 2009. A true and correct copy of the Junior Deed of Trust, obtained from the public records, is attached hereto as **Exhibit D**. I am further informed and believe that the Trustee later caused the Junior Deed of Trust to be foreclosed under its power of sale. I am further informed and believe that the Property was sold at the trustee's sale to the beneficiaries under the Junior Deed of Trust. I am further informed and believe that the Trustee's Deed, dated October 27, 2011 was recorded on April 20, 2012. A true and correct copy of the Trustee's Deed, obtained from the public records, is attached hereto as **Exhibit E**. I am further informed and believe that the beneficiaries thereafter conveyed all of their right, title and interest in the Property to debtor E. Santa Clara LLC by Grant Deed recorded on April 20, 2012. A true and correct copy of the Grant Deed, also obtained from the public records, is attached hereto as **Exhibit F**. E. Santa Clara LLC therefore appears to be the successor to the beneficiary of a deed of trust junior and its interest in the Property is subordinate to the Deed of Trust and Assignment of Rents of BPB.

7. Kimomex breached its obligations to BPB under the Loan Documents when it failed to make monthly payments when due beginning before mid-2011 and failed to pay all property taxes for the Property when due. In addition, the conveyances of the Property under the Junior Deed of Trust, under the Trustee's Deed and under the Grant Deed described in paragraph 6 above were all done without BPB's consent and therefore are in breach of the "due on sale" covenant in the Deed of Trust. As of June 27, 2013, the outstanding principal balance due and owing from Kimomex under the Promissory Note and other Loan Documents is $3,341,017.20. In addition to principal there is due, owing and unpaid accrued interest, late charges and other fees and costs, and attorneys' fees and legal costs in amounts to be determined.

8. The current tenant of the Property is Grocery Outlet Inc. ("Tenant"), a California corporation. The Property is currently being used commercially as a grocery store. I am

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

114\1018762.1 - 3 -
DECLARATION OF DAVID SCHEIBER ISO SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT CASE NO. 13-53491

Case: 13-53491    Doc# 22-2    Filed: 07/12/13    Entered: 07/12/13 12:11:42    Page 3 of 4

1 | informed that the current monthly rent being paid by the Tenant of the Property is $39,600.00.
2 | On about May 17, 2013, pursuant to Civil Code section 2938, BPB enforced its rights and
3 | delivered written notice ("Notice") to that Tenant to pay rent directly to BPB pursuant to the Loan
4 | Documents. A copy of that Notice is attached hereto as **Exhibit G**. The Tenant subsequently
5 | acknowledged receipt of the Notice. Pursuant to the Notice, BPB was paid the June rent by the
6 | Tenant on or about June 11, 2013.

7 |     9. Also pursuant to the Notice, the Tenant has now paid the July rent to BPB. BPB is
8 | holding that rent pending the outcome of this Motion.

9 |     I declare under penalty of perjury under the laws of the State of California that the
10 | foregoing is true and correct, and that this declaration was executed on July 10, 2013 at Encino,
11 | California.

/s/ David Scheiber
David Scheiber

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

114\1018762.1 - 4 -
DECLARATION OF DAVID SCHEIBER ISO SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT (CASE NO. 13-53491)

Case: 13-53491    Doc# 22-2    Filed: 07/12/13    Entered: 07/12/13 12:11:42    Page 4 of 4