Stephen J. Kottmeier (State Bar No. 077060)
sjk@hopkinscarley.com
Jay M. Ross (State Bar No. 151759)
jross@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Secured Creditor BOSTON PRIVATE BANK & TRUST COMPANY, formerly known as and successor to Borel Private Bank & Trust Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | CASE NO. 13-53491 |
| 272 E. Santa Clara Grocery, LLC, | CHAPTER 11 |
| Debtor. | **OBJECTION TO EX PARTE APPLICATION FOR ORDER APPOINTING SPECIAL COUNSEL FOR DEBTOR** |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE AND PARTIES IN INTEREST:**

Secured Creditor Boston Private Bank & Trust Company hereby files this objection to the Debtor's application (the "Application") to employ the Rossi, Hamerslough, Reishcl & Chuck firm (the "Rossi Firm") as special litigation counsel to the Debtor. The objection is as follows:

**I.    STANDARDS APPLICABLE TO THE APPLICATION**

Bankruptcy Code section 327(e) provides:

The trustee, with the court's approval, may employ, for a specified special purpose,

other than to represent the trustee in conducting the case, an attorney that has represented the debtor, *if in the best interest of the estate*, and *if such attorney does not represent* or hold *any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.* (Emphasis supplied)

Bankruptcy Rule 2014(a) requires that an application for employment of counsel must "state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, [and] any other party in interest…."

In employment matters, "the fundamental procedural requirement is that the applicant make full, candid, and complete disclosure of all of the professional's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." *In re Kobra Properties*, 406 B.R. 396, 402 (Bankr. E.D.Cal. 2009) (citations omitted); *In re Park-Helena Corp.*, 63 F.3d 877, 880-882 (9th Cir. 1995). "Professionals must disclose all connections with the debtor . . . no matter how irrelevant or trivial those connections may seem." *In re Triple Star Welding, Inc.,* 324 B.R. 778, 789 (9th Cir. BAP 2005), partially abrogated on other grounds in *Dye v Brown (In re AFI Holdings)* 530 F.3d 832 (9th Cir. 2008). The disclosure rules are not a matter of discretion. *Id*.

Under these standards, the Application fails and must be denied in its present form.

## II. DEFECTS IN THE APPLICATION

Measured by these standards, the Application has at least the following deficiencies:

A. The Debtors schedules in this matter list the Rossi firm as one of its two, non-insider unsecured creditors in this case. [Dock. No. 1, at 14] No information is provided in the schedules about this claim or whether it relates to the matter for which the attorneys are proposed for employment. The Application should not be approved unless and until full and complete disclosure is made with respect to Rossi Firm's unsecured claim, its relation to the matter of employment and proof that it has no relationship to the matters for which the Rossi Firm is now

114\1020689.2 - 2 -

OBJECTION TO EX PARTE APPLICATION FOR ORDER APPOINTING SPECIAL COUNSEL FOR DEBTOR  CASE NO. 13-53491
Case: 13-53491    Doc# 27    Filed: 07/16/13    Entered: 07/16/13 09:37:11    Page 2 of 4

1 to be engaged.

2      B.     The Application represents that the Debtor has engaged the Rossi Firm in connection with certain litigation and attaches both a copy of the state court complaint and a written engagement agreement purportedly between the Debtor and the Rossi Firm. [Dock. No. 26, Exhs. A and B]. However, the engagement agreement is not between the Debtor and the Rossi Firm. In fact, it is between the Rossi Firm and Andrew Lewis. [Dock. No. 26, Exh. B, p. 16]. The Application contains no disclosure of what agreement, if any, the Debtor has with the Rossi Firm.

     C.     Mr. Lewis is identified in the state court complaint as one of the "Lenders" and "Assignors" who purportedly assigned claims which the Debtor purports to be prosecuting. [Dock. No. 26, Exh. A, ¶¶8 and 24.] According to the Debtor's statement of affairs, the Debtor made payments of $70,000 and $52,000 in April and May 2013 to Mr. Lewis, who is listed as the largest unsecured creditor of the Debtor. [Dock. No. 1, p. 14] The Application provides no disclosure (i) with respect to the terms by which the claims were assigned to the Debtor, (ii) what the nature of the Rossi Firm's on-going relationship is to Mr. Lewis with whom it signed an engagement agreement in February 2013, (iii) whether Mr. Lewis or any of the other alleged assignors continues to have an interest in the litigation under the terms of the assignment, (iv) what connection the prepetition payments to Mr. Lewis have to the claims which he purportedly assigned, or (v) what services the Rossi Firm performed in connection with the assignment, who

///
///
///
///
///
///
///
///
///

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

114\1020689.2      - 3 -

OBJECTION TO EX PARTE APPLICATION FOR ORDER APPOINTING SPECIAL COUNSEL FOR DEBTOR    CASE NO. 13-53491

Case: 13-53491    Doc# 27    Filed: 07/16/13    Entered: 07/16/13 09:37:11    Page 3 of 4

it represented with respect to that assignment since its client at the time was apparently Mr. Lewis and whether the Debtor has independent representation in connection with the assignment. All of these "connections" must be disclosed.

WHEREFORE, Secured Creditor prays that the Application as presented be denied.

Dated: July 16, 2013

HOPKINS & CARLEY
A Law Corporation

By: /s/ Stephen J. Kottmeier
    Stephen J. Kottmeier
    Jay M. Ross
    Attorneys for Secured Creditor
    BOSTON PRIVATE BANK & TRUST COMPANY

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

114\1020689.2 - 4 -
OBJECTION TO EX PARTE APPLICATION FOR ORDER APPOINTING SPECIAL COUNSEL FOR DEBTOR  CASE NO. 13-53491

Case: 13-53491  Doc# 27  Filed: 07/16/13  Entered: 07/16/13 09:37:11  Page 4 of 4