Stephen J. Kottmeier (State Bar No. 077060)
sjk@hopkinscarley.com
Jay M. Ross (State Bar No. 151759)
jross@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Secured Creditor BOSTON PRIVATE BANK & TRUST COMPANY, formerly known as and successor to Borel Private Bank & Trust Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>272 E. Santa Clara Grocery, LLC,<br><br>Debtor. | CASE NO. 13-53491<br><br>CHAPTER 11<br><br>**OBJECTION TO APPLICATION FOR ORDER APPOINTING COUNSEL FOR DEBTOR** |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE AND PARTIES IN INTEREST:**

Secured Creditor Boston Private Bank & Trust Company hereby files this objection to the Debtor's application (the "Application") to employ the law firm of Campeau, Goodsell Smith (the "CGS Firm") as "general bankruptcy counsel" to the Debtor. The objection is as follows:

**I.  STANDARDS APPLICABLE TO THE APPLICATION**

Bankruptcy Code section 327(a) provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys . . . *that do not hold or represent an interest*

*adverse to the estate, and that are disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title. (Emphasis added)

A "disinterested person," according to Bankruptcy Code section 101(14)(C), is a person who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor, or for any other reason." Bankruptcy Rule 2014(a), meanwhile, requires that an application for employment of counsel must disclose, among other things, "any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, [and] any other party in interest…."

In those situations where funding for the proposed attorney is provided by an insider of the debtor, additional conditions must be satisfied to approve the employment. *In re Kelton Motors, Inc.,* 109 B.R. 641, 658 (Bankr. Vt. 1989); approved by *In re Lotus Properties, LP,* 200 B.R. 388, 393-394 (Bankr. C.D. Cal. 1996). Perhaps indicative of the rationale for the additional requirements, one bankruptcy court noted "given human nature, it is also clear that an attorney's loyalty to her client may be strained if the attorney's fees do not come from the client, but instead come from a third party." *In re Metropolitan Environmental, Inc.,* 298 B.R. 871, 833 (Bankr. N.D. Ohio 2003). The *Kelton* case specified the additional conditions as including:

- the arrangement must be fully disclosed to the debtor/client and the third party payor-insider;

- the debtor must give express consent to the arrangement;

- the third party payor-insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client;

- the factual and legal relationships between the third party payor-insider, the debtor, their respective attorneys, and their contractual arrangement concerning the fees must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation;

- the debtor's attorney-applicant must demonstrate and represent to the Court's satisfaction the absence of facts that would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest.

*In re Kelton, supra,* 109 B.R. at 658.

- 2 -

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

547\1021051.2

OBJECTION TO APPLICATION FOR ORDER APPOINTING COUNSEL FOR DEBTOR    CASE NO. 13-53491

Additionally, "the retainer or attorney fee payment from the third party payor-insider must be held in escrow pending interim or final disbursement by order and approval of the Court, after notice, hearing, and scrutiny by the U.S. Trustee, creditors and other parties in interest." *Id.*

Under these standards, the Application fails and must be denied in its present form.

**II.   DEFECTS IN THE APPLICATION**

Measured by these standards, the Application has at least the following deficiencies:

A.   The Application fails to fully disclose the "factual and legal relationships" between the Debtor, its insider Andrew Lewis ("Mr. Lewis"), and the CGS Firm, including "their contractual relationship concerning the fees[.]" While the Application contains a copy of the "Attorney-Client Contract" for the CGS Firm's employment and shows that Mr. Lewis paid the $20,000 "Deposit" required by that "Contract," it says nothing about the terms of the agreement between Mr. Lewis and the Debtor for paying the Deposit. The Application is silent as to whether Mr. Lewis paid the Deposit as a gift to the Debtor or a loan, or whether the CGS Firm gave any consideration to Mr. Lewis for the payment permitting it to be paid in installments. Presuming it was a loan to the Debtor, no terms are disclosed. The Application should not be approved unless and until full and complete disclosure is made with respect to the terms of Mr. Lewis' payment of the Deposit.

B.   The Application fails to demonstrate that there are no facts in this case that would "create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest." To the contrary, under the circumstances, such showing cannot be made. According to the Debtor's schedules, Mr. Lewis is its largest unsecured creditor, with a claim in the amount of $640,871, or more than eight (8) times the next largest unsecured creditor. [Dock. No. 1, at 14.] The Debtor's statement of affairs reveals that Mr. Lewis received payments from the Debtor in the amounts of $70,000 and $52,000 in April and May 2013. [Dock. No. 1, p. 19.] Those payments might be subject to challenge as preferences, fraudulent conveyances or improper transfers. The CGS Firm, therefore, will necessarily have to investigate the circumstances and terms of (a) Mr. Lewis' loan transactions with the Debtor, and (b) the Debtor's payments to Mr. Lewis to determine if they should be contested and attacked. The CGS Firm very well could find

1. itself needing to litigate against Mr. Lewis, the person who is paying its fees in post-petition
2. installments.
3.     C.    There is no indication in the Application that Mr. Lewis obtained "independent
4. legal counsel" to understand the duty and role of the CGS Firm. Absent such proof, the
5. employment of the CGS Firm cannot be approved.
6.     D.    There also is no indication in the Application that the Deposit funds paid by Mr.
7. Lewis were placed and remain in escrow subject to the condition that they would be disbursed
8. only upon "order and approval of the Court, after notice, hearing, and scrutiny by the U.S.
9. Trustee, creditors and other parties in interest." Unless and until such condition is imposed on the
10. Deposit, the Application cannot be approved.
11.     WHEREFORE, Secured Creditor prays that the Application as presented be denied.

Dated: July 16, 2013

HOPKINS & CARLEY
A Law Corporation

By: /s/ Stephen J. Kottmeier
    Stephen J. Kottmeier
    Jay M. Ross
    Attorneys for Secured Creditor
    BOSTON PRIVATE BANK & TRUST
    COMPANY

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

547\1021051.2      - 4 -

OBJECTION TO APPLICATION FOR ORDER APPOINTING COUNSEL FOR DEBTOR      CASE NO. 13-53491

Case: 13-53491    Doc# 28    Filed: 07/16/13    Entered: 07/16/13 09:40:06    Page 4 of 4