Stephen J. Kottmeier (State Bar No. 077060)
sjk@hopkinscarley.com
Jay M. Ross (State Bar No. 151759)
jross@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Secured Creditor BOSTON PRIVATE BANK & TRUST COMPANY, formerly known as and successor to Borel Private Bank & Trust Company

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>272 E. Santa Clara Grocery, LLC,<br><br>Debtor. | CASE NO. 13-53491<br><br>CHAPTER 11<br><br>**EX PARTE APPLICATION FOR ORDER OF EXAMINATION OF ALLYN TOGNOLI FOR PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004** |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE AND PARTIES IN INTEREST:**

Secured Creditor Boston Private Bank & Trust Company ("BPB"), formerly known as and successor to Borel Private Bank & Trust Company, submits its Ex Parte Application for Order Requiring Appearance of Allyn Tognoli ("Tognoli") for Examination and Production of Documents pursuant to Federal Rule of Bankruptcy Procedure 2004. The Application is supported by the Declaration of Counsel In Support of Ex Parte Applications For Orders of

114\1025127.1

EX PARTE APPLICATION FOR BR 2004 ORDER OF EXAMINATION (TOGNOLI)  CASE NO. 13-53491

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

Case: 13-53491  Doc# 35  Filed: 07/25/13  Entered: 07/25/13 10:52:58  Page 1 of 9

Examination of Debtor Witnesses And For Production of Documents Pursuant To Rule 2004 ["Counsel Decl."] filed herewith and the records of this Bankruptcy Case. The Application is based on the following facts:

## FACTUAL BACKGROUND

1. This Chapter 11 case was commenced on June 27, 2013 by Debtor In Possession 272 E. Santa Clara Grocery, LLC ("Debtor").

2. Tognoli is an owner of the Debtor (apparently holding 3.9% plus an unspecified amount through a custodian) and former lien holder against the leased real property located at 272 E. Santa Clara Street, San Jose, Ca. (the "Property").

3. The Debtor's principal asset in this case is the Property. BPB holds the senior lien on the Property securing a loan with an outstanding principal balance of $3,341,017.20. (Counsel Decl. Exh. 1 ("Scheiber Declaration"), at ¶7.)

4. The Debtor is not BPB's borrower. BPB's borrower is instead an unrelated entity, Kimomex Santa Clara, LLC ("Kimomex"). BPB made a secured loan to Kimomex in 2008 in the original principal amount of $3,600,000.00. At the time, Kimomex owned the Property. To secure the loan, Kimomex executed and delivered a Deed of Trust and an Assignment of Rents in favor of BPB, both of which were recorded against the Property on July 18, 2008. (Counsel Decl., Exh. 1 at ¶4, and Exhs. B and C thereto.)

5. On or about May 14, 2009, Kimomex apparently borrowed a sum from a group of individuals (including Tognoli) and secured its obligation to said parties through a deed of trust dated on said date and recorded on May 21, 2009. (*Id*., Exh. 1 at ¶ 6, and Exh. D, thereto.) The trustee under the junior deed of trust was Investment Grade Loans, Inc. ("IGLI"). BPB is informed and believes that IGLI is a "hard money lender" who arranged for the junior loan and that IGLI is owned and operated by Andrew Lewis, the Debtor's managing member.

6. The junior deed of trust is subordinate to BPB's Deed of Trust and to its Assignment of Rents, both of which were recorded and became encumbrances against Kimomex's title before Kimomex granted the junior deed of trust. Later, IGLI, the trustee under the junior deed of trust, caused that deed of trust to be foreclosed through its power of sale. (*Id*.)

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

114\1025127.1 - 2 -
EX PARTE APPLICATION FOR BR 2004 ORDER OF EXAMINATION (TOGNOLI) CASE NO. 13-53491

Case: 13-53491    Doc# 35    Filed: 07/25/13    Entered: 07/25/13 10:52:58    Page 2 of 9

The Property was then sold to the beneficiaries (including Tognoli) at the foreclosure sale. (*Id.*, Exh. E) The Trustee's Deed, dated October 27, 2011, was recorded on April 20, 2012. (*Id.*) The beneficiaries thereafter conveyed all of their right, title and interest in the Property to Debtor by Grant Deed recorded on April 20, 2012. (*Id.*, Exh. F) Debtor is therefore the successor to Tognoli and the other beneficiaries of the junior deed of trust and, through them, Kimomex.

7. The borrower Kimomex defaulted on its loan from BPB by its failure to pay monthly payments and by failure to pay property taxes. In addition, BPB's Deed of Trust expressly provides that any transfer of the Property (by lien or sale) without BPB's consent violates the "Due On Sale" covenant in the Deed of Trust entitling BPB to accelerate the Loan. (Counsel Decl., Exh. 1, at 7 and Exh. B thereto, p.2.) BPB did not consent to any of the transfers of the Property through the junior deed of trust, the foreclosure sale of the property by Tognoli and the other beneficiaries to themselves or the deeding of the property to the Debtor. The "due on sale" defaults can be cured only by payment in full. Bernhardt, *California Mortgages, Deeds of Trust, and Foreclosure Litigation*, §8.20.b (4th ed. 2013).

8. The Debtor and its predecessors assert that the Property has an environmental issue that requires remediation and a related governmental restriction that must be resolved before the Property can be marketed for sale. The Debtor appears to have no liquid assets available to address these matters. Aside from a few hundred dollars in a bank account, the Debtor's only other listed personal property assets are several unliquidated claims against third parties about which it gives very little information and for which it provides no values. [Dkt. 1, pp. 8-9]

7. Apart from the Debtor's insiders, it appears from the Debtor's schedules that the Debtor has only two unsecured creditors, one of which is its state court counsel. [Dkt. 1, p. 4] The Debtor lists no secured creditors other than BPB under its loan to Kimomex and the County of Santa Clara for the defaulted property taxes. [Dkt. 1, p. 12]

9. The Debtor's Statement Of Financial Affairs discloses that within the 90 days prior to filing bankruptcy, the Debtor made about $125,000.00 in cash payments to insiders. [Dkt. 1, p. 19] The Debtor provides no justification for these payments which may well be preferences, fraudulent conveyances, or insider transfers invalid under California law (*See, e.g.*, Cal. Corp.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

114\1025127.1 - 3 -
EX PARTE APPLICATION FOR BR 2004 ORDER OF EXAMINATION (TOGNOLI) CASE NO. 13-53491

Case: 13-53491   Doc# 35   Filed: 07/25/13   Entered: 07/25/13 10:52:58   Page 3 of 9

Code §§17254 and 17255). The transferees are listed also listed as unsecured creditors of the Debtor. [Dkt. 1, p. 4]

10. The Debtor claims in its schedules that the value of the Property is $7,300,000.00. [Dkt. 1, p. 7] The Debtor's members, however, apparently bid only $100,000.00 at their trustee's sale to take ownership of the Property. (Counsel Decl., Exh.1 at Exh. E thereto, first page) The basis for the Debtor's current valuation is therefore a necessary area of investigation.

**REQUEST FOR EXAMINATION AND PRODUCTION OF DOCUMENTS UNDER BANKRUPTCY RULE 2004**

10. BPB is informed and believes that Tognoli has relevant information that will materially aid it in its investigation of the Debtor's acts, conduct, assets, liabilities, financial condition and business operations as well as to whether any resources are available to the Debtor which it might use to formulate a feasible plan in this case.

11. Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 2004(a), "on motion of any party in interest, the court may order the examination of any entity." The scope of an examination under FRBP is very broad:

> The examination of …. the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan. …. (FRBP 2004(b))

12. BPB seeks to obtain documents from and testimony of Tognoli pursuant to FRBP 2004 regarding (a) the Debtor's acts, conduct, property, liabilities and financial condition, (b) matters which may affect the Debtor's right to a discharge, (c) the operation of the Debtor's business, (d) sources of money and other resources which might be available to the Debtor to consummate a plan and (e) other matters relevant to this case.

13. The examination to be conducted and the documents to be produced relate to the Debtor's acts, conduct and property of estate, to Debtor's financial affairs, its resources available

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

for a plan and to matters which may affect the administration of the estate. These matters fall under the proper scope of examination as delineated under Bankruptcy Rule 2004(b).

14. Tognoli is identified as significant owner of the Debtor and was one of the beneficiaries who conveyed the Property to the Debtor. Presumably, Tognoli is one of the persons who assigned the unliquidated claims to the Debtor which the Debtor now lists as its property. As set forth above, BPB is seeking information concerning all of the Debtor's business affairs, acts and conduct and the resources available to the Debtor to use to consummate a plan. As an owner and contributor of assets to the Debtor, Tognoli should have information on all of those subjects. BPB therefore needs to examine Tognoli and all relevant records and documents about such matters, as more specifically set forth in **Exhibit "A"**, attached hereto.

15. The documents to be produced relate to the property of the bankruptcy estate and BPB's financial affairs as well as resources available to it to enable it to consummate a plan. These matters may affect the administration of the estate and therefore fall under the proper scope of production of documentary evidence as delineated under Rule 2004(b) of the Federal Rules of Bankruptcy Procedure.

16. On this basis, BPB requests that this Court order Tognoli to appear for examination and produce documents as indicated below.

17. BPB is concurrently herewith serving this Application (by ECF filing and service) upon counsel for the Debtor and the Office of the United States Trustee and by overnight delivery upon the proposed witness at the witness' address identified in the Debtor's statement of affairs. In view of the routine nature of the relief requested, BPB submits that no additional notice of the Application is necessary, and that a hearing thereon should not be required.

**RELIEF REQUESTED**

WHEREFORE, BPB respectfully requests that this Court enter an order as follows:

1. Allyn Tognoli is ordered to appear at the office of Hopkins & Carley, a Law corporation, 70 South First Street, San Jose, California, 95113 on August 21, 2013, at 9:00 a.m., to be examined under oath by counsel for BPB before a certified court reporter in accordance with Bankruptcy Rule 2004. Such examination shall be taken from day to day until completed.

2. Allyn Tognoli shall produce the documents described in **Exhibit "A"** attached hereto and incorporated herein by reference, for inspection and copying by counsel for BPB at the offices of Hopkins & Carley, a Law Corporation, 70 South First Street, San Jose, California, 95113 on or before August 21, 2013, at 9:00 a.m.

Dated: July 24, 2013

                          HOPKINS & CARLEY
                          A Law Corporation

By: /s/ Stephen J. Kottmeier
Stephen J. Kottmeier
Attorneys for Secured Creditor BOSTON PRIVATE BANK & TRUST COMPANY, formerly known as and successor to Borel Private Bank & Trust Company

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

114\1025127.1         - 6 -

EX PARTE APPLICATION FOR BR 2004 ORDER OF EXAMINATION (TOGNOLI)     CASE NO. 13-53491

# EXHIBIT A

## DEFINITIONS APPLICABLE TO REQUESTS:

1. As used herein, the term "WRITINGS" has the meaning set forth in California Evidence Code section 250 (quoted in the following paragraph) and includes all electronic records as well as hard copy documents:

> "'Writing' means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored."

2. "BPB" means Boston Private Bank & Trust Company and its predecessor Borel Private Bank & Trust Company and includes all of its officers and employees or anyone else acting on behalf of the entity under either name.

3. "JUNIOR LOAN" means the loan made by members of the Debtor to Kimomex Santa Clara, LLC secured by a deed of trust dated May 14, 2009 and recorded on recorded on May 21, 2009 against the property located at 272 E. Santa Clara Street, San Jose.

4. "DEBTOR" means 272 E. Santa Clara Grocery, LLC, debtor in possession in Bankruptcy Case No. 13-53491, Northern District of California.

5. "BANKRUPTCY CASE" means Bankruptcy Case No. 13-53491 filed in the Bankruptcy Court of the Northern District of California, San Jose Division.

## WRITINGS TO BE PRODUCED:

1. All WRITINGS which constitute the operating agreement for the DEBTOR and any amendments thereto and any other agreement among the members of the DEBTOR which obligates any member to contribute capital to the DEBTOR.

2. All WRITINGS which evidence or substantiate each of the claims listed in Schedule F of the DEBTOR's schedules filed in the BANKRUPTCY CASE.

3. All WRITINGS which discuss, describe, evidence, substantiate, value or otherwise relate to each of the claims listed in item number 21 ("Other contingent and unliquidated claims…") of Schedule B of the DEBTOR's schedules filed in the BANKRUPTCY CASE.

4. All WRITINGS which evidence the basis or business reason for the payments to

114\1025127.1    - 7 -    EX PARTE APPLICATION FOR BR 2004 ORDER OF EXAMINATION (TOGNOLI)    CASE NO. 13-53491

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

Case: 13-53491   Doc# 35   Filed: 07/25/13   Entered: 07/25/13 10:52:58   Page 7 of 9

Andrew Lewis and Ogen Perry shown in item 5.b. of the DEBTOR's Statement of Financial Affairs filed in the BANKRUPTCY CASE.

5. All WRITINGS which in any way relate to any actual or possible soil or groundwater contamination or other environmental or contamination issues on the property at 272 E. Santa Clara Street, San Jose, Ca., including without limitation (i) all communications with the County of Santa Clara, ERAS Environmental, Inc. or any other person or entity regarding such issues and (ii) all reports, environmental assessments or other studies or evaluations done with respect to such issues.

6. All WRITINGS (including without limitation emails, notes, memoranda, and meeting minutes) which constitute or memorialize any communication at any time among the members of the DEBTOR or from the managing member of the DEBTOR to any of its members regarding any of the following subjects:

   a. Foreclosure of the deed of trust by which members of the DEBTOR took title to the property at 272 E. Santa Clara Street, San Jose, Ca.;

   b. Conveyance to the DEBTOR of the property at 272 E. Santa Clara Street, San Jose, Ca.;

   c. Any of the personal property assets listed by the DEBTOR in its schedules in this case;

   d. BPB;

   e. Payments made by the DEBTOR to Andrew Lewis in the one year preceding the filing of this bankruptcy case;

   f. Discovery, investigation or remediation of soil or groundwater contamination at 272 E. Santa Clara Street, San Jose, Ca.;

   g. The value of the Debtor's property at 272 E. Santa Clara Street, San Jose, Ca.; or

   h. The filing of the DEBTOR's Bankruptcy Case.

7. All WRITINGS (including without limitation, letters, offering circulars or memoranda, emails and notes of meetings or conversations) which constitute, refer to or pertain

to any of the following:

    a.    The opportunity to invest in the JUNIOR LOAN;

    b.    The making of the JUNIOR LOAN;

    b.    The due diligence and underwriting conducted by the lenders or their representatives in the making of the JUNIOR LOAN;

    c.    Communications at any time between BPB and any of the JUNIOR LOAN lenders or their representatives regarding (i) the JUNIOR LOAN, (ii) Kimomex Santa Clara, LLC, or (iii) the property at 272 E. Santa Clara Street, San Jose, California;

    d.    The discovery by the JUNIOR LOAN lenders or their representatives (including without limitation, Investment Grade Loans, Inc. and Andrew Lewis) of actual or possible soil or groundwater contamination or other environmental or contamination issues on the property at 272 E. Santa Clara Street, San Jose, Ca.; or

    e.    Communications at any time between any of the JUNIOR LOAN lenders or their representatives (including without limitation, Investment Grade Loans, Inc. and Andrew Lewis) and any representative of Kimomex Santa Clara, LLC regarding (i) the making of the JUNIOR LOAN, (ii) the default or foreclosure under the JUNIOR LOAN, or (iii) actual or possible soil or groundwater contamination or other environmental or contamination issues on the property at 272 E. Santa Clara Street, San Jose, Ca.

8.    All WRITINGS that relate to or substantiate the value of the property at 272 E. Santa Clara Street, San Jose, Ca., including appraisals, offers to purchase, marketing or listing materials and brochures, purchase agreements, and communications with actual or prospective purchasers regarding sale of said property or reasons why sale under any purchase agreement was not closed.

114\1025127.1     - 9 -     EX PARTE APPLICATION FOR BR 2004 ORDER OF EXAMINATION (TOGNOLI)     CASE NO. 13-53491

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

Case: 13-53491    Doc# 35    Filed: 07/25/13    Entered: 07/25/13 10:52:58    Page 9 of 9