Stephen J. Kottmeier (State Bar No. 077060)
sjk@hopkinscarley.com
Jay M. Ross (State Bar No. 151759)
jross@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Secured Creditor BOSTON PRIVATE BANK & TRUST COMPANY, formerly known as and successor to Borel Private Bank & Trust Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>272 E. Santa Clara Grocery, LLC,<br><br>Debtor. | CASE NO. 13-53491<br><br>CHAPTER 11<br><br>**EX PARTE APPLICATION FOR ORDER OF EXAMINATION OF PERSON MOST KNOWLEDGABLE OF ERAS ENVIRONMENTAL, INC. AND FOR PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004** |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY**

**COURT JUDGE AND PARTIES IN INTEREST:**

Secured Creditor Boston Private Bank & Trust Company ("BPB"), formerly known as and successor to Borel Private Bank & Trust Company, submits its Ex Parte Application for Order Requiring Appearance of the person most knowledgeable at ERAS Environmental, Inc. ("ERAS") for Examination and Production of Documents, pursuant to Federal Rule of

Bankruptcy Procedure 2004. The Application is supported by the Declaration of Stephen J. Kottmeier ("Counsel Decl.") filed in this matter as Docket No. 31 (#2) and the records of this bankruptcy case. The Application is based on the following facts:

## FACTUAL BACKGROUND

1. This Chapter 11 case was commenced on June 27, 2013 (the "Petition Date") by debtor and debtor in possession 272 E. Santa Clara Grocery, LLC ("Debtor").

2. Based upon the schedules and statement of affairs in this matter and publicly available records, BPB is informed and believes that prior to the Petition Date, the Debtor retained ERAS Environmental Inc. to conduct environmental investigation, to deal with County or State environmental agencies and to prepare studies or reports with respect to that certain real property located at 272 E. Santa Clara Street, San Jose, California (the "Property").

3. The Debtor's principal asset in this case is the Property. BPB holds the senior lien on the Property securing a loan with an outstanding principal balance of $3,341,017.20. (Counsel Decl. Exh. 1 ("Scheiber Declaration"), at ¶7.)

4. The Debtor is not BPB's borrower. BPB's borrower is instead an unrelated entity, Kimomex Santa Clara, LLC ("Kimomex"). BPB made a secured loan to Kimomex in 2008 in the original principal amount of $3,600,000.00. At the time, Kimomex owned the Property. To secure the loan, Kimomex executed and delivered a Deed of Trust and an Assignment of Rents in favor of BPB, both of which were recorded against the Property on July 18, 2008. (Counsel Decl., Exh. 1 at ¶4, and Exhs. B and C thereto.)

5. On or about May 14, 2009, unbeknownst to BPB, Kimomex apparently borrowed a sum from a group of individuals and secured its obligation to said parties through a deed of trust dated on said date and recorded on May 21, 2009. (*Id.*, Exh. 1 at ¶ 6, and Exh. D, thereto.) The trustee under the junior deed of trust was Investment Grade Loans, Inc. ("IGLI"). BPB is informed and believes that IGLI is a "hard money lender" who arranged for the junior loan and that IGLI is owned and operated by Andrew Lewis, the Debtor's managing member.

6. The junior deed of trust is subordinate to BPB's Deed of Trust and to its Assignment of Rents, both of which were recorded and became encumbrances against

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

728\1028344.2

EX PARTE APPLICATION FOR BR 2004 ORDER OF EXAMINATION - ERAS ENVIRONMENTAL, INC.  CASE NO. 13-53491

Kimomex's title before Kimomex granted the junior deed of trust. Later, IGLI, the trustee under the junior deed of trust, caused that deed of trust to be foreclosed through its power of sale. (Id.) The Property was then sold to the beneficiaries at the foreclosure sale. (*Id*., Exh. E) The Trustee's Deed, dated October 27, 2011, was recorded on April 20, 2012. (*Id*.) The beneficiaries thereafter conveyed all of their right, title and interest in the Property to Debtor by Grant Deed recorded on April 20, 2012. (*Id.,* Exh. F) Debtor is therefore the successor to the beneficiaries of the junior deed of trust and, through them, Kimomex.

7. The borrower Kimomex defaulted on its loan from BPB by its failure to pay monthly payments and by failure to pay property taxes. In addition, BPB's Deed of Trust expressly provides that any transfer of the Property (by lien or sale) without BPB's consent violates the "Due On Sale" covenant in the Deed of Trust entitling BPB to accelerate the Loan. (Counsel Decl., Exh. 1, at 7 and Exh. B thereto, p.2.) BPB did not consent to any of the transfers of the Property through the junior deed of trust, the foreclosure sale of the property by the beneficiaries to themselves or the deeding of the Property to the Debtor. The "due on sale" defaults can be cured only by payment in full. Bernhardt, *California Mortgages, Deeds of Trust, and Foreclosure Litigation*, §8.20.b (4th ed. 2013).

8. The Debtor and its predecessors assert that the Property has an environmental issue that requires remediation and a related governmental restriction that must be resolved before the Property can be marketed for sale. The Debtor appears to have no liquid assets available to address these matters. Aside from a few hundred dollars in a bank account, the Debtor's only other listed personal property assets are several unliquidated claims against third parties about which it gives very little information and for which it provides no values. [Dkt. 1, pp. 8-9] The Debtor has asserted that it lacks sufficient funds to pay the environmental consultants to complete the environmental report or study commenced prior to the Petition Date.

9. The Debtor's Statement of Financial Affairs and Schedules disclose little information about any environmental issues related to the Property. Some information is available on the County of Santa Clara Department of Environmental Health website at http://www.sccgov.org/sites/deh/HMCD/HazMat/HMDocs/Pages/Documents.aspx by navigating

to the "View Local Oversight Program Public Record Document Search" link and typing in the street number "272." However, that information now is several months to several years old. No more recent information has been supplied by the Debtor.

**REQUEST FOR EXAMINATION AND PRODUCTION OF DOCUMENTS
UNDER BANKRUPTCY RULE 2004**

10. According to its website, ERAS is an environmental consulting company that specializes in Phase 1 and Phase 2 Environmental Site Assessments for due diligence. (See www.eras.biz) Other main services include the project design and implementation of complex subsurface hydrogeological assessments, and monitoring, extraction and remediation well installation. *Id.* ERAS claims that it has a reputation for responsive, high quality but cost effective Phase 1 and 2 projects based upon close compliance with appropriate environmental regulations. *Id.*

11. Based on its representations of its work capabilities and the Debtor's claims about it, BPB is informed and believes that ERAS has relevant information that will materially aid in the investigation of the Debtor's acts, conduct, property, assets, liabilities, and which will impact the administration of this bankruptcy case.

12. Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 2004(a), "on motion of any party in interest, the court may order the examination of any entity." The scope of an examination under FRBP is very broad:

> The examination of …. the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan. …. (FRBP 2004(b))

13. BPB seeks to obtain documents from and testimony of the person most knowledgeable at ERAS about any investigation of the Property, any reports prepared by ERAS

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

with respect to environmental issues in connection with the Property, and communications ERAS has had with the Debtor, its predecessors or the County or State regarding the Property or matters related to this case. This information directly relates to the value of the Debtor's Property, the liabilities of the Debtor, the Debtor's administration of the case and will assist in determining whether any reorganization plan proposed by the Debtor may be viable.

14. BPB therefore needs to examine ERAS on the topic and all relevant records and documents about such matters, as more specifically set forth in **Exhibit "A"**, attached hereto.

15. The documents to be produced relate to the property of the bankruptcy estate and may affect the administration of the estate and therefore fall under the proper scope of production of documentary evidence as delineated under Rule 2004(b) of the Federal Rules of Bankruptcy Procedure.

16. On this basis, BPB requests that this Court order ERAS to appear for examination and produce documents as indicated below.

17. BPB is concurrently herewith serving this Application (by ECF filing and service) upon counsel for the Debtor and the Office of the United States Trustee and by overnight delivery upon ERAS. In view of the routine nature of the relief requested, BPB submits that no additional notice of the Application is necessary, and that a hearing thereon should not be required or if required, be held concurrently with the hearing on BPB's other pending Rule 2004 examinations.

**RELIEF REQUESTED**

WHEREFORE, BPB respectfully requests that this Court enter an order as follows:

1. Ordering ERAS' most knowledgeable person to appear at the office of Hopkins & Carley, a law corporation, 70 South First Street, San Jose, California, 95113 on September 6, 2013, at 9:30 a.m., to be examined under oath by counsel for BPB before a certified court reporter in accordance with Bankruptcy Rule 2004 on the topics described in **Exhibit "A"** attached hereto and incorporated herein by reference. Such examination shall be taken from day to day until completed.

2. Ordering ERAS to produce the documents described in **Exhibit "A"** attached hereto and incorporated herein by reference, for inspection and copying by counsel for BPB at the

1  offices of Hopkins & Carley, a Law Corporation, 70 South First Street, San Jose, California,
2  95113 on or before September 6, 2013, at 9:30 a.m.

4  Dated: August 12, 2013

HOPKINS & CARLEY
A Law Corporation

By: /s/ Stephen J. Kottmeier
Stephen J. Kottmeier
Attorneys for Secured Creditor BOSTON
PRIVATE BANK & TRUST COMPANY,
formerly known as and successor to Borel
Private Bank & Trust Company

# EXHIBIT A

## I. TOPICS ON WHICH A MOST KNOWLEDGABLE CORPORATE REPRESENTATIVE IS TO APPEAR AND TESTIFY:

1. The services or work undertaken by ERAS Environmental, Inc. regarding any actual or possible soil or groundwater contamination or other environmental or contamination issues on the property at 272 E. Santa Clara Street, San Jose, Ca., including without limitation (i) all testing, reports, environmental assessments or other studies or evaluations done with respect to such issues, whether completed or in draft form and (ii) all communications with the DEBTOR, Andrew Lewis, Investment Grade Loans, Inc., the County of Santa Clara, the State of California or any other person or entity regarding such matters.

2. All communications (written or oral) between any representative of ERAS Environmental, Inc. and any representative of the Debtor 272 E. Santa Clara Grocery, LLC since the filing of this Bankruptcy Case on or about June 27, 2013 regarding this Case or matters related to it.

3. ERAS' contractual relationship with the Debtor 272 E. Santa Clara Grocery, LLC or its affiliates, the scope of work for which it has been engaged for the property at 272 E. Santa Clara Street, San Jose, and amounts paid to it or owed to it for such work.

## II. DOCUMENTS TO BE PRODUCED:

Definitions applicable to requests:

1. The term "WRITINGS" has the meaning set forth in California Evidence Code section 250 (quoted in the following paragraph) and includes all electronic records as well as hard copy documents:

> "'Writing' means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record

thereby created, regardless of the manner in which the record has been stored."

2. "DEBTOR" means 272 E. Santa Clara Grocery, LLC, debtor in possession in Bankruptcy Case No. 13-53491, Northern District of California.

4. "BANKRUPTCY CASE" means Bankruptcy Case No. 13-53491 filed in the Bankruptcy Court of the Northern District of California, San Jose Division.

<u>Writings To Be Produced</u>:

1. All WRITINGS which in any way relate to any actual or possible soil or groundwater contamination or other environmental or contamination issues on the property at 272 E. Santa Clara Street, San Jose, Ca., including without limitation (i) all communications with the DEBTOR, Andrew Lewis, Investment Grade Loans, Inc., the County of Santa Clara, the State of California or any other person or entity regarding such issues and (ii) all reports, environmental assessments or other studies or evaluations done with respect to such issues, whether completed or in draft form.

2. All WRITINGS which constitute or record any communications (written or oral) between any representative of ERAS Environmental, Inc. and any representative of the Debtor 272 E. Santa Clara Grocery, LLC since the filing of this Bankruptcy Case on or about June 27, 2013.

3. All WRITINGS which constitute or evidence ERAS' contractual relationship with the Debtor 272 E. Santa Clara Grocery, LLC or its affiliates, the scope of work for which it has been engaged for the property at 272 E. Santa Clara Street, San Jose, and amounts paid to it or owed to it for such work.