CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555
Facsimile: (408) 295-6606

ATTORNEYS FOR Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>272 E SANTA CLARA GROCERY, LLC,<br><br>           Debtor. | Case No. 13-53491<br><br>CHAPTER 11<br><br>**RESPONSE TO OBJECTION TO APPLICATION FOR ORDER APPOINTING SPECIAL COUNSEL FOR DEBTOR**<br><br>Date: **August 21, 2013**<br>Time: **2:00 p.m.**<br>Place: **United States Bankruptcy Court**<br>      **280 South First St., Rm 3099**<br>      **San Jose, CA**<br>**Judge: Hon. Stephen Johnson** |

    COMES NOW, Debtor 272 E Santa Clara Grocery, LLC ("Debtor") and submits the following reply to Boston Private Bank & Trust Company's ("BPB" and/or the "Bank") objection ("Objection") to Debtor's application ("Application") to employ the Rossi, Hamerslough, Reischl & Chuck firm (the "Rossi Firm") as special counsel to the Debtor as follows:

**I.   BPB's Objection to the Application is Limited And Should Be Overruled As Debtor Has Selected Qualified Counsel To Represent Its Interest In The State Court Action.**

    Debtor's selection of the Rossi Firm should be respected as the Rossi Firm is well qualified to represent the Debtor in the underlying State Court Action. The Rossi Firm has

been a trusted, respected San Jose based law firm since the 1960s and has built and maintained a solid reputation for excellence and effectiveness. Some examples of its recent recognitions include: San Jose Magazine's list of *Top Attorneys* in Silicon Valley repeatedly recognizes the law firm's team of attorneys; several of the firm's lawyers have been named *Super Lawyers* by San Francisco Magazine, a designation reserved for the top 5% of Bar Association members; attorneys frequently serve as mediators, arbitrators and expert witnesses in commercial and residential real estate disputes; the attorneys also serve as lecturers and authors on real property issues for the Bar Association's Continuing Education program, conduct regular seminars and lectures for real estate agents and brokers and teach real property and contracts classes at local law schools and colleges; and attorneys are active with local governmental agencies including serving as a hearing officer on the Tax Assessor's Appeals Board and a commissioner of the City of San Jose, Housing & Community Development Commission, and a Member of the City of San Jose, Sunshine Reform Task Force.

The Objection contends the Application suffers from deficiencies, namely that Debtor's schedules list the Rossi Firm as a non-insider unsecured creditor and the application should not be approved unless and until full and complete disclosure is made with respect to Rossi Firm's unsecured claim, its relation to the matter of employment, and proof that it has no relationship to the matters for which the Rossi Firm is now to be engaged; that the Application does not disclose Debtor's agreement with the Rossi Firm because the fee agreement attached to the Application is signed by Andrew Lewis ("Mr. Lewis"), Debtor's manager, and Debtor is not specifically identified as the client. Debtor submits that the Objection must be overruled.

**II.    Debtor's Special Counsel Application Satisfies Bankruptcy Rule 2014.**

Bankruptcy Rule 2014(a) requires that an application for employment of counsel "state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any

proposed arrangement for compensation, and, to the best of the applicant's knowledge, all the person's connections with the debtor, creditors, [and] any other party in interest…."

The Application to employ special counsel has done just that and described why special counsel is necessary, the names of the firm to be employed, the reasons for the selection, the scope of services to be rendered, the proposed terms for compensation, and the connections between the Debtor, creditors, and other parties of interest. As stated in the Application, the Rossi Firm prepared, filed, and was to prosecute the State Court Action, knows the underlying facts, has information relative to the defendants and collection from the defendants, has analyzed the strengths and weakness of the parties respective claims and defenses, and set forth the terms of their arrangements with Debtor pursuant to a written fee agreement.

Rossi, Hamerslough, Resichl & Chuck ("RHRC") was and is listed as a general unsecured creditor. Debtor listed RHRC as an unsecured creditor relative its representation of the Debtor in two matters, the 272 E Santa Clara Grocery, LLC v. Kimball W. Small, et al, Santa Clara County Superior Case No.: 1-13-CV-244710 ("State Court Action") and an action by BPB to appoint a receiver entitled Boston Private Bank & Trust Company v. Kimomex Santa Clara, LLC, Et Al, Santa Clara County Superior Case No.: 113cv247691. Debtor understands that as of the petition date RHRC was not owed any monies for its representation of the Debtor in the State Court Action and pre-petition payments to RHRC were subject to the terms of the Attorney-Client Fee Contract, Exhibit B to the Application, in terms of the $25,000 attorney fee provision. Debtor understands that as of the petition date RHRC was owed approximately $5,914.21 for representing the Debtor in the other matter (stayed by this bankruptcy). Debtor is seeking to confirm this information and will amend its schedules accordingly.

The Attorney-Client Fee Contract, Exhibit B to the Application, governs Debtor's relationship with RHRC relative to the State Court Action. In fact, Debtor's Schedule G-Executory Contracts and Leases (Doc#1) identifies the contractual relationship between the Debtor and RHRC relative to the State Court Action. Debtor recognizes that the Attorney-

Client Fee Contract does not specifically use Debtor's name, but notes that the State Court Action, specifically paragraph 24 of the complaint, Exhibit A to the Application, alleges that "On or about March 29, 2013, the Assignors assigned all of their right, title, and interest to their causes of action against the Guarantors under the Guarantees to Plaintiff 272 E Santa Clara Grocery LLC as Assignee" thereby rendering Debtor as the only party with standing to file and prosecute the State Court Action. Special Counsel was not involved in the described in paragraph 24 of the complaint in the State Court Action.

Debtor needs to have Special Counsel appointed in order to prosecute the matter without further delay. The State Court Action has not been served and is set for an Initial Case Management Conference on August 13, 2013. Pursuing the Defendants in the State Court Action before other creditors assert claims or the disappearance or diminishment of assets is important to Debtor's recovery..Debtor submits that the Attorney-Client Fee Contract, Exhibit B to the Application, governs Debtor's relationship with the Rossi Firm relative to the State Court Action. In fact, Debtor's Schedule G-Executory Contracts and Leases (Doc#1) identifies the contractual relationship between the Debtor and the Rossi Firm relative to the State Court Action. Debtor recognizes that the Attorney-Client Fee Contract does not specifically use Debtor's name, but notes that the State Court Action, specifically paragraph 24 of the complaint, Exhibit A to the Application, specifically alleges that "On or about March 29, 2013, the Assignors assigned all of their right, title, and interest to their causes of action against the Guarantors under the Guarantees to Plaintiff 272 E Santa Clara Grocery LLC as Assignee" thereby rendering Debtor as the only party with standing to file and prosecute the State Court Action. Debtor's counsel has confirmed with both the Debtor and Special Counsel that Special Counsel did not serve as Debtor's counsel relative to the assignment of the underlying causes of action from the investors to the Debtor as set forth in paragraph 24 of the complaint in the State Court Action.

### III. Conclusion.

Therefore, Debtor submits that the Application to employ the Rossi Firm as Special Counsel to represent Debtor in the State Court Action should be approved forthwith.

| | | |
|---|---|---|
| Dated: August 9, 2013 | | CAMPEAU GOODSELL SMITH<br>By: /s/: William J. Healy<br>William J. Healy<br>Attorneys for the Debtor |