1   Stephen J. Kottmeier (State Bar No. 077060)
    sjk@hopkinscarley.com
2   Jay M. Ross (State Bar No. 151750)
    jross@hopkinscarley.com
3   HOPKINS & CARLEY
    A Law Corporation
4   The Letitia Building
    70 S First Street
5   San Jose, CA  95113-2406

6   *mailing address:*
    P.O. Box 1469
7   San Jose, CA 95109-1469
    Telephone:     (408) 286-9800
8   Facsimile:      (408) 998-4790

9   Attorneys for Secured Creditor
    BOSTON PRIVATE BANK & TRUST COMPANY

10

11                  UNITED STATES BANKRUPTCY COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14

| 15 | In re: | CASE NO.  13-53491 |
|---|---|---|
| 16 | 272 E. Santa Clara Grocery, LLC, | RS No.<br>CHAPTER NO.  11 |
| 17 | Debtor. | **SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT WITH RESPECT TO RENT** |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | Hearing<br>Date:     August 21, 2013<br>Time:     2:00 p.m.<br>Place:    280 S. First Street<br>               San Jose, CA<br>               Courtroom 3099<br>Judge:    Hon. Stephen L. Johnson |
| 22 | | |
| 23 | | |
| 24 | | |

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

547\1029295.2

SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S REPLY TO DEBTOR'S OPPOSITION TO
MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT WITH RESPECT TO RENT                CASE NO. 13-53491

Case: 13-53491    Doc# 49    Filed: 08/14/13    Entered: 08/14/13 15:02:10    Page 1 of 6

# I.

# INTRODUCTION

Debtor, 272 E. Santa Clara Grocery, LLC ("Debtor"), misses the mark with its opposition ("Opposition") to this motion. Focusing its argument on how an assignment of rents creates a security interest and the consequences (or lack thereof) of denoting such an assignment as "absolute," Debtor entirely misses (or ignores) the statutory transformation of that security interest into an absolute right to collect rents once the requisite notice is provided. Specifically, the Opposition says nothing about the mandate under California Civil Code Section 2938 that once the steps are taken to enforce an assignment of rents, the tenant is "obligated" to pay the assignee, and the assignee "shall be entitled" to receive the rents. The Opposition also does not contest Boston Private Bank & Trust Company's ("BPB") pre-petition enforcement of its rights under the Assignment of Rents at issue. It is therefore undisputed that the mandates of Civil Code Section 2938 apply to obligate the tenant at 272 East Santa Clara Street to send its rent payments to BPB. Consequently, the rents at issue are not property of the estate or subject to the Automatic Stay of Section 362, and this motion should be granted.

Most of the lengthy "Factual Background" in Debtor's Opposition is irrelevant for purposes of this motion. The effort to disparage BPB, albeit unfounded and wrong, has no bearing here. The purported facts are also unsupported by any declaration or affidavit which complies with Local Rule 9013-1.[1] The assertions should therefore be ignored. More importantly, it appears that Debtor does not dispute the relevant underlying facts set forth in BPB's moving papers. Consequently, there is no need to and BPB will not address the errors in

---

[1] In pertinent part, Local Rule 9013-1 provides:

"(d) Affidavits or Declarations.

(1) Factual contentions made in support of or in opposition to any motion, application or objection should be supported by affidavits or declarations and appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matter must be appropriately authenticated by affidavit or declaration.

(2) *Affidavits and declarations shall contain only facts, shall conform as far as possible to the requirements of Fed. R. Civ. P. 56(e), and shall avoid conclusions and argument*. Any statement made upon information or belief shall specify the basis therefor. Affidavits and declarations not in compliance with this rule may be stricken in whole or in part." (Emphasis supplied)

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

547\1029295.2

SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT WITH RESPECT TO RENT

CASE NO. 13-53491

Case: 13-53491    Doc# 49    Filed: 08/14/13    Entered: 08/14/13 15:02:10    Page 2 of 6

the Debtor's "Factual Background."

## II.

## ARGUMENT

### A. Debtor's Opposition Ignores The Express Language Of California Civil Code §2938 That Creates An Assignee's Absolute Right To Collect Rents

Debtor's Opposition asserts that this court should follow the decision of Judge Jaroslovsky in *In re Superior Acquisitions, Inc*. (Opposition, at 8:18-9:14.) But, the brief decision in *In re Superior Acquisitions*, like Debtor's Opposition, is silent with respect to key language in California Civil Code Section 2938 ("Section 2938"). There is no attempt to analyze and reconcile the express provisions of Section 2938 that dictate the effects of an assignment of rents once the assignee has exercised its statutory rights to collect rents.

Specifically, as pointed out in the moving papers, but ignored in the Opposition, Section 2938 dictates that once the assignor defaults and the assignee complies with the statutory steps to enforce its assignment rights (e.g., provides notice directing the tenant to pay rents to the assignee): "Assignee **shall be entitled** to receive all rents, issues and profits that accrue on or after that date." Section 2938(c). [Emphasis added.] Further, the tenant "**shall be obligated** to pay to the assignee all rents, issues and profits that are past due and payable[.]" Section 2938(d). [Emphasis added.] Moreover, Section 2938(d) dictates that if the tenant pays the assignor after receipt of a proper demand from the assignee, "**the tenant shall not be discharged of the obligation to pay rent to the assignee**…." [Emphasis added.] The effect of this language is that once an assignment of rents is triggered under Section 2938, a tenant's rent payments no longer belong to the assignor. Debtor does not dispute either the default or BPB's timely and proper, pre-petition exercise of its rights under Section 2938 to compel Grocery Outlet, Inc. to make its rent payments to BPB.

Although Debtor attempts to distinguish the *In re Petit* case, its effort is ineffective. Notwithstanding the Debtor's suggestion, BPB does not rely on *In re Petit* based upon a parallel fact pattern. Instead, the significance of that case is its analysis of the same issue confronting the parties and court now: what constitutes "property of the estate." *In re Petit* teaches that the

547\1029295.2 - 2 -
SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S REPLY TO DEBTOR'S OPPOSITION TO
MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT WITH RESPECT TO RENT CASE NO. 13-53491

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

Case: 13-53491 Doc# 49 Filed: 08/14/13 Entered: 08/14/13 15:02:10 Page 3 of 6

indicia of property which is **excluded** from the bankruptcy estate include property where the Debtor lacks "rights we associate with legal or equitable ownership: they could not possess the funds, use the funds, sell the funds, loan the funds, give away the funds, encumber the funds, or exclude others from using the funds." *In re Petit*, 217 F. 3d 1072, 1077 (9th Cir. 2000). The mandates of Section 2938 quoted above, and overlooked by Judge Jaroslovsky and ignored by the Debtor, mirror the analysis in *In re Petit*. Consequently, Judge Jaroslovsky's decision is not only not binding on this court, but it should not be followed. Instead, the plain language of Section 2938 should be followed, making the rent at issue outside of Debtor's estate and not subject to the Automatic Stay.

**B. Debtor Is Wrong To Suggest That Bankruptcy Code Section 541(a)(6) Is Dispositive To Determine Whether Rents Are Property Of The Estate**

Albeit with little emphasis, Debtor suggests that the court should follow *In Re Amaravanthi Limited Partnership*, 416 B.R. 618 (Bankr. S.D. Tex 2009), to conclude that 11 U.S.C. §541(a)(6) ("Section 541(a)(6)") establishes that rents are property of the estate so that consideration of Section 2938 is unnecessary. (Debtor's Opposition, at 10:15-27.) *In re Amaravanthi* is a Fifth Circuit bankruptcy court case and is not binding on this court. Counsel for BPB searched and could not locate any Ninth Circuit decision applying the *Amaravanthi* analysis. Presumably, Debtor's counsel likewise could find no such authority because none is cited in the Opposition. Even Judge Jaroslovsky's opinion in *In re Superior Acquisitions, Inc.* does not attempt such an application of Section 541(a)(6).

*In re Amaravanthi* should not be followed for several reasons. First, it flies in the face of the fundamental principal that bankruptcy law does not expand a debtor's property rights beyond those that exist under state law. *See*, *e.g., Gendreau v. Gendreau (In re Gendreau)*, 122 F.3d 815, 819 (9th Cir. 1997) (filing for bankruptcy cannot give debtor a greater interest in assets than that which he owned before bankruptcy); and, *In re Coupon Clearing Service, Inc.*, 113 F. 3d 1091, 1099 (9th Cir. 1997) (state law determines the nature and extent of a debtor's interest in property, and the estate can have no greater rights than those held by the debtor prior to bankruptcy).

Second, the analysis in *In re Amaravanthi* contradicts the equally elementary principal

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

547\1029295.2
- 3 -
SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT WITH RESPECT TO RENT     CASE NO. 13-53491

Case: 13-53491    Doc# 49    Filed: 08/14/13    Entered: 08/14/13 15:02:10    Page 4 of 6

that the plain meaning of legislation should be followed, unless doing so would contradict the intentions of its drafters. *United States v. Ron Pair Enters.*, 489 U.S. 235 (1989). The drafters' intention controls. *Id. at* 242. With respect to Bankruptcy Code Section 541, the reports of both the House of Representatives and Senate reveal that Congress intended not to expand a debtor's rights beyond those that exist at state law. *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984) (quoting House Report. H.R. Rep. No. 595, 95th Cong., 1st Sess., *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787); *In re Vote*, 276 F.3d 1024, 1026 (8th Cir. 2002) (quoting Senate Report, S. Rep. No. 95-989, at 82 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868).

Third, contrary to the assertion in *In re Amaravanthi,* the language of Section 541(a)(6) shows that Congress did not intend for it to preempt state law property rights. When Congress intends to preempt state nonbankruptcy law, it uses the phrase "notwithstanding any other applicable nonbankruptcy law" or similar language, which appears in other Bankruptcy Code provisions, such as Sections 1123(a), 541(c)(1), 728(b) and 363(l). *Integrated Solutions Inc. v. Service Support Specialties Inc.*, 124 F.3d 487, 493 (3d Cir. 1997). No such language appears in the text of Section 541(a)(6). Section 541(c)(1), for example, includes the phrases "becomes property of the estate ... notwithstanding any provision ... in ... applicable nonbankruptcy law." The distinction between this language in Section 541(c)(1) and the language of Section 541(a)(6), which omits any similar language, shows that Congress chose not to preempt state law pertaining to pre-petition assignments of rent.

Accordingly, it would be improper to follow *In re Amaravanthi*. Considering specifically California Civil Code Section 2938 and its provisions described above, applying the analysis of *In re Amaravanthi* would violate fundamental bankruptcy principals and would contradict Congress' express intent not to preempt state law in this arena.

As part of its assertions, the Debtor wrongly and disparagingly characterizes BPB's receipt of rent payments to have been an "interception." (Debtor's Opposition, at 11:9-12.) Debtor's tenant properly paid to BPB, and BPB passively received the post-petition rent payment following and as a result of BPB's pre-petition compliance with California law. It is holding the rent payment and filed this motion promptly after receipt of the rent to obtain confirmation that

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

547\1029295.2
- 4 -
SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT WITH RESPECT TO RENT
CASE NO. 13-53491

the post-petition receipt of rents does not violate the Automatic Stay. For the reasons set forth above, the rents are not property of the estate and are outside the scope of the automatic stay. This motion should therefore be granted.[2]

### III.

### CONCLUSION

It is undisputed that, pursuant to and in compliance with California law, BPB triggered both its absolute entitlement to the rent as well as the Tenant's unqualified obligation to pay the rent to BPB before this case was filed. As a result, and as a matter of law, the Debtor lost its right to possession, control and authority over the rent. Debtor's Opposition is silent on that provision and consequence of California law. The effect of it, however, is that the Tenant's rent payments are not property of the Debtor's estate and the automatic stay does not apply to them. BPB, therefore, is entitled to retain the July rent it received and all subsequent rents from the Tenant. This motion should be granted accordingly.

Dated: August 14, 2013

HOPKINS & CARLEY
A Law Corporation

By: /s/ Stephen J. Kottmeier
Stephen J. Kottmeier
Jay M. Ross
Attorneys for Secured Creditor
BOSTON PRIVATE BANK & TRUST COMPANY

---

[2] Debtor's Opposition also includes what it characterizes to be a "cross-motion" to request permission to use cash collateral. BPB is not aware of any procedural rule that authorizes the inclusion of such a "cross-motion" as part of opposition to this motion. Debtor's cross-motion should be rejected on this basis alone. Nonetheless, concurrently herewith BPB files a separate opposition to that motion.

547\1029295.2 - 5 -
SECURED CREDITOR BOSTON PRIVATE BANK & TRUST COMPANY'S REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR ORDER CONFIRMING NO STAY IS IN EFFECT WITH RESPECT TO RENT  CASE NO. 13-53491

Case: 13-53491    Doc# 49    Filed: 08/14/13    Entered: 08/14/13 15:02:10    Page 6 of 6