# EXHIBIT A
# Part 1

Case: 13-53491    Doc# 52-1    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 2 of 35

1    **RICHARD B. GULLEN** (SBN 144513)
     **JILL E. FOX** (SBN 243945)

2    **ROSSI, HAMERSLOUGH, REISCHL & CHUCK**
     1960 The Alameda, Suite 200

3    San Jose, CA 95126-1493
     Tel: (408) 261-4252

4    Fax: (408) 261-4292

5    Attorneys for Defendant 272 E. Santa Clara Grocery, LLC, a California limited liability
     company

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SANTA CLARA

10

11    BOSTON PRIVATE BANK & TRUST        Case No.:    113CV247691
     COMPANY, a Massachusetts banking       *Signature Via Facsimile*

12    corporation and successor in interest to Borel    **DECLARATION OF ANDREW A.**
     Private Bank & Trust Company,          **LEWIS IN OPPOSITION TO**

13                           **PLAINTIFF'S MOTION FOR ORDER**
           Plaintiff,                **APPOINTING RECEIVER AND**

14                           **ISSUING A PRELIMINARY**
          v.                    **INJUNCTION**

15

16    KIMOMEX SANTA CLARA, LLC, a
     California limited liability company; 272 E.    Date:     June 27, 2013

17    SANTA CLARA GROCERY, LLC, a        Time:     3:00 p.m.
     California limited liability company; and     Dept.:    5

18    DOES 1 through 50, inclusive,          Judge:   Hon. Carol W. Overton
           Defendants.           Action Filed: June 10, 2013

19                             Trial Date:    Not set.

20         I, ANDREW A. LEWIS, declare as follows:

21          1.      I am the trustee of the Andrew Alan Lewis Revocable Trust Agreement dated

22    January 5, 1984 (the "Lewis Trust"), which is the managing member of Defendant 272 E.

23    SANTA CLARA GROCERY, LLC ("272 LLC"). I am also the president of Investment Grade

24    Loans, Inc. ("IGL"). I have personal knowledge of the facts stated below and if called as a

25    witness could competently testify to them.

26    **A.     MAY 2009 LOAN TO KIMOMEX**

27          2.      In May 2009, the Lewis Trust and other investors (collectively the "Investors")

28    loaned $635,000 to Kimomex Santa Clara, LLC ("Kimomex") secured by a deed of trust in

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

DECLARATION                                                          1

second position ("Second DOT") to Investment Grade Loans, Inc. ("IGL") as trustee against the subject property at 272 E. Santa Clara Street, San Jose, California (the "Property").

3.      The Second DOT was subject to an existing first deed of trust in the amount of $3.6 million dollars recorded in July 2008 in favor of Plaintiff, formerly known as Borel Private Bank & Trust Company (the "First DOT").

4.      The Property consisted of 1.4 acres improved with a commercial building of approximately 26,575 square feet originally built in 1966 which was occupied by a tenant Kimomex Markets, Inc. who operated a Mexican grocery store business.

**B.      DEFAULTS AND JULY 2011 FORECLOSURE AGREEMENT**

5.      The Mexican grocery store business failed, and Kimomex entered into protracted negotiations with a potential new grocery store tenant, *i.e.* Fresh & Easy but that deal was never consummated.

6.      With no tenant paying rent, Kimomex defaulted and in March 2011 Plaintiff recorded a notice of default under the First DOT, and eventually set a trustee's sale for July 20, 2011.

7.      Prior to the sale date, on July 15, 2011 Plaintiff and IGL (Defendant 272 LLC's predecessor) entered into an "Agreement Re Foreclosure Sale" a copy of which is attached hereto as **Exhibit "A"** (the "Foreclosure Agreement"). Under the Foreclosure Agreement Plaintiff agreed that if IGL immediately paid $380,661.90 to cure the arrearages Plaintiff would postpone the trustee's sale to after August 17, 2011, and that if IGL made "the regular monthly payment of $24,307.45 due under the Loan", then Plaintiff would continuously postpone the trustee's sale through March 16, 2012.

**C.      OCTOBER 2011 FORECLOSURE BY IGL AND THE INVESTORS UNDER THE SECOND DOT**

8.      In June 2011 IGL recorded a notice of default under the Second DOT. The foreclosure took place on October 24, 2011. At the time of the sale, the unpaid balance was $1,183,908.74. At the sale, the Investors bid $100,000, which was the highest bid, and became the owners of the Property, leaving a deficiency balance due on the second loan of

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

DECLARATION

2

$1,083,908.74. A copy of the Trustee's Deed is attached as **Exhibit "B"**. At the time of the foreclosure, the building was empty. There was no tenant and no rental income.

9. Between October 2011 and March 2012, the Investors marketed the Property for lease to potential tenants, found a tenant in March 2012, and eventually paid $242,000 in leasing commissions. At the same time, the Investors, through IGL, were paying Plaintiff $24,307.45 per month.

**D.    FIRST AND SECOND AMENDMENTS TO FORECLOSURE AGREEMENT**

10. In November 2011 and January 2012, IGL and Plaintiff entered into a "First Amendment" and a "Second Amendment to Agreement Re Foreclosure Sale" (the "Second Amendment"). Under the Second Amendment, a copy of which is attached hereto as **Exhibit "C"**, the parties agreed that if IGL made "the regular monthly payments" for December 2011 through March 2012 of $24,307.45 then Plaintiff would postpone the foreclosure sale, and if the Investors wanted to pay off the First DOT, Plaintiff would accept $3.25 million dollars, less the payments made for those months, in full satisfaction of the First DOT. The Investors were hoping to have the Property leased and sold by March 2012 in order to pay off the First DOT.

**E.    MARCH 2012:  NEW TENANT AND THE THIRD AMENDMENT**

11. In March 2012, the Investors formed 272 LLC and deeded their respective ownership interests in the Property to the entity, which deed was recorded in April 2012, a copy of which is attached as **Exhibit "D."**

12. On or about March 8, 2012, 272 LLC as landlord entered into a 10-year lease for the Property with Grocery Outlet, Inc., a national grocery store chain. A summary of the lease is attached as **Exhibit "E"**. During the first year the tenant pays rent of $39,600 per month. The monthly rent is net of all expenses, including property taxes, insurance, and maintenance (except the roof and structure), which are all paid by the tenant.

13. In March 2012, Plaintiff, IGL, and 272 LLC entered into a "Third Amendment to Agreement Re Foreclosure Sale", a copy of which is attached hereto as **Exhibit "F"** (the "Third Amendment"). Under the Third Amendment, the parties agreed that if IGL continued to pay

Ross, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

DECLARATION                                                                                     3

Plaintiff "the regular monthly payment of $24,307.45 due under the Loan" then Plaintiff would postpone the trustee's sale through December 31, 2012. The parties further agreed that Plaintiff and 272 LLC would enter into a Subordination, Non-Disturbance and Attornment Agreement ("SNDA") under which Plaintiff would not disturb the tenant's possession in the event Plaintiff foreclosed, which SNDA was signed on July 26, 2012, a copy of which is attached hereto as **Exhibit "G."**

14.    In reliance upon the multiple agreements with Plaintiff, IGL and the Investors continued to pay Plaintiff $24,307.45 per month through and including March 2013. Thus, from July 2011 through March 2013, 272 LLC and its principals paid Plaintiff $380,661.90 to cure the arrearages, plus approximately $413,219 in monthly payments for a total of $793,880.90. This is in addition to the approximate $242,000 for leasing commissions spent to find a tenant. Thus, a total of approximately $1,033,880 has been spent in reliance upon the agreements with Plaintiff.

**F.    DECEMBER 2012: DISCOVERY OF CONTAMINATION AND THE FRAUD PERPETRATED BY PLAINTIFF**

15.    In November, 2012, 272 LLC found a buyer and entered into a contract for the sale of the Property for $7.3 million dollars. The escrow was scheduled to close in December 2012. This sale would have paid off Plaintiff's lien. However, during their due diligence, the buyer discovered that the Property was listed with the State and/or County as undergoing clean-up or investigation due to a possible leak from an old underground storage tank. Specifically, while conducting a Phase I, Environmental Investigation, the buyer discovered the existence of prior reports filed showing that the Property was contaminated. As a result of the discovery, the buyer cancelled the sale.

16.    This discovery by the buyer was the first notice that the Investors, IGL or 272 LLC ever had of any contamination on the Property. However, I am informed that Plaintiff was aware of the contamination since 2008, had a copy of a report showing purported contamination, and never disclosed the report or the purported contamination to IGL, the Investors, or 272 LLC. Had Plaintiff disclosed the contamination, 272 LLC and its predecessors would not have paid

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

DECLARATION                                                                                                  4

Plaintiff $793,880 to cure the default and make payments under the First DOT, or invested another $242,000 in leasing commissions to find a tenant.

## G. MAY 2013: PROPOSED FOURTH AMENDMENT AND AGREEMENT TO SUSPEND PAYMENTS

17.     As stated above, 272 LLC and its predecessors continued to make the monthly payments to Plaintiff through March 2013. Around that time, Plaintiff, IGL and 272 LLC negotiated the terms for a fourth amendment regarding the foreclosure sale. Under the terms as negotiated, Plaintiff agreed that so long as 272 LLC and IGL took certain steps to obtain a "closure and/or no further action letter" regarding the contamination from the required regulatory agency, and to the extent required, pay for any additional environmental investigation, testing, remediation and/or other work, kept Plaintiff apprised of the progress, and obtained a "closure and/or no further action letter" resolving all environmental issues no later than April 30, 2014, then no monthly payments after March 2013 would be due, and the foreclosure sale would be continued through April 30, 2014.

18.     In reliance upon the agreement that no payments were due after March 2013, 272 LLC did not make payments pending the drafting and execution of the fourth amendment. The draft fourth amendment was not received until May 2013. Consistent with the negotiations, the draft fourth amendment stated that no payments would be due after March 2013. However, contrary to prior discussions, the proposed "Fourth Amendment to Agreement Re Foreclosure Sale" a copy of which is attached hereto as **Exhibit "H"** (the "Fourth Amendment"), , required 272 LLC, IGL, and their predecessors to release Plaintiff from any claims relating to the Property including any environmental issues. In other words, Plaintiff was trying to force 272 LLC to release all of its fraud claims against Plaintiff relating to the contamination before the extent and severity of the contamination, and any expenses for remediation, were known. This was clearly unreasonable and unacceptable.

## H. MAY 2013: PLAINTIFF SERVES DEMAND ON TENANT TO PAY PLAINTIFF DIRECTLY

19.     On or about May 17, 2013 Plaintiff served a document entitled "Demand That You Pay Rent To A Party Other Than The Landlord" on the tenant, a copy of which is attached

Ross, Hunenbaugh,
Renzel & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

DECLARATION

Case: 13-53491     Doc# 52-1     Filed: 08/15/13     Entered: 08/15/13 18:17:20     Page 6 of 35

1. as Exhibit I. On May 22, the tenant confirmed by email to Alan Arndt of my office, copy
2. attached as **Exhibit J**, that the tenant will comply with the demand and pay the rent directly to
3. Plaintiff. In compliance with that notice, and without the necessity of a receiver, on June 11,
4. 2013, Plaintiff received the rent, i.e. $39,600, directly from the tenant. As stated above, the rent
5. is about $15,300 more than the monthly payment.

6.     20.    The arrearage for April through June was $72,922.35 (i.e. $24,307.45 per month
7. times three months). After applying the June rent of $39,600 paid directly by the tenant, the
8. arrearage is $33,322.35. If Plaintiff continued to receive payments directly from the tenant, the
9. balance of the arrearage would almost be completely paid in two months.

10.     21.    However, 272 LLC has tendered, and continues to tender, immediate payment of
11. the total arrearage, thereby bringing the obligation current and reinstating the loan. However,
12. thus far Plaintiff has wrongfully rejected this tender.

13.     22.    Defendant 272 LLC has also offered to stipulate to continue making the monthly
14. payments and to the appointment of a receiver which would be held and not filed until there is a
15. default in the monthly payments, and in the meantime pursue the work plan for additional
16. environmental investigation as approved by the County of June 3, 2013 in order to obtain a
17. clearance of the Property. However, thus far Plaintiff has rejected the proposed stipulation.

18.     23.    Given that the rent greatly exceeds the monthly payment and the fact that the
19. tenant has paid, and is willing to continue paying, the monthly payments directly to Plaintiff
20. from the rent, no receiver is necessary. Furthermore, it is not necessary for Plaintiff to collect the
21. excess rent because there are no expenses of the Property which are not already paid directly by
22. the tenant under the lease.

23.     I declare under penalty of perjury under the laws of the State of California that the
24. foregoing is true and correct.

25.     Executed this 21 day of June, 2013, at Los Altos, California.

27. By: _____ ANDREW A. LEWIS

DECLARATION    6

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA:

       I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1960 The Alameda, Suite 200, San Jose, CA 95126-1493. On the date set forth below I served the documents described below:

**DECLARATION OF ANDREW A. LEWIS IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER APPOINTING RECEIVER AND ISSUING A PRELIMINARY INJUNCTION**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Stephen J. Kottmeier, Esq. | Attorneys for Plaintiff BOSTON PUBLIC |
| HOPKINS & CARLEY | BANK & TRUST COMPANY, a |
| 70 South First Street | Massachusetts banking corporation and |
| P.O. Box 1469 | successor in interest to Borel Private Bank |
| San Jose, CA 95113 | & Trust Company |

☐    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

☐    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☒    *(BY ELECTRONIC TRANSMISSION) I caused such document(s) to be transmitted by electronic transmission on this date to the offices of addressee(s).  The transmission was reported as complete and without error.*

☐    (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s).  The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting facsimile machine, will be attached hereto after transmission.

☒    *(BY FEDERAL EXPRESS) I caused such envelope(s) with postage thereon fully prepaid to be placed in the Federal Express office at San Jose, California.*

☒    *(STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Executed on **June 21, 2013**, at San Jose, California.

                                   *Carmen Mendez*

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

# AGREEMENT RE FORECLOSURE SALE

THIS AGREEMENT RE FORECLOSURE SALE (the "Agreement") is effective this 15th day of July, 2011 by and between Borel Private Bank & Trust Company, a division of Boston Private Bank and Trust Company ("Borel"), successor in interest to Borel Private Bank & Trust Company, a corporation, and Investment Grade Loans, Inc. ("IGLI"). Borel and IGLI shall hereinafter sometimes be referred to as a "Party" or the "Parties."

## RECITALS

A.     Borel is the lender under a loan to Kimomex Santa Clara, LLC, a California limited liability company ("Borrower") in the original principal amount of Three Million Six Hundred Thousand Dollars ($3,600,000.00) (the "Loan"). The Loan is secured by that certain written Deed of Trust (the "Borel Deed of Trust") dated July 15, 2008, executed by Borrower and encumbering that certain real property (the "Property") commonly known as 272 E. Santa Clara Street, San Jose, CA 95113, recorded July 18, 2008, as #19928835 in the official records of Santa Clara County, California.

B.     IGLI is the trustee under a deed of trust (the "IGLI Deed of Trust") dated May 14, 2009 and recorded on May 21, 2009 as instrument no. 20261533, which deed of trust also encumbers the Property and secures a loan to Borrower. The IGLI Deed of Trust is junior in priority to the Borel Deed of Trust.

C.     Borrower defaulted under the terms of the loan documents with Borel, including but not limited to, failure to pay installments of principal and interest when due and failure to pay property taxes for the Property when due. Accordingly, Borel caused a notice of default (the "Notice of Default") to be recorded and served in accordance with California law. Thereafter, Borel caused a notice of sale (the "Notice of Sale") to be published and served in accordance with California law. The trustee under the Borel Deed of Trust has set a trustee's sale ("the Trustee's Sale) for July 20, 2011.

D.     IGLI has offered to pay in part but not full the funds required to reinstate the Loan and has requested that Borel cause the Trustee's Sale to be postponed. Borel is willing to accept less than the full amount of the reinstatement amount and postpone the Trustee's Sale but only on the terms and conditions set forth herein.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.     Payment.  Simultaneously with execution of this Agreement, IGLI shall pay to Borel in good funds the sum of $380,661.90 (the "Payment"), which sum shall be applied to payments of principal and interest now due, together with certain trustee's fees, attorneys' fees

**EXHIBIT A**

Case: 13-53491     Doc# 52-1     Filed: 08/15/13     Entered: 08/15/13 18:17:20     Page 9 of 35

and other costs owing to Borel as of the date of this Agreement, in such order and in such fashion as Borel, in its sole discretion, may designate.

2. Remaining Default. The Parties acknowledge and agree that the Payment is insufficient in amount to satisfy all obligations due and owing as of this time and that the Notice of Default and Notice of Sale remain in full force and effect.

3. Postponement of Trustee's Sale. Upon receipt of the timely Payment from IGLI, Borel shall cause the trustee to postpone the Trustee's Sale until on or after August 17, 2011.

4. Further Postponements of Trustee's Sale. Subject to Sections 5 and 6 below, if on or before the 15th day of each month commencing on August 15, 2011, IGLI pays to Borel the regular monthly payment of $24,307.45 due under the Loan, Borel shall cause the Trustee's Sale scheduled for such month to be postponed to a date at least 45 days thereafter; provided, however, that IGLI's right to make such additional payments and obtain such additional postponements shall terminate, if not terminated sooner as a result of a failure by IGLI to make any payment contemplated in this Agreement, immediately following its payment of the regular monthly payment due on February 15, 2012, and the extension of the Trustee's Sale by reason of said payment shall be to a date on or after March 16, 2012. The Parties agree that as a result of the foregoing unless all obligations due and owing under the Loan have been paid in accordance with the provisions of Civil Code sections 2924c and 2924d and related sections, including the past due property taxes owing as of the date of this Agreement, Borel may in its sole discretion cause the Trustee's Sale to be conducted at any time on or after the earlier to occur of the following: (i) the date to which the Trustee's Sale was postponed as the result of the last sequential monthly payment to be made by IGLI pursuant to the terms set forth above, or (ii) March 16, 2012.

5. Notice Regarding Nonpayment Of Monthly Payment. In the event that a payment is not made under section 4 above on or before the 15th day of a month, Borel shall not conduct its foreclosure sale unless it has given IGLI written notice and IGLI has failed to make the payment within five days of Borel giving such notice. Any notice given pursuant to this Agreement shall be in writing, shall be effective upon transmission and may be given by deposit in the United States Mail, by personal delivery or by overnight delivery, addressed to IGLI at 475 S. San Antonio Road, Los Altos, CA 94022, or to such other address as IGLI may designate by written notice to Borel. IGLI shall be responsible for keeping the Borel apprised of any changes in said address. If Borel does not receive notice that an address has changed, Borel may rely on the above-referenced address, and any notices sent to said address shall be deemed effective and received.

6. Payment of December 2011 Property Tax Installment. As a further condition to its right to have any additional postponement of the Trustee's Sale after the postponement resulting from IGLI's payment of the monthly amount due on November 15, 2011, IGLI shall pay on or before December 10, 2011, the installment of property taxes due on said date. In the event that IGLI fails to make said property tax payment, then Borel may cause the Trustee's Sale to be conducted at any time on or after the date then currently scheduled for the Trustee's Sale.

Case: 13-53491    Doc# 52-1    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 10 of 35

7.   Reservation of Borel Enforcement Rights.  The Parties acknowledge and agree that by entering into this agreement, Borel is waiving none of its rights and remedies under California law and its loan documents with respect to the defaults of the borrower. Apart from its covenant to postpone the trustee's sale as set forth expressly herein, Borel may at any time exercise any of its rights and remedies as it deems appropriate in its sole discretion, including, without limitation Borel's right to seek appointment of a receiver with respect to the property, Borel's right under the civil code to provide notice to any tenant to pay rent to Borel and Borel's right to any other type of judicial relief it may deem appropriate to protect its interests in the property or under the loan.

8.   Time of the Essence.  Time is of the essence of this Agreement.

9.   Binding on Heirs and Successors.  This Agreement shall be binding on and shall inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties hereto.

10.   Entire Agreement, Modification, Waiver.  This Agreement contains the entire agreement of the parties relating to the subject matter hereof.  Any oral representations, supplements or modifications concerning this Agreement shall be of no force or effect unless contained in a subsequent written modification signed by the party to be charged.  No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.  No waiver shall be binding unless executed in writing by the party making the waiver.

11.   Captions.  The captions and section headings used herein are for convenience and for ease of reference only and constitute no part of this Agreement or understanding between the parties hereto, and no reference shall be made thereto for the purpose of construing or interpreting any of the provisions hereof.

12.   Counterparts.  This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13.   Parties in Interest.  Nothing in this Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Agreement on any persons (including Borrower or any guarantor of a loan by either Party) other than the Parties to it and their respective successors and assigns, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third persons to any party to this Agreement, nor shall any provision give any third persons any right of subrogation or action over or against any Party to this Agreement.

[Remainder of page intentionally blank]

114\859612.4                                     3

14. <u>Invalidity</u>. In the event that any condition, covenant, promise, or other provision herein contained is held to be invalid or void by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect any other covenant, promise, condition, or other provision herein contained. If such condition, covenant, promise, or other provision shall be deemed invalid due to its scope or breadth, such provision shall be deemed valid to the extent of the scope or breadth permitted by law.

IN WITNESS WHEREOF, the parties have executed this Agreement as set forth below.

<u>BOREL</u>:
BOREL PRIVATE BANK & TRUST
COMPANY, a division of Boston Private Bank
and Trust Company

By: _____
Name: _____
Title: _____

<u>IGLI</u>:
Investment Grade Loans, Inc., a California
Corporation

By: _____
Name: *ANDREW A. LEWIS*
Title: *PRESIDENT*
475 S. San Antonio Road
Los Altos, CA 94022
email: igli@sbcglobal.net

114\859612.4                                    4

Recording Requested By:

When Recorded, Mail To:

Investment Grade Loans, Inc.
475 South San Antonio Road
Los Altos, California 94022

FC No.: 11-143

DOCUMENT: 21633290      Pages:   3



Fees..     26.00
Taxes.    9240.00
Copies.
AMT PAID   9266.00

REGINA ALCOMENDRAS      RDE # 008
SANTA CLARA COUNTY RECORDER   4/20/2012
Recorded at the request of    12:06 PM
Grantee

# TRUSTEE'S DEED

S.J CONV TAX $ _6,930.00_

The Grantees herein were the Beneficiaries
The amount of the unpaid debt was $ _1,183,908.74_
The amount bid by the Grantee was $ _100,000.00_
The property is in _Santa Clara_ County
City of San Jose, State of California
APN: _467-24-111_

_First Loan balance is $2,100,000.00_

Documentary Transfer Tax $ _8,310.00_
[   ] Computed on the full value of the
     property conveyed
[X] Computed on full value less liens and
     the _one_ encumbrance remaining at
     at the time of sale
Said sale was held on a _2nd_ Deed of Trust

_____
Signature of Declarant or Agent

INVESTMENT GRADE LOANS, as the duly appointed Trustee under a Deed of Trust referred to below
and herein called TRUSTEE, does hereby grant without any covenant or warranty, expressed or implied
to:

        Grantees shown as Exhibit A, attached hereto and made part hereof,
                                              called Grantees,
the property described on **Exhibit B** attached hereto and made part hereof.

This conveyance is made pursuant to the authority and powers vested in said Trustee, as Trustee, under
that certain Deed of Trust executed by
        Kimomex Santa Clara LLC, a California Limited Liability Company,
                                                       as Trustor,
recorded on May 21, 2009 as instrument number 20261533 in Book n/a Page n/a of Official Records in
the Office of the Recorder of Santa Clara County, California; and pursuant to the Notice of Default
recorded on June 30, 2011 as instrument number 21223029 in Book n/a at Page n/a of Official Records of
said County, Trustee having complied with all applicable statutory requirements of the State of California
and performed all duties required by said Deed of Trust.

A Notice of Trustee's Sale was published once a week for three consecutive weeks commencing on
October 3, 2011 in the *San Jose Post Record*, a legal newspaper, and at least twenty days before the date
fixed therein for sale, a copy of said Notice of Trustee's Sale was posted in a conspicuous place on the
property described herein and in one public place in the city where the sale was to be held.

At the time and placed fixed in said Notice of Trustee's Sale, said Trustee did sell said property herein
described at public auction on October 24, 2011 to said Grantee, being the highest bidder therefore, for
$100,000.00 cash, lawful money of the United Sates, in partial satisfaction of the indebtedness then
secured by said Deed of Trust.

                           Investment Grade Loans, as Trustee

DATE: _10/27/2011_

By: _Thos J. Rancatore_
        _Thomas J. Rancatore, CFO_

# EXHIBIT _B_

Case: 13-53491    Doc# 52-1    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 13
of 35

# Exhibit A

The Andrew Alan Lewis Revocable Trust Agreement dated January 5, 1984, as to an undivided 75/635 interest and Pensco Trust Company, Custodian FBO Andrew A. Lewis (Pensco Acct.# LE172), as to an undivided 75/635 interest, for a total Andrew A. Lewis investment of 150/635;

Michael Lach, a single man, as to an undivided 50/635 interest;

Phillip August Sienna, Trustee, for The Phillip August Sienna Living Trust dated November 17, 1995, as to an undivided 100/635 interest;

Liesel Ernst, an unmarried woman, as to an undivided 150/635 interest;

Allyn R. Tognoli & Tina D. Tognoli, Trustees of The Tognoli Trust dated June 4, 1991, as to an undivided 25/635 interest and Pensco Trust Company, Custodian FBO Allyn Tognoli IRA, as to an undivided 25/635 interest, for a total Tognoli Family investment of 50/635;

Linda C. Latham, an unmarried woman, as to an undivided 25/635 interest;

Ogen Perry & Dorit G. Perry, Trustees of The Perry Family Revocable Trust dated April 26, 2004, as to an undivided 110/635 interest.

---

# Exhibit B

The land referred to herein is situated in the State of California, County of Santa Clara, City of San Jose, and is described as follows:

PARCEL ONE:

LOTS 1, 4 and 5, in Block 1, Range 7, North of the Base Line of the City of San Jose, according to the Official Map of said City of San Jose of Record in the Office of the County Recorder of Santa Clara, State of California, in Book A of Maps, at Pages 72 and 73.

Trustee's Deed 11-143
Page 2

Case: 13-53491    Doc# 52-1    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 14 of 35

PARCEL TWO:

COMMENCING AT a point on the Southerly Line of Santa Clara Street Distant thereon 137.50 feet
Westerly from the intersection of said line of Santa Clara Street with the Westerly Line of Seventh Street,
said point being where the Dividing Line between Lots 1 and 2 in Block 1, Range 7, North of the Base Line
intersects said Southerly Line of Santa Clara Street, running thence Southerly along Westerly Line of Lots
1 and 4 a distance of 207.50 feet; thence at right angles Westerly 37.50 feet; thence at right angles
Northerly 207.50 feet and thence at right angles Easterly 37.50 feet to the Point of Beginning, being the
Easterly 37.50 feet of Lots 2 and 3 excepting the Southerly 67.50 feet of Lot 3 in Block 1, Range 7, North
of the Base Line in said City of San Jose.

APN: 467-24-111

---

State of California
County of Santa Clara

On October 27, 2011 before me, Marie Louise Cates, a Notary Public,
personally appeared Tom Rancatore who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by
his/her/their signature(s) on the instrument the person(s), or entity(ies) upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

Witness my hand and official seal.

_____
Signature of Notary Public



Trustee's Deed 11-143
Page 3

-END OF DOCUMENT-

## SECOND AMENDMENT TO AGREEMENT RE FORECLOSURE SALE

THIS SECOND AMENDMENT TO AGREEMENT RE FORECLOSURE SALE (the "Second Amendment") is effective this 11th day of January, 2012 by and between Borel Private Bank & Trust Company, a division of Boston Private Bank and Trust Company ("Borel"), successor in interest to Borel Private Bank & Trust Company, a corporation, and Investment Grade Loans, Inc. ("IGLI"). Borel and IGLI shall hereinafter sometimes be referred to as a "Party" or the "Parties."

### RECITALS

A.    On or about July 15, 2011, the Parties executed that certain Agreement Re Foreclosure Sale. On or about November 23, 2011, the Parties then executed that certain First Amendment to Agreement Re Foreclosure Sale ("First Amendment"), amending the terms of the Agreement Re Foreclosure Sale. The Agreement Re Foreclosure Sale as amended by the First Amendment shall hereinafter be referred to as the "Agreement." Other capitalized terms used in this Second Amendment shall have the meanings set forth in the Agreement unless otherwise defined herein.

B.    IGLI has been making monthly payments to Borel and Borel has been postponing its foreclosure sale pursuant to the Agreement. IGLI has not yet made the December 2011 payment but Borel nonetheless postponed its foreclosure sale date. IGLI has now requested that Borel credit certain monthly payments against the Cash Payment in the event that balance of the Cash Payment is timely paid under the Agreement.

C.    Borel has agreed to IGLI's request but only on the terms and conditions set forth herein.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.    <u>Amendment.</u> Except as expressly amended herein, all terms and conditions of the Agreement remain in full force and effect and are incorporated herein.

2.    <u>Condition To Effectiveness.</u> This Second Amendment shall only become effective if contemporaneously with execution of this Second Amendment, IGLI delivers to Borel the monthly payment that was due in December 2011.

3.    <u>Credit of Payments.</u> Borel agrees that if IGLI makes the payments for the months of December 2011, January 2012, February 2012 and March 2012, respectively, as provided in section 4 of the Agreement and timely tenders the full amount of the Cash Payment less the amount of said regular monthly payments (the "Reduced Cash Payment"), then Borel shall apply said monthly payments against the amount due for the Cash Payment set forth in section 2 of the

EXHIBIT C

First Amendment and accept the Reduced Cash Payment in lieu of the Cash Payment required under section 2 of the First Amendment. The foregoing is conditioned upon IGLI making the payments for each of January 2012, February 2012 and March 2012 on or before the 15th day of each month. If IGLI fails to make such payments timely, then the this provision shall be of no force and effect and the Cash Payment shall be due in full without credit for such monthly payments. IGLI may make the Reduced Cash Payment earlier than March 16, 2012, in which case, the amount of the Reduced Cash Payment shall be the amount of the Cash Payment less the total of the whichever of the December 2011, January 2012, February 2012 and March 2012 payments have been timey made as of the date of the payment of the Reduced Cash Payment. By way of example only, if IGLI has paid the December 2011 payment, timely makes the January 2012 payment and then desires to make the Reduced Cash Payment before February 15, 2012, then the Reduced Cash Payment shall equal $3,250,000.00 less the total of the December 2011 and January 2012 payments.

    4.   <u>Reservation of Borel Enforcement Rights.</u>  The Parties acknowledge and agree that by entering into this Second Amendment, Borel is waiving none of its rights and remedies under California law and its loan documents with respect to the defaults of the Borrower. Borel's Notice of Default and Notice of Sale published with respect to the Borel Deed of Trust remain in full force and effect, and Borel is entitled to conduct a trustee's sale of the Property except to the extent it has agreed to postpone such sale pursuant to the terms of the Agreement. Borel may at any time exercise any of its other rights and remedies as it deems appropriate in its sole discretion, including, without limitation Borel's right to seek appointment of a receiver with respect to the Property, Borel's right under the Civil Code to provide notice to any tenant to pay rent to Borel, and Borel's right to any other type of judicial relief it may deem appropriate to protect its interests in the Property or under the Loan.

    5.   <u>Deed In Lieu Of Foreclosure.</u>  If IGLI fails to make payment under the Agreement such that Borel is entitled under the Agreement to proceed with its foreclosure sale, then IGLI agrees, upon written request of Borel, that IGLI shall cause the entity holding title to the Property to execute, acknowledge and deliver to Borel a deed in lieu of foreclosure in a form acceptable to Borel. The Parties acknowledge that Borel is under no obligation to either request or accept a deed in lieu of foreclosure and that this provision accords to Borel a right which it may exercise in its sole and exclusive discretion. Notwithstanding this provision, Borel retains its right to foreclose the Borel Deed of Trust in accordance with the terms of the Agreement and California law.

    6.   <u>Binding on Heirs and Successors.</u>  This Second Amendment shall be binding on and shall inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties hereto.

    7.   <u>Entire Agreement, Modification, Waiver.</u>  This Second Amendment contains the entire agreement of the parties relating to the subject matter hereof. Any oral representations, supplements or modifications concerning this Second Amendment shall be of no force or effect unless contained in a subsequent written modification signed by the party to be charged.

    8.   <u>Captions.</u>  The captions and section headings used herein are for convenience and for ease of reference only and constitute no part of this Second Amendment or understanding

114\895228.2

2

between the parties hereto, and no reference shall be made thereto for the purpose of construing or interpreting any of the provisions hereof.

9. <u>Counterparts</u>. This Second Amendment may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

10. <u>Parties in Interest</u>. Nothing in this Second Amendment, whether express or implied, is intended to confer any rights or remedies under or by reason of this Second Amendment on any persons (including Borrower or any guarantor of a loan by either Party) other than the Parties to it and their respective successors and assigns, nor is anything in this Second Amendment intended to relieve or discharge the obligation or liability of any third persons to any party to this Amendment, nor shall any provision give any third persons any right of subrogation or action over or against any Party to this Amendment.

IN WITNESS WHEREOF, the parties have executed this Second Amendment as set forth below.

BOREL:
BOREL PRIVATE BANK & TRUST
COMPANY, a division of Boston Private Bank
and Trust Company

By: _____
Name: _____
Title: _____

        EDWIN J. FIX
     EXECUTIVE VICE PRESIDENT
     CHIEF CREDIT OFFICER

IGLI:
Investment Grade Loans, Inc., a California
Corporation

By: _____
Name: _____ANDREW A. LEWIS_____
Title: _____PRESIDENT_____
475 S. San Antonio Road
Los Altos, CA 94022
email: igli@sbcglobal.net

Case: 13-53491    Doc# 52-1    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 18 of 35

RECORDING REQUESTED BY

Andrew A. Lewis

WHEN RECORDED MAIL TO


INVESTMENT GRADE LOANS, INC
475 S. SAN ANTONIO ROAD
LOS ALTOS, CA 94022

DOCUMENT: 21633291     Pages· 17

Fees .     68 00
Taxes
Copies
AMT PAID     68 00

REGINA ALCOMENDRAS     RDE # 008
SANTA CLARA COUNTY RECORDER    4/20/2012
Recorded at the request of    12:06 PM
Grantee

SPACE ABOVE THIS LINE FOR RECORDERS USE

# GRANT DEED

The undersigned grantor(s) declare(s):
    Documentary transfer tax is none *
    City Transfer Tax is none *
    (___) Computed on full value of property conveyed, or
    (___) Computed on full value less value of liens and encumbrances remaining at time of sale.
    (___) Unincorporated area ( X ) City of San Jose.
      Tax Parcel Number No. 467-24-111

Andrew A. Lewis, Declarant

*"This conveyance changes the manner in which title is held, grantor(s) and grantee(s) remain the same
and continue to hold the same proportionate interest, R & T 11925(d)."

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

The Andrew Alan Lewis Revocable Trust Agreement dated January 5, 1984,

and Pensco Trust Company, Custodian FBO Andrew A. Lewis (Pensco Acct.#LE172),

and Michael Lach, a single man,

and Phillip August Sienna, Trustee, for The Phillip Sienna Living Trust dated November 17, 1995,

and Liesel Ernst, an unmarried woman,

and Allyn R. Tognoli & Tina D. Tognoli, Trustees of The Tognoli Trust dated June 4, 1991,

and Pensco Trust Company, Custodian FBO Allyn Tognoli IRA,

and Linda C. Latham, an unmarried woman,

and Ogen Perry & Dorit G. Perry, Trustees of The Perry Family Revocable Trust dated April 26, 2004,


hereby GRANT(S) to 272 E. Santa Clara Grocery, LLC a California limited liability company

the following described real property in the City of San Jose, County of Santa Clara, State of California:

    Address: 272 East Santa Clara Street, San Jose

    Legal Description: See Exhibit "A" Attached hereto and made a part hereof


**EXHIBIT** D

Dated: March 14, 2012

The Andrew Alan Lewis Revocable Trust Agreement dated January 5, 1984

By: _____
Andrew Alan Lewis, Trustee

Michael Lach, a single man

By: _____
Michael Lach

The Phillip August Sienna Living Trust dated November 17, 1995

By: _____
Phillip August Sienna

Liesel Ernst, an unmarried woman

By: _____
Liesel Ernst

The Tognoli Trust dated June 4, 1991

By: _____          By: _____
Allyn R. Tognoli, Trustee                      Tina D. Tognoli, Trustee

Linda C. Latham, an unmarried woman

By: _____
Linda C. Latham

The Perry Family Revocable Trust dated April 26, 2004

By: _____          By: _____
Ogen Perry, Trustee                              Dorit G. Perry, Trustee

STATE OF CALIFORNIA
COUNTY OF _Santa Clara_ SS.

On _March 20, 2012_ before me, _Marie Louise Cates_ , a notary public, personally appeared _ANDREW ALAN LEWIS_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_[signature]_
Notary's Signature

GRNTDE-1 DOC

MARIE LOUISE CATES
Commission # 1944164
Notary Public - California
Santa Clara County
My Comm. Expires Jul 15, 2015

(This area for official notarial seal)

STATE OF CALIFORNIA
COUNTY OF _Santa Clara_ SS.

On _March 21, 2012_ before me, _Marie Louise Cates_, a notary public, personally appeared _Phillip August Sienna_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_(signature)_

Notary's Signature

GRNTDE-1 DOC

MARIE LOUISE CATES
Commission # 1944164
Notary Public - California
Santa Clara County
My Comm. Expires Jul 15, 2015

(This area for official notarial seal)

STATE OF CALIFORNIA,
COUNTY OF _Santa Clara_ SS.

On _March 14, 2012_ before me, _Marie Louise Cates_, a notary public, personally appeared _Linda Lothaus_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary's Signature

GRNTDE-1 DOC

MARIE LOUISE CATES
Commission # 1944184
Notary Public - California
Santa Clara County
My Comm. Expires Jul 15, 2015

(This area for official notarial seal)

STATE OF CALIFORNIA
COUNTY OF _Santa Clara_ SS.

On _March 14, 2012_ before me, _Marie Louise Cates_, a notary public, personally appeared _Ogun Pehey_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
+-----------------------------------------+
|        MARIE LOUISE CATES                |
|        Commission # 1944164              |
|        Notary Public - California        |
|        Santa Clara County                |
|     My Comm  Expires Jul 15, 2015        |
+-----------------------------------------+
```

_____
Notary's Signature

GRNTDE-1 DOC

(This area for official notarial seal)

STATE OF CALIFORNIA
COUNTY OF *Santa Clara* ss.

On *March 14 2012* before me, *Marie Louise Cates*, a notary public, personally appeared *Dorit Perry* who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

MARIE LOUISE CATES
Commission # 1944164
Notary Public - California
Santa Clara County
My Comm. Expires Jul 15, 2015

_____
Notary's Signature

GRNTDE-1.DOC

(This area for official notarial seal)

Dated: March 14, 2012

The Andrew Alan Lewis Revocable Trust Agreement dated January 5, 1984

By:_____
Andrew Alan Lewis, Trustee


Michael Lach, a single man

By: *Michael Lach*
Michael Lach


The Phillip August Sienna Living Trust dated November 17, 1995

By:_____
Phillip August Sienna


Liesel Ernst, an unmarried woman

By:_____
Liesel Ernst


The Tognoli Trust dated June 4, 1991

By:_____         By:_____
Allyn R. Tognoli, Trustee        Tina D. Tognoli, Trustee


Linda C. Latham, an unmarried woman

By:_____
Linda C. Latham


The Perry Family Revocable Trust dated April 26, 2004

By:_____         By:_____
Ogen Perry, Trustee              Dorit O. Perry, Trustee

State of California

County of San Joaquin

On March 15, 2012, before me, Jeanette M. Farley, personally appeared Michael Lach, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed in the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal



Signature _Jeanette M. Farley_

Jeanette M. Farley
My Commission Expires 6/28/2013

Capacity Claimed by Signer
Name of Person(s) or Entity(ies)

  X  Individual
___ Corporate
___ Partners
___ Attorney-in-Fact
___ Trustee
___ Guardian/Conservator

Signer is Representing
Name of Person(s) or Entity(ies)

Self

Title or Type of Document

Number of Pages
Date of Document
Signer(s) Other Than Named Above

Grant Deed, City of San Jose,
  Tax Parcel # No.467-24-111
Three
March 14, 2012
None

Dated: March 14, 2012

The Andrew Alan Lewis Revocable Trust Agreement dated January 5, 1984

By:_____
Andrew Alan Lewis, Trustee


Michael Lach, a single man

By:_____
Michael Lach


The Phillip August Sienna Living Trust dated November 17, 1995

By:_____
Phillip August Sienna


Liesel Ernst, an unmarried woman

By: _____
Liesel Ernst


The Tognoli Trust dated June 4, 1991

By:_____           By:_____
Allyn R. Tognoli, Trustee                         Tina D. Tognoli, Trustee


Linda C. Latham, an unmarried woman

By:_____
Linda C. Latham


The Perry Family Revocable Trust dated April 26, 2004

By:_____           By:_____
Ogen Perry, Trustee                                  Dorit G. Perry, Trustee

STATE OF ~~CALIFORNIA~~ Minnesota
COUNTY OF Steele _____ SS.

On 3-23-12 _____ before me, Mikel R. Akers _____, a notary public, personally appeared
Liesel Ernst _____ who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed
the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary's Signature

GRNTDEED.DOC

MIKEL R AKERS
Notary Public
State of Minnesota
My Commission Expires
January 31, 2016

(This area for official notarial seal)

Dated: March 14, 2012

The Andrew Alan Lewis Revocable Trust Agreement dated January 5, 1984

By:_____
Andrew Alan Lewis, Trustee

Michael Lach, a single man

By:_____
Michael Lach

The Phillip August Sienna Living Trust dated November 17, 1995

By:_____
Phillip August Sienna

Liesel Ernst, an unmarried woman

By:_____
Liesel Ernst

The Tognoli Trust dated June 4, 1991

By:_____          By:_____
Allyn R. Tognoli, Trustee                      Tina D. Tognoli, Trustee

Linda C. Latham, an unmarried woman

By:_____
Linda C. Latham

The Perry Family Revocable Trust dated April 26, 2004

By:_____          By:_____
Ogen Perry, Trustee                           Dorit G. Perry, Trustee

STATE OF CALIFORNIA
COUNTY OF San Mateo ss.

On March 15, 2012 before me, Tanis Au , a notary public, personally appeared Allyn R. Tognoli & Tina D Tognoli who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Tanis Au_
Notary's Signature

GRNTDE-1 DOC

TANIS AU
Commission # 1919517
Notary Public • California
San Mateo County
My Comm. Expires Jan 27, 2015

(This area for official notarial seal)

Pensco Trust Company, Custodian FBO Andrew A. Lewis (Pensco Acct.#LE172)

By: _____

Name: _Jim Weinberg_

Title: _V PAA_


Pensco Trust Company, Custodian FBO Allyn Tognoli IRA

By: _____

Name: _____

Title: _____

CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

On _April 11_, 20_12_, before me, JASON DAVIS GRIFFITH, Notary Public

personally appeared JIM WEINBERG,

who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JASON DAVIS GRIFFITH
Commission # 1843801
Notary Public - California
San Francisco County
My Comm. Expires Apr 9, 2013

_____
Signature of Notary Public

Place Notary Seal Above

OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

CAPACITY CLAIMED BY SIGNER

- [ ] INDIVIDUAL
- [X] CORPORATE OFFICER(S)
  Vice President of Private Placements

- [ ] PARTNERS   [ ] LIMITED
                 [ ] GENERAL
- [ ] ATTORNEY-IN-FACT
- [ ] TRUSTEE(S)
- [ ] GUARDIAN/CONSERVATOR
- [ ] OTHER: _____
  _____
  _____

SIGNER IS REPRESENTING:
NAME OF ENTITY
PENSCO Trust Co.

DESCRIPTION OF ATTACHED DOCUMENT

_Grant Deed_
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

_March 14_, 20_12_
DATE OF DOCUMENT

_Im Gry_
SIGNER(S) OTHER THAN NAMED ABOVE

Pensco Trust Company, Custodian FBO Andrew A. Lewis (Pensco Acct.#LE172)

By:_____

Name:_____

Title:_____


Pensco Trust Company, Custodian FBO Allyn Tognoli IRA

By:_____

Name:___Jim Weinberg_____

Title:____VP AA_____

CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

On _April 11_, 20_12_, before me, JASON DAVIS GRIFFITH, Notary Public

personally appeared  JIM WEINBERG,

who proved to me on the basis of satisfactory evidence to be the person whose name  is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JASON DAVIS GRIFFITH
Commission # 1843801
Notary Public - California
San Francisco County
My Comm. Expires Apr 9, 2013

_____
Signature of Notary Public

Place Notary Seal Above

OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

CAPACITY CLAIMED BY SIGNER

☐ INDIVIDUAL
X CORPORATE OFFICER(S)
   Vice President of Private Placements

☐ PARTNERS   ☐ LIMITED
              ☐ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____
_____
_____

SIGNER IS REPRESENTING:
NAME OF ENTITY
PENSCO Trust Co.

DESCRIPTION OF ATTACHED DOCUMENT

Grant Deed
_____
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

March  14  ,20 12
_____
DATE OF DOCUMENT

multiple
_____
SIGNER(S) OTHER THAN NAMED ABOVE