# EXHIBIT A
# Part 2

# GROCERY OUTLET, INC.
## LEASE SUMMARY

| Lessor | Lessee |
|---|---|
| 272 E Santa Clara Grocery, LLC<br>475 S. San Antonio Road<br>Los Altos, CA 94022<br>Contact:   Andrew Lewis<br>Phone:   (650) 949-4790<br>Fax:   (650) 949-1334 | Grocery Outlet, Inc.<br>2000 Fifth Street<br>Berkeley, CA 94710<br>Contact:   Vice President of Real Estate<br>Phone:   (510) 704-2819<br>Fax:   (510) 649-1484 |

| Rent Payee: | 272 E Santa Clara Grocery, LLC |
|---|---|
| Payee Address: | 475 S. San Antonio Road<br>Los Altos, CA 94022 |

| | | | |
|---|---|---|---|
| Lease Date/Commencement: | 03-08-2012 | Tax ID No.: | |
| Rent Commencement: | 06-06-2012[1] | | |
| Lease Termination: | 06-30-2022 | Parking: All Existing Spaces | |
| Deposit: | Waived | Size: | 24,000 SF<br>1.48 Acres |

| Monthly Rent (NNN) | | Expenses (Monthly) | |
|---|---|---|---|
| 03-08-2012 to 06-06-2012 | $0.00 | Property Taxes 2012 | $45,000.00 |
| 06-06-2012 to 06-05-2017 | $39,600.00 | | |
| 06-06-2017 to 06-30-2022 | $45,540.00 | | |
| | | | |
| Extended Term(s)[2] | | | |
| 07-01-2022 to 06-30-2027 | $52,371.00 | | |
| 07-01-2027 to 06-30-2032 | $60,226.65 | | |
| 07-01-2032 to 06-30-2037 | $69,260.65 | | |
| 07-01-2037 to 06-30-2042 | $79,649.74 | | |

| OPTION EXERCISE DATES[2]:<br><br>12-27-2021; 12-27-2026; 12-27-2031; 12-27-2036<br><br>TYPE[2]: Extensions | HOLD-OVER: 150% |
|---|---|

Comments:

[1] Earlier of ninety (90) days following Lease Commencement or Tenant's receipt of Necessary Permits.

[2] Four (4) individual consecutive options to extend the term of this Lease for additional terms of five (5) years each.

Warranty Period: One (1) year after Rent Commencement (06-05-2013). Paragraph 5 of Lease.

DATE: May 8, 2012

**EXHIBIT E**

# THIRD AMENDMENT TO AGREEMENT RE FORECLOSURE SALE

THIS THIRD AMENDMENT TO AGREEMENT RE FORECLOSURE SALE (the "Third Amendment") is effective as of the 15th day of March, 2012 by and between Borel Private Bank & Trust Company, a division of Boston Private Bank and Trust Company ("Borel"), successor in interest to Borel Private Bank & Trust Company, a corporation, Investment Grade Loans, Inc. ("IGLI"), a corporation, and 272 E. Santa Clara Grocery, LLC ("Santa Clara LLC"), a California limited liability company. Borel, IGLI and Santa Clara LLC shall hereinafter sometimes be referred to as a "Party" or the "Parties."

## RECITALS

A.      On or about July 15, 2011, Borel and IGLI executed that certain Agreement Re Foreclosure Sale ("Original Agreement"). On or about November 23, 2011, Borel and IGLI then executed that certain First Amendment to Agreement Re Foreclosure Sale ("First Amendment"), amending the terms of the Agreement Re Foreclosure Sale. Effective the 11th day of January 2012, Borel and IGLI executed that certain Second Amendment To Agreement Re Foreclosure Sale ("Second Amendment"), further amending the Original Agreement and the First Amendment. The Original Agreement as amended by the First Amendment and Second Amendment shall hereinafter be referred to collectively as the "Agreement." Other capitalized terms used in this Third Amendment shall have the meanings set forth in the Agreement unless otherwise defined herein.

B.      IGLI has been making monthly payments to Borel, and Borel has been postponing its foreclosure sale pursuant to the Agreement. In addition, IGLI caused the IGLI Deed of Trust to be foreclosed and the Property to be conveyed to Santa Clara LLC, an affiliate of IGLI. Borel has not consented to the transfer of ownership of the Property, and said transfer constitutes a further event of default under the Borel Deed of Trust. In addition, Santa Clara LLC has entered into a lease (the "Lease") of the Property to an entity known as Grocery Outlet, Inc. ("Tenant"). IGLI has not paid the Cash Payment or Reduced Cash Payment by the Payment Date or thereafter under the First Amendment and Second Amendment but, together with Santa Clara LLC, has requested that Borel continue to postpone its foreclosure sale through the period set forth herein.

C.      As of the date of this Third Amendment, the principal sum due under the Loan is $3,460,917.00.

D.      Borel has agreed to the request of IGLI and Santa Clara LLC but only on the terms and conditions set forth herein.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.      <u>Acknowledgment of Recitals</u>. The Parties acknowledge the truth and accuracy of the Recitals to this Third Amendment.



Case: 13-53491     Doc# 52-2     Filed: 08/15/13     Entered: 08/15/13 18:17:20     Page 3 of 31

2.     Effect of Amendment.   Except as expressly amended herein, all terms and conditions of the Agreement remain in full force and effect and are incorporated herein.

3.     Deletion of Prior Provisions.  Section 2 of the First Amendment, entitled "Payment," is hereby deleted in its entirety and is of no further force or effect.  In addition, section 3 of the Second Amendment, entitled "Credit of Payments," is also hereby deleted in its entirety and is of no further force or effect.

4.     Amendment of Provision Re Trustee's Sale.  Section 4 of the Original Agreement, entitled "Further Postponements of Trustee's Sale," is hereby deleted in its entirety and replaced with the following:  Subject to the notice provision in section 5 of the Original Agreement, if on or before the 15th day of each month commencing on August 15, 2011, IGLI pays to Borel the regular monthly payment of $24,307.45 due under the Loan, then Borel shall cause the Trustee's Sale scheduled for such month to be postponed to a date at least 45 days thereafter; provided, however, that IGLI's right to make such additional payments and obtain such additional postponements shall terminate, if not terminated sooner as a result of a failure by IGLI to make any payment contemplated in this Agreement, immediately following its payment of the regular monthly payment due on December 15, 2012, and the extension of the Trustee's Sale by reason of said payment shall be to a date on or after December 31, 2012.  If required by law, Borel may publish a new notice of sale, so long as any sale date is set and thereafter continued in accordance with the provisions of this section.  The Parties agree that as a result of the foregoing unless all obligations due and owing under the Loan have been paid in full in accordance with the provisions of California Civil Code sections 2924c and 2924d and related sections, including any past due property taxes owing as of the date of the date of payment, Borel may in its sole discretion cause the Trustee's Sale to be conducted at any time on or after the earlier to occur of the following: (i) the date to which the Trustee's Sale was postponed as the result of the last sequential monthly payment to be made by IGLI pursuant to the terms set forth above, or (ii) December 31, 2012.

5.     Condition To Effectiveness.  This Third Amendment shall be effective only upon Execution and delivery to Borel of this Third Amendment by both of IGLI and Santa Clara LLC;

6.     Covenants of IGLI And Santa Clara LLC.  Promptly following execution of this Agreement, IGLI and Santa Clara LLC shall cause the following to occur:

(a)     Execution and delivery by Santa Clara LLC and Tenant to Borel of a Subordination, Non-Disturbance And Attornment Agreement, in the form attached hereto as Exhibit A, with respect to the Lease; and

(b)     Payment of all property taxes and related penalties and interest due and owing for the Property for the tax year 2011-2012.

7.     Reservation of Borel Enforcement Rights.  The Parties acknowledge and agree that by entering into this Third Amendment, Borel is waiving none of its rights and remedies under California law and its loan documents with respect to the defaults of the Borrower.  Borel's Notice of Default and Notice of Sale published with respect to the Borel Deed of Trust remain in full force and effect, and Borel is entitled to conduct a trustee's sale of the Property except to the extent it has agreed to postpone such sale pursuant to the terms of the Agreement.  In addition, Borel may cause the publication and service of a new Notice of Sale under the Civil Code if

26647.005
114\914302.4                                      2

Borel so elects in its sole discretion, provided that the provisions of the Agreement as amended herein shall apply to date of any sale set forth in the new notice. Borel may at any time exercise any of its other rights and remedies as it deems appropriate in its sole discretion, including, without limitation Borel's right to seek appointment of a receiver with respect to the Property, Borel's right under the Civil Code to provide notice to any tenant to pay rent to Borel, and Borel's right to any other type of judicial relief it may deem appropriate to protect its interests in the Property or under the Loan.

8.  Deed In Lieu Of Foreclosure. If IGLI and Santa Clara LLC fail to make payment under the Agreement such that Borel is entitled under the Agreement to proceed with its foreclosure sale, then IGLI and Santa Clara LLC agree that, upon written request of Borel, Santa Clara LLC shall execute, acknowledge and deliver to Borel a deed in lieu of foreclosure in a form acceptable to Borel. The Parties acknowledge that Borel is under no obligation to either request or accept a deed in lieu of foreclosure and that this provision accords to Borel a right which it may exercise in its sole and exclusive discretion. Notwithstanding this provision, Borel retains its right to foreclose the Borel Deed of Trust in accordance with the terms of the Agreement as amended and California law.

9.  Binding on Heirs and Successors. This Third Amendment shall be binding on and shall inure to the benefit of the heirs, executors, administrators, successors and assigns of the Parties hereto.

10.  Entire Agreement, Modification, Waiver. This Third Amendment contains the entire agreement of the parties relating to the subject matter hereof. Any oral representations, supplements or modifications concerning this Third Amendment shall be of no force or effect unless contained in a subsequent written modification signed by the party to be charged.

11.  Captions. The captions and section headings used herein are for convenience and for ease of reference only and constitute no part of this Third Amendment or understanding between the parties hereto, and no reference shall be made thereto for the purpose of construing or interpreting any of the provisions hereof.

12.  Counterparts. This Third Amendment may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13.  Parties in Interest. Nothing in this Third Amendment, whether express or implied, is intended to confer any rights or remedies under or by reason of this Third Amendment on any persons (including Borrower or any guarantor of a loan by any Party) other than the Parties to it and their respective successors and assigns, nor is anything in this Third Amendment intended to relieve or discharge the obligation or liability of any third persons to any party to this Amendment, nor shall any provision give any third persons any right of subrogation or action over or against any Party to this Amendment.

12.  Assumption and Ratification. For and good valuable consideration, including the covenants, conditions and agreements in this Third Amendment, Santa Clara LLC hereby assumes jointly and severally with IGLI all obligations of IGLI in the Original Agreement, First Amendment and Second Amendment, as amended hereby, and ratifies all of the terms and conditions thereof.

26647.005
114\914302.4

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 5 of 31

13. **Representation of Authority.** IGLI and Santa Clara LLC hereby represent and warrant that Santa Clara LLC is a manager managed limited liability company and the undersigned person executing this Third Amendment has been duly and fully authorized to do so.

IN WITNESS WHEREOF, the Parties have executed this Third Amendment as set forth below.

BOREL:
BOREL PRIVATE BANK & TRUST
COMPANY, a division of Boston Private Bank
and Trust Company

By: _____
Name: _____ ESTEX _____
Title: _____ CHIEF CREDIT OFFICER _____

IGLI:
Investment Grade Loans, Inc., a California
Corporation

By: _____
Name: _____ ANDREW A. LEWIS _____
Title: _____ PRESIDENT _____
475 S. San Antonio Road
Los Altos, CA 94022
email: igli@sbcglobal.net

SANTA CLARA, LLC:
272 E. Santa Clara Grocery, LLC, a California
limited liability company

By: _____
Name: _____ MANAGER _____
Title: _____ ANDREW A. LEWIS _____
475 S. San Antonio Road
Los Altos, CA 94022
email: igli@sbcglobal.net

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 6 of
31

DOCUMENT: 21851245

Pages: 9

Fees.... 69.00
Taxes...
Copies..
AMT PAID 69.00

REGINA ALCOMENDRAS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Financial Company

RDE # 005
9/13/2012
11:41 AM

RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:

Borel Private Bank and Trust Company
160 Bovet Road
San Mateo, CA 94402
Attn: Bruce Brown

## SUBORDINATION, NON-DISTURBANCE
## AND ATTORNMENT AGREEMENT

NOTICE: THIS SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT RESULTS IN YOUR LEASEHOLD ESTATE IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF SOME OTHER OR LATER SECURITY INSTRUMENT.

THIS SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT (the "Agreement") is entered into as of June 30 , 2012, by and among Grocery Outlet Inc., a California corporation ("Tenant"), 272 E. Santa Clara Grocery, LLC, a California limited liability company ("Owner"), and Borel Private Bank and Trust Company, a division of Boston Private Bank and Trust Company, successor in interest to Borel Private Bank & Trust Company, a corporation ("Beneficiary"), with reference to the following facts:

A. Tenant is the tenant and Owner is the landlord under that certain Lease dated March 8, 2012 (the "Lease"), whereby Tenant leases from Owner a portion of that certain real property which is more particularly described in Exhibit A hereto (the "Property").

B. Beneficiary has made a loan in the original principal amount of $3,600,000.00 (the "Loan") to Kimomex Santa Clara, LLC, a California limited liability company, a previous owner of the Property, which is secured by a deed of trust in favor of Beneficiary covering the Property.

C. In connection with that certain Third Amendment to Agreement Re Foreclosure Sale to be executed among Beneficiary, Owner, and Investment Grade Loans, Inc., a corporation, and as a condition to the effectiveness of such agreement, Owner and Tenant have requested that Beneficiary agree not to disturb Tenant's possessory rights in that certain space known as 272 E. Santa Clara Street, San Jose, CA, in the improvements located in and upon the Property which is the subject of the Lease (the "Premises") in the event Beneficiary should foreclose the deed of trust; provided that Tenant is not then in default under the Lease and provided further that Tenant attorns to Beneficiary or the purchaser at any foreclosure or trustee's sale of the Property.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

2191919041.2

**EXHIBIT** 

1. **Subordination.** Notwithstanding anything to the contrary set forth in the Lease, the Lease and the leasehold estate created thereby and all of the Tenant's rights thereunder shall be and shall at all times remain subject, subordinate and inferior to the deed of trust and the lien thereof, and all rights of Beneficiary thereunder and to any and all renewals, modifications, consolidations, replacements and extensions thereof.

2. **Acknowledgment and Agreement by Tenant.** Tenant acknowledges and agrees that:

2.1 From and after the date hereof, in the event of any act or omission by Owner which would give Tenant the right, either immediately or after the lapse of time, to terminate the Lease or to claim a partial or total eviction, Tenant will not exercise any such right:

2.1.1 until Tenant has given written notice of such act or omission to Beneficiary; and

2.1.2 until the same period of time as is given to Owner under the Lease to cure such act or omission shall have elapsed following such giving of notice to Beneficiary to remedy the same.

2.2 Tenant has notice that the Lease and the rent and all other sums due thereunder have been assigned or are to be assigned to Beneficiary as security for the Loan secured by the deed of trust. In the event that Beneficiary notifies Tenant of a default under the deed of trust and demands that Tenant pay its rent and all other sums due under the Lease to Beneficiary, Tenant shall honor such demand and pay its rent and all other sums due under the Lease directly to Beneficiary or as otherwise required pursuant to such notice.

2.3 Tenant shall send a copy of any notice or statement of breach or default under the Lease to Beneficiary at the same time such notice or statement is sent to Owner.

2.4 Tenant has no right or option of any nature whatsoever, whether pursuant to the Lease or otherwise, to purchase the Premises or the Property, or any portion thereof or any interest therein, and to the extent that Tenant has had, or hereafter acquired, any such right or option, the same is hereby acknowledged to be subject and subordinate to the deed of trust and is hereby waived and released as against Beneficiary.

2.5 This Agreement satisfies any condition or requirement in the Lease relating to the granting of a non-disturbance agreement.

3. **Foreclosure and Sale.** In the event of foreclosure of the deed of trust, or upon a sale of the Property pursuant to the trustee's power of sale contained therein, or upon a transfer of the Property by deed in lieu of foreclosure or other instrument, then:

3.1 So long as Tenant is not in default under any of the terms, covenants, or conditions of the Lease, the Lease shall continue in full force and effect as a direct lease between the succeeding owner of the Property and Tenant, upon and subject to all of the terms, covenants and conditions of the Lease for the balance of the term of the Lease. Tenant hereby agrees to attorn and adhere to and accept any such successor owner as landlord under the Lease, and to be

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 8 of 31

bound by and perform all of the obligations imposed by the Lease, and Beneficiary, or any such successor owner of the Property, will not disturb the possession of Tenant, and will be bound by all of the obligations imposed on Owner by the Lease; provided, however, that Beneficiary, or any purchaser at a trustee's or sheriff's sale or any successor owner of the Property shall not:

      **3.1.1**    be liable for any damages or other relief attributable to any act or omission of, or breach of any representation or warranty made by, any prior landlord under the Lease (including, without limitation, Owner);

      **3.1.2**    be liable for any damages or other relief attributable to any latent or patent defects in construction with respect to the Premises or Property;

      **3.1.3**    be subject to any deductions, offsets, or defenses not specifically provided for in the Lease and which Tenant may have against any prior landlord (including, without limitation Owner) under the Lease, unless such deduction, offsets, or defenses shall have been approved in writing by Beneficiary or by any subsequent beneficiary under the deed of trust; or

      **3.1.4**    be bound by any prepayment by Tenant of more than one month's installment of rent or for any security deposit not actually delivered to Beneficiary, unless such prepayment shall have been approved in writing by Beneficiary or by any subsequent beneficiary under the deed of trust.

      **3.2**    Beneficiary shall have no liability to Tenant or any other party for any conflict between the provisions of the Lease and the provisions of any other lease affecting the Property, including, but not limited to, any provisions relating to renewal options and options to expand, and in the event of such a conflict, Tenant shall have no right to take any remedial action against Beneficiary or action against any other party for which Beneficiary would be liable.

      **3.3**    Upon the written request of either Beneficiary or Tenant to the other given at the time of any foreclosure, trustee's sale or deed in lieu thereof, the parties agree to execute a lease of the Premises upon the same terms and conditions as the Lease between Owner and Tenant, which lease shall cover any unexpired term of the Lease existing prior to such foreclosure, trustee's sale or conveyance in lieu of foreclosure.

    **4.**    **Acknowledgment and Agreement by Owner.** Owner, as landlord under the Lease and trustor under the deed of trust, acknowledges and agrees for itself and its heirs, successors and assigns, that:

      **4.1**    This Agreement does not:

      **4.1.1**    constitute a waiver by Beneficiary of any of its rights under the deed of trust; and/or

      **4.1.2**    in any way release Owner from its obligations to comply with the terms, provisions, conditions, covenants, agreements and clauses of the deed of trust;

Case: 13-53491   Doc# 52-2   Filed: 08/15/13   Entered: 08/15/13 18:17:20   Page 9 of 31

4.2     The provisions of the deed of trust remain in full force and effect and must be complied with by Owner; and

4.3     In the event of a default by Owner under the deed of trust and upon written notification from Beneficiary, Tenant shall pay all rent and all other sums due under the Lease to Beneficiary as provided in this Agreement without further notification or verification from or liability to Owner.

5.     **No Obligation of Beneficiary.**  Beneficiary shall have no obligation or incur any liability with respect to the erection or completion of the improvements in which the Premises are located or for completion of the Premises or any improvements for Tenant's use and occupancy, either at the commencement of the term of the Lease or upon any renewal or extension thereof or upon the addition of additional space, pursuant to any expansion rights contained in the Lease, except for Landlord's obligations under Paragraph 5 and Paragraph 7(a) of the Lease, and except for any improvements approved by Beneficiary.

6.     **Notice.**  All notices hereunder to any party hereto shall be deemed to have been duly given if mailed by United States registered or certified mail, with return receipt requested, postage prepaid, or sent by a nationally recognized overnight courier service with delivery receipt to the addresses set forth on the signature page (or at such other address as shall be given in writing by one party to the other parties) and shall be deemed complete upon any such mailing.

7.     **Miscellaneous.**

7.1     This Agreement supersedes any inconsistent provision of the Lease.

7.2     Nothing contained in this Agreement shall be construed to derogate from or in any way impair or affect the lien and charge or provisions of the deed of trust.

7.3     Beneficiary shall have no obligations, nor incur any liability, with respect to any warranties or indemnities of any nature whatsoever, whether pursuant to the Lease or otherwise, including without limitation, any warranties or indemnities respecting use, compliance with zoning, Owner's title, Owner's authority, habitability, fitness for purpose or possession, or Hazardous Materials, except as provided herein.

7.4     In the event that Beneficiary shall acquire title to the Property, Beneficiary shall have no obligation, nor incur any liability, beyond Beneficiary's then equity interest, if any, in the Property and Tenant shall look exclusively to such equity interest of Beneficiary, if any, in the Property for the payment and discharge of any obligations imposed upon Beneficiary hereunder or under the Lease and Beneficiary is hereby released and relieved of any other obligations hereunder and under the Lease.

7.5     This Agreement shall inure to the benefit of the parties hereto, their respective successors and permitted assigns; provided however, that in the event of the assignment or transfer of the interest of Beneficiary, all obligations and liabilities of Beneficiary under this Agreement shall terminate, and thereupon all such obligations and liabilities shall be the responsibility of the party to whom Beneficiary's interest is assigned or transferred; and

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 10 of 31

provided further that the interest of Tenant under the Lease or this Agreement may not be assigned or transferred without the prior written consent of Beneficiary (to be given or withheld in accordance with the standards applicable to Landlord under Paragraph 27(b) of the Lease), except as permitted under Paragraph 27(c) of the Lease.

      7.6    This Agreement shall be governed by and construed in accordance with the laws of the State in which the Property is located.

      7.7    This Agreement may be executed in one or more identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

      IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

      NOTICE: THIS SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT CONTAINS PROVISIONS WHICH ALLOW THE PERSON OBLIGATED ON THE LEASE TO OBTAIN A LOAN, A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN IMPROVEMENT OF THE PROPERTY.

[Signature page follows]

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 11 of 31

IT IS RECOMMENDED THAT PRIOR TO THE EXECUTION OF THIS SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT, THE PARTIES CONSULT WITH THEIR ATTORNEYS WITH RESPECT THERETO.

**BENEFICIARY:**

BOREL PRIVATE BANK AND TRUST COMPANY, a division of Boston Private Bank and Trust Company ("Borel"), successor in interest to Borel Private Bank & Trust Company, a corporation
160 Bovet Road
San Mateo, CA 94402
Attn: Bruce Brown

By: _____

**TENANT:**

GROCERY OUTLET INC.,
a California corporation
2000 Fifth Street
Berkeley, CA 94710
Attn: Vice President Real Estate

By: _____
Its: Vice President Real Estate

**OWNER:**

272 E. SANTA CLARA GROCERY, LLC,
a California limited liability company
475 S. San Antonio Road
Los Altos, CA 94022
Attn:

By: _____
Its: MANAGER

219\919041.2

6

<u>EXHIBIT A</u>

## DESCRIPTION OF PROPERTY

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE CITY OF SAN JOSE, COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

PARCEL ONE:
LOTS 1, 4 AND 5, IN BLOCK 1, RANGE 7, NORTH OF THE BASE LINE OF THE CITY OF SAN JOSE, ACCORDING TO THE OFFICIAL MAP OF SAID CITY OF SAN JOSE OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, IN BOOK A OF MAPS, AT PAGES 72 AND 73.

PARCEL TWO:
COMMENCING AT A POINT OF THE SOUTHERLY LINE OF SANTA CLARA STREET DISTANT THEREON 137.50 FEET WESTERLY FROM THE INTERSECTION OF SAID LINE OF SANTA CLARA STREET WITH THE WESTERLY LINE OF SEVENTH STREET, SAID POINT BEING WHERE THE DIVIDING LINE BETWEEN LOTS 1 AND 2 IN BLOCK 1, RANGE 7, NORTH OF THE BASE LINE INTERSECTS SAID SOUTHERLY LINE OF SANTA CLARA STREET, RUNNING THENCE SOUTHERLY ALONG WESTERLY LINE OF LOTS 1 AND 4 A DISTANCE OF 207.50 FEET; THENCE AT RIGHT ANGLES WESTERLY 37.50 FEET; THENCE AT RIGHT ANGLES NORTHERLY 207.50 FEET AND THENCE AT RIGHT ANGLES EASTERLY 37.50 FEET TO THE POINT OF BEGINNING, BEING THE EASTERLY 37.50 FEET OF LOTS 2 AND 3 EXCEPTING THE SOUTHERLY 67.50 FEET OF LOT 3 IN BLOCK 1, RANGE 7, NORTH OF THE BASE LINE IN SAID CITY OF SAN JOSE.

APN: 467-24-111

STATE OF CALIFORNIA )
)ss.
COUNTY OF _San Mateo_ )

On _Aug. 13, 2012_, before me, _Cheryl L. Whiteside_, Notary Public, personally appeared _Edwin J. Fix_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Cheryl L. Whiteside_

[SEAL]

CHERYL L. WHITESIDE
COMM. # 1870503
NOTARY PUBLIC - CALIFORNIA
SAN MATEO COUNTY
My Comm. Exp. Nov. 7, 2013


STATE OF CALIFORNIA )
)ss.
COUNTY OF ALAMEDA )

On _July 16, 2012_, before me, _Janis M. Watt_, Notary Public, personally appeared _Marc Drasin_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

[SEAL]

JANIS M. WATT
Commission # 1941951
Notary Public - California
Alameda County
My Comm. Expires Jul 21, 2015

STATE OF CALIFORNIA )
)ss.
COUNTY OF _Santa Clara_ )

On _July 26, 2012_, before me, _Marie Louise Cates_
Notary Public, personally appeared _Andrew Alan Lewis_, who
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed
the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

[SEAL]

MARIE LOUISE CATES
Commission # 1944164
Notary Public - California
Santa Clara County
My Comm. Expires Jul 15, 2015

# FOURTH AMENDMENT TO AGREEMENT RE FORECLOSURE SALE

THIS FOURTH AMENDMENT TO AGREEMENT RE FORECLOSURE SALE (the "Fourth Amendment") is effective as of the ___ day of May, 2013 by and between Boston Private Bank & Trust Company, formerly known as Borel Private Bank and Trust Company ("Boston"), Investment Grade Loans, Inc. ("IGLI"), a corporation, and 272 E. Santa Clara Grocery, LLC ("Santa Clara LLC"), a California limited liability company. Boston, IGLI and Santa Clara LLC shall hereinafter sometimes be referred to as a "Party" or the "Parties."

## RECITALS

A.     On or about July 15, 2011, Boston and IGLI executed that certain Agreement Re Foreclosure Sale ("Original Agreement"). On or about November 23, 2011, Boston and IGLI then executed that certain First Amendment to Agreement Re Foreclosure Sale ("First Amendment"), amending the terms of the Agreement Re Foreclosure Sale. Effective the 11th day of January 2012, Boston and IGLI executed that certain Second Amendment To Agreement Re Foreclosure Sale ("Second Amendment"), further amending the Original Agreement and the First Amendment. Effective the 15th day of March 2012, Boston and IGLI executed that certain Third Amendment To Agreement Re Foreclosure Sale ("Third Amendment"), further amending the Original Agreement, the First Amendment and the Second Amendment. The Original Agreement as amended by the First Amendment, Second Amendment and Third Amendment shall hereinafter be referred to collectively as the "Agreement." Other capitalized terms used in this Fourth Amendment shall have the meanings set forth in the Agreement unless otherwise defined herein.

B.     IGLI has been making monthly payments to Boston, and Boston has been postponing its foreclosure sale pursuant to the Agreement. IGLI last made such a payment on March 7, 2013. In addition, IGLI caused the IGLI Deed of Trust to be foreclosed and the Property to be conveyed to Santa Clara LLC, an affiliate of IGLI. Boston has not consented to the transfer of ownership of the Property, and said transfer constitutes a further event of default under the Borel Deed of Trust. Further, Santa Clara LLC has entered into a lease (the "Lease") of the Property to an entity known as Grocery Outlet, Inc. ("Tenant"). Neither IGLI nor Santa Clara LLC have paid the Loan in full but have requested that Boston continue to postpone its foreclosure sale through the period set forth herein and to waive its right to collect monthly payments of $24,307.45 per month during the period set forth herein.

C.     As of the date of this Fourth Amendment, the principal sum due under the Loan is $3,341,017.00.

D.     Through their counsel, IGLI and Santa Clara LLC have asserted that they have claims against Boston arising out of an alleged failure of Boston to disclose that the Property is or may be contaminated, including an alleged failure to disclose a Phase II report concerning the Property (hereinafter "IGLI Claims"). Boston has denied the validity of the IGLI Claims.

E.     Boston has agreed to the requests of IGLI and Santa Clara LLC but only on the terms and conditions set forth herein, including a full resolution of any and all claims which IGLI and/or Santa Clara LLC or their respective owners may have, including the IGLI Claims.

26647.005
114\1001069.3

1

**EXHIBIT** H

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. <u>Acknowledgment of Recitals</u>. The Parties acknowledge the truth and accuracy of the Recitals to this Fourth Amendment.

2. <u>Effect of Amendment.</u> Except as expressly amended herein, all terms and conditions of the Agreement remain in full force and effect.

3. <u>Deletion of Prior Provisions</u>. The deletion by the Third Amendment of Section 2 of the First Amendment entitled "Payment" and of section 3 of the Second Amendment entitled "Credit of Payments" is reaffirmed and said sections remain of no further force or effect.

4. <u>Trustee's Sale</u>. Section 4 of the Original Agreement, as amended and replaced in the Third Amendment, is hereby superseded with the following:

>Provided that IGLI and Santa Clara LLC comply with their covenants set forth in this Fourth Amendment, Boston shall cause the Trustee's Sale scheduled for each month to be postponed to a date at least thirty days thereafter from time to time through April 30, 2014, at which time any obligation to continue the sale date shall terminate and Boston may immediately proceed with exercise of its remedies, including without limitation foreclosure of its Deed of Trust. If required by law, Boston may publish a new notice of sale, so long as any sale date is set and thereafter continued in accordance with the provisions of this section. The Parties agree that as a result of the foregoing unless all obligations due and owing under the Loan have been paid in full in accordance with the provisions of California Civil Code sections 2924c and 2924d and related sections, including any past due property taxes owing as of the date of the date of payment, Boston may in its sole discretion cause the Trustee's Sale to be conducted at any time on or after the earlier to occur of the following: (i) either or both IGLI and Santa Clara fail to perform any of their covenants herein or (ii) April 30, 2014.

5. <u>Condition To Effectiveness</u>. This Fourth Amendment shall be effective only upon Execution and delivery to Boston of this Fourth Amendment by both of IGLI and Santa Clara LLC on or before May 8, 2013.

6. <u>Covenants of IGLI And Santa Clara LLC.</u> Promptly following execution of this Agreement, IGLI and Santa Clara LLC shall cause the following to occur:

(a) On or before May 31, 2013, IGLI and Santa Clara LLC agree to engage Cornerstone Earth Group, at their sole expense, and instruct it to submit to the required governmental regulatory agency(s) a request based on existing data collected from the Property that a Closure and/or No Further Action Letter be issued for the Property. If Cornerstone Earth Group is not available, then IGLI and Santa Clara LLC agree to hire by

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 17 of 31

such date, at their sole expense, a comparable environmental company, the selection of which is to be approved by Boston, whose consent shall not be unreasonable withheld.

(b)     Thereafter, IGLI and Santa Clara LLC shall cause a request for a Closure and/or No Further Action Letter to be submitted to the required regulatory agency(s) no later than June 30, 2013.

(c)     To the extent the regulatory agency(s) requires additional environmental investigation, testing, remediation and/or other work, IGLI and Santa Clara LLC agree, at their sole cost and expense, to comply with any such requirements and perform any and all of the investigation/testing/remediation/other work as soon as practicable but in no event later than any deadlines set by the regulatory agency(s).

(c)     IGLI and Santa Clara LLC agree to keep Boston apprised at all times (including at least bi-weekly reports) of the expenses it incurs pursuant to the provisions of this section and of any communication and requirements from the governmental agency(s) involved with the Property, including promptly delivering to Boston of copies of any written communications received from such governmental agency(s).

(d)     IGLI and Santa Clara LLC covenant that a Closure and/or No Further Action Letter for the Property resolving all environmental issues shall be issued no later than April 30, 2014. The Closure and/or No Further Action Letter shall provide that no further investigation or remediation needs to be performed, that all contamination has been removed to applicable standards and/or requirements and, that there is no risk to human health or the environment. If such a letter is not issued by April 30, 2014, Boston may thereafter foreclose its Deed of Trust or otherwise exercise its remedies as it deems appropriate.

(e)     If a governmental agency requires further investigation or remediation subsequent to the issuance of the Closure and/or No Further Action Letter, IGLI and Santa Clara LLC agree that, to the extent the required additional investigation or remediation is related to contamination present at the property at the time of the issuance of the Closure and/or No Further Action Letter, they will indemnify, defend and hold harmless Boston from any claims, costs, (including attorney fees), liabilities, lawsuits and other proceedings, injuries, fines and costs and expenses associated with any such further investigation or remediation.

(f)     Time is of the essence of these provisions and the Parties agree that it is in their mutual interest that the Closure Letter be obtained as soon as possible. IGLI and Santa Clara LLC covenant and agree that they shall use their best efforts to cause the each above to be completed as soon as possible but no later than the respective dates set forth above.

(g)     At all times, IGLI and Santa Clara LLC shall maintain or cause their tenant to maintain property and casualty insurance and liability insurance for the Property, on which insurance Boston is named as an additional insured and in amounts satisfactory to Boston. In addition, IGLI and Santa Clara LLC shall pay or cause to be paid when due any and all property tax obligations for the Property which have come due or will come due from and after the date of the Original Agreement.

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 18 of 31

7.   Waiver of Payments.  Provided that IGLI and Santa Clara LLC timely comply with their covenants in section 6 above, Boston waives any right to regular monthly payments under its loan documents from March 8, 2013 through the earlier of the issuance of the Closure and/or No Further Action Letter for the Property or April 30, 2014.

8.   Reservation of Boston Enforcement Rights.  The Parties acknowledge and agree that by entering into this Fourth Amendment, Boston is waiving none of its rights and remedies under California law and its loan documents with respect to the defaults of the Borrower. Boston's Notice of Default and Notice of Sale published with respect to the Borel Deed of Trust remain in full force and effect, and Boston is entitled to conduct a trustee's sale of the Property except to the extent it has agreed to postpone such sale pursuant to the terms of the Agreement. In addition, Boston may cause the publication and service of a new Notice of Sale under the Civil Code if Boston so elects in its sole discretion, provided that the provisions of the Agreement as amended herein shall apply to date of any sale set forth in the new notice.  Boston may at any time exercise any of its other rights and remedies as it deems appropriate in its sole discretion, including, without limitation Boston's right to seek appointment of a receiver with respect to the Property, Boston's right under the Civil Code to provide notice to any tenant to pay rent to Boston, and Boston's right to any other type of judicial relief it may deem appropriate to protect its interests in the Property or under the Loan.

9.   Release Of Boston.  Upon execution of this Fourth Amendment, each of IGLI and Santa Clara LLC, on its own behalf and on behalf of its shareholders or members, hereby releases and forever discharges Boston, its predecessor and their past and present members, directors, managers, officers, stockholders, partners, agents, principals, employees, attorneys, servants, parent corporations, direct and indirect subsidiaries, affiliates, successors, and assigns and each of them, separately and collectively, from any and all existing indebtedness, claims, liens, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, known or unknown, that each ever had, now has, or may claim to have had against the other that relate to or arise out of the Property, its condition, the Loan or the Parties' past business relationship regarding the Loan or the Property, including but not limited to, the IGLI Claims any claims relating to the administration of the Loan or the assertion of environmental issues related to the Property (all of the foregoing hereinafter referred to as the "Released Claims").

10.   Acknowledgement.  Each of IGLI and Santa Clara LLC acknowledges that the release in section 9 above is intended to be in full and final satisfaction of all and any alleged injuries or damages, known or unknown, arising in connection with the Released Claims.  IGLI and Santa Clara LLC each represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any Released Claim.  In the event that any of IGLI and Santa Clara LLC shall have assigned or transferred or purported to assign or transfer, any Released Claim, such Party shall indemnify, defend, and hold harmless Boston from and against any loss, cost, claim, action, liability, or expense (including, but not limited to, all costs related to the defense of any action, including reasonable attorneys' fees) based on, arising out of, or occurring as the result of any such claim, assignment or transfer.

11.   Known and Unknown Claims.  The release in this Fourth Amendment extends to Released Claims that IGLI and Santa Clara LLC do not know or suspect to exist in their favor, which, if known by them, would have materially affected their decision to enter into this Fourth

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 19
of 31

18.   <u>Parties in Interest</u>.   Nothing in this Fourth Amendment, whether express or implied, is intended to confer any rights or remedies under or by reason of this Fourth Amendment on any persons (including Borrower or any guarantor of a loan by any Party) other than the Parties to it and their respective successors and assigns, nor is anything in this Fourth Amendment intended to relieve or discharge the obligation or liability of any third persons to any party to this Amendment, nor shall any provision give any third persons any right of subrogation or action over or against any Party to this Amendment.

12.   <u>Assumption and Ratification</u>.   For and good valuable consideration, including the covenants, conditions and agreements in this Fourth Amendment, Santa Clara LLC hereby assumes jointly and severally with IGLI all obligations of IGLI in the Original Agreement, First Amendment and Second Amendment, as amended hereby, and ratifies all of the terms and conditions thereof.

13.   <u>Representation of Authority</u>.   IGLI and Santa Clara LLC hereby represent and warrant that Santa Clara LLC is a manager managed limited liability company and the undersigned person executing this Fourth Amendment has been duly and fully authorized to do so.

14.   <u>No Interference</u>.   Except to enforce the terms of this Agreement, IGLI and Santa Clara LLC shall not take any action, or shall fail to take any action, which such action or omission will or might tend to interfere with, delay, enjoin, or otherwise prohibit the commencement, continuation, or completion of efforts by Boston to enforce its remedies under its loan documents or applicable law, including without limitation the remedies of judicial or non-judicial foreclosure of real or personal property collateral. Without limiting the generality of the foregoing, and except to enforce the terms of this Agreement:

(a)   IGLI and Santa Clara LLC shall not file any action against Boston in any state or federal court which seeks to delay, or may have the effect of delaying the recordation of a notice of default under the Borel Deed of Trust, or any other action to commence, prosecute, or complete any judicial or non-judicial foreclosure under the Borel Deed of Trust or the other loan documents. Without limiting the generality of the foregoing, Borrower shall not file any application, motion or the like in any state or federal court which seeks a temporary restraining order, injunction, or other form of restraint against, or delay of, efforts to foreclose the Borel Deed of Trust, or to enforce Boston's right or remedies under any of the other loan documents; and

(b)   IGLI and Santa Clara LLC waive their rights, if any, to seek or obtain a stay, injunction, or other form of order prohibiting in any way any act necessary or appropriate for the commencement or completion of a non-judicial foreclosure sale under the Borel Deed of Trust or to enforce any rights or remedies of Boston under any of its loan documents. Without limiting the generality of the foregoing, such waiver extends to such rights which may exist under any stature of rule relating to bankruptcy cases.

[signatures on next page]

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 20 of 31

IN WITNESS WHEREOF, the Parties have executed this Fourth Amendment as set forth below.

BOSTON:                                    IGLI:
BOSTON PRIVATE BANK & TRUST                Investment Grade Loans, Inc., a California
COMPANY, formerly known as Borel Private   Corporation
Bank & Trust Company


                                           By: _____
By: _____      Name: _____
Name: _____      Title: _____
Title: _____      475 S. San Antonio Road
Email: _____      Los Altos, CA 94022
                                           Email: igli@sbcglobal.net


SANTA CLARA, LLC:
272 E. Santa Clara Grocery, LLC, a California
limited liability company


By: _____
Name: _____
Title: _____
475 S. San Antonio Road
Los Altos, CA 94022
Email: igli@sbcglobal.net

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 21 of 31



### BOSTON PRIVATE BANK
### ☒ TRUST COMPANY

# DEMAND THAT YOU PAY RENT TO A PARTY OTHER THAN THE LANDLORD

(Section 2938 of the California Civil Code)

**To Tenant:** Grocery Outlet, Inc.

**Property Occupied by Tenant:** 272 E. Santa Clara Street, San Jose, CA

**Landlord:** 272 E. Santa Clara Grocery, LLC

**Secured Party And Assignee:** Boston Private Bank & Trust Company, formerly known as Borel Private Bank & Trust Company
160 Bovet Road, San Mateo, CA 94402

The secured party named above is the beneficiary under a Deed of Trust, dated *July 15, 2008*, and recorded as *Instrument No. 19928835* in the official records of *Santa Clara County*, California, and is the Assignee under an Assignment of Rents dated *July 15, 2018*, and recorded as *Instrument No. 19928836* in the official records of *Santa Clara County*, California. You may request a copy of the Deed of Trust and Assignment Of Rents from the Secured Party at 160 Bovet Road, San Mateo, CA 94402.

THIS NOTICE AFFECTS YOUR LEASE OR RENTAL AGREEMENT RIGHTS AND OBLIGATONS. YOU ARE THEREFORE ADVISED TO CONSULT AN ATTORNEY CONCERNING THOSE RIGHTS AND OBLIGATIONS IF YOU HAVE ANY QUESTIONS REGARDING YOUR RIGHTS AND OBLIGATIONS UNDER THIS NOTICE.

IN ACCORDANCE WITH SUBDIVISION (C) OF SECTION 2938 OF THE CALIFORNIA CIVIL CODE, YOU ARE HERBY DIRECTED TO PAY TO THE SECURED PARTY, *BOSTON PRIVATE BANK & TRUST COMPANY, 160 BOVET ROAD, SAN MATEO, CA 94402, Attn: David Scheiber*, ALL RENTS UNDER YOUR LEASE OR OTHER RENTAL AGREEMENT WITH THE LANDLORD OR PREDECESSOR IN INTEREST OF LANDLORD, FOR THE OCCUPANCY OF THE PROPERTY AT 272 E. SANTA CLARA STREET, SAN JOSE, CA WHICH ARE COMING DUE UNDER THE LEASE OR OTHER RENTAL AGREEMENT FOLLOWING THE DATE YOU RECEIVE THIS DEMAND UNLESS YOU HAVE ALREADY PAID THIS RENT TO THE LANDLORD IN GOOD FAITH AND IN A MANNER NOT INCONSISTENT WITH THE AGREEMENT BETWEEN YOU AND THE LANDLORD. IN THIS CASE, THIS DEMAND NOTICE SHALL REQUIRE YOU TO PAY TO THE SECURED PARTY, *BOSTON PRIVATE BANK AND TRUST COMPANY*, ALL RENTS THAT COME DUE FOLLOWING THE DATE OF THE PAYMENT TO THE LANDLORD.

---

16000 VENTURA BOULEVARD • ENCINO, CALIFORNIA 91436 • TELEPHONE: (818) 501-1700 • FAX: (818) 789-9024
WWW.BOSTONPRIVATEBANK.COM

**EXHIBIT I**

IF YOU PAY RENT TO THE LANDLORD THAT BY THE TERMS OF THIS DEMAND YOU ARE REQUIRED TO PAY TO THE SECURED PARTY, YOU MAY BE SUBJECT TO DAMAGES INCURRED BY THE SECURED PARTY BY REASON OF YOUR FAILURE TO COMPLY WITH THIS DEMAND, AND YOU MAY NOT BE DISCHARGED FROM YOUR OBLIGATION TO PAY THAT RENT TO THE SECURED PARTY. YOU WILL NOT BE SUBJECT TO THOSE DAMAGES OR OBLIGATED TO PAY THAT RENT TO THE SECURED PARTY IF YOU HAVE PREVIOUSLY RECEIVED A DEMAND OF THIS TYPE FROM A DIFFERENT ASSIGNEE.

Your obligation to pay rent under this demand shall continue until you receive either (1) a written notice from a court directing you to pay the rent in a manner provided therein, or (2) a written notice from the secured party named above canceling this demand.

The undersigned hereby certifies, under penalty of perjury, that the undersigned is an authorized officer or agent of the secured party and that the secured party is the assignee, or the current successor to the assignee, under an assignment of leases, rents, issues, or profits executed by the landlord, or a predecessor in interest that is being enforced pursuant to and in accordance with Section 2938 of the Civil Code.

Executed at Encino, California, on May 17, 2013.

*BOSTON PRIVATE BANK & TRUST COMPANY,*
*Secured Party*

David Scheiber
Senior Vice-President

2

Documents pro⋯ by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

First American Title Company

Escrow No.: NCS - 348859-SC

RECORDATION REQUESTED BY:
Borel Private Bank & Trust Company
San Mateo Office
160 Bovet Road
San Mateo, CA 94402

WHEN RECORDED MAIL TO:
Borel Private Bank & Trust Company
Attn: Note Department
160 Bovet Road
San Mateo, CA 94402-9955

DOCUMENT:  19928836

Pages:     7

| | |
|---|---|
| Fees | 27 00 |
| Taxes | |
| Copies | |
| AMT PAID | 27 00 |

REGINA ALCOMENDRAS          RDE # 001
SANTA CLARA COUNTY RECORDER   7/18/2008
Recorded at the request of    3:26 PM
First American Title Company

**FOR RECORDER'S USE ONLY**



Borel Private Bank
& Trust Company

## ASSIGNMENT OF RENTS

THIS ASSIGNMENT OF RENTS dated July 15, 2008, is made and executed between Kimomex Santa Clara, LLC, a California Limited Liability Company (referred to below as "Grantor") and Borel Private Bank & Trust Company, whose address is 160 Bovet Road, San Mateo, CA 94402 (referred to below as "Lender").

ASSIGNMENT. For valuable consideration, Grantor hereby assigns, grants a continuing security interest in, and conveys to Lender all of Grantor's right, title, and interest in and to the Rents from the following described Property located in Santa Clara County, State of California:

PARCEL ONE:

LOTS 1, 4 AND 5, IN BLOCK 1, RANGE 7, NORTH OF THE BASE LINE OF THE CITY OF SAN JOSE, ACCORDING TO THE OFFICIAL MAP OF SAID CITY OF SAN JOSE OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, IN BOOK A OF MAPS, AT PAGES 72 AND 73.

PARCEL TWO:

COMMENCING AT A POINT OF THE SOUTHERLY LINE OF SANTA CLARA STREET DISTANT THEREON 137.50 FEET WESTERLY FROM THE INTERSECTION OF SAID LINE OF SANTA CLARA STREET WITH THE WESTERLY LINE OF SEVENTH STREET, SAID POINT BEING WHERE THE DIVIDING LINE BETWEEN LOTS 1 AND 2 IN BLOCK 1, RANGE 7, NORTH OF THE BASE LINE INTERSECTS SAID SOUTHERLY LINE OF SANTA CLARA STREET, RUNNING THENCE SOUTHERLY ALONG WESTERLY LINE OF LOTS 1 AND 4 A DISTANCE OF 207.50 FEET; THENCE AT RIGHT ANGLES WESTERLY 37.50 FEET; THENCE AT RIGHT ANGLES NORTHERLY 207.50 FEET AND THENCE AT RIGHT ANGLES EASTERLY 37.50 FEET TO THE POINT OF BEGINNING, BEING THE EASTERLY 37.50 FEET OF LOTS 2 AND 3 EXCEPTING THE SOUTHERLY 67.50 FEET OF LOT 3 IN BLOCK 1, RANGE 7, NORTH OF THE BASE LINE IN SAID CITY OF SAN JOSE.

The Property or its address is commonly known as  272 E. Santa Clara Street, San Jose, CA 95113.

This is an absolute assignment of Rents made in connection with an obligation secured by property pursuant to California Civil Code section 2938.

THIS ASSIGNMENT IS GIVEN TO SECURE  (1) PAYMENT OF THE INDEBTEDNESS AND  (2) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF GRANTOR UNDER THE NOTE, THIS ASSIGNMENT, AND THE RELATED DOCUMENTS. THIS ASSIGNMENT IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

PAYMENT AND PERFORMANCE. Except as otherwise provided in this Assignment or any Related Documents, Grantor shall pay to Lender all amounts secured by this Assignment as they become due, and shall strictly perform all of Grantor's obligations under this Assignment. Unless and until Lender exercises its right to collect the Rents as provided below and so long as there is no default under this Assignment, Grantor may remain in possession and control of and operate and manage the Property and collect the Rents, provided that the granting of the right to collect the Rents shall not constitute Lender's consent to the use of cash collateral in a bankruptcy proceeding.

GRANTOR'S REPRESENTATIONS AND WARRANTIES. Grantor warrants that:

Documents prov' ' by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**Ownership.** Grantor is entitled to receive the Rents free and clear of all rights, loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

**Right to Assign.** Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Rents to Lender.

**No Prior Assignment.** Grantor has not previously assigned or conveyed the Rents to any other person by any instrument now in force.

**No Further Transfer.** Grantor will not sell, assign, encumber, or otherwise dispose of any of Grantor's rights in the Rents except as provided in this Assignment.

**LENDER'S RIGHT TO RECEIVE AND COLLECT RENTS.** Lender shall have the right at any time, and even though no default shall have occurred under this Assignment, to collect and receive the Rents. For this purpose, Lender is hereby given and granted the following rights, powers and authority:

**Notice to Tenants.** Lender may send notices to any and all tenants of the Property advising them of this Assignment and directing all Rents to be paid directly to Lender or Lender's agent.

**Enter the Property.** Lender may enter upon and take possession of the Property; demand, collect and receive from the tenants or from any other persons liable therefor, all of the Rents; institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the Property; collect the Rents and remove any tenant or tenants or other persons from the Property.

**Maintain the Property.** Lender may enter upon the Property to maintain the Property and keep the same in repair; to pay the costs thereof and of all services of all employees, including their equipment, and of all continuing costs and expenses of maintaining the Property in proper repair and condition, and also to pay all taxes, assessments and water utilities, and the premiums on fire and other insurance effected by Lender on the Property.

**Compliance with Laws.** Lender may do any and all things to execute and comply with the laws of the State of California and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the Property.

**Lease the Property.** Lender may rent or lease the whole or any part of the Property for such term or terms and on such conditions as Lender may deem appropriate.

**Employ Agents.** Lender may engage such agent or agents as Lender may deem appropriate, either in Lender's name or in Grantor's name, to rent and manage the Property, including the collection and application of Rents.

**Other Acts.** Lender may do all such other things and acts with respect to the Property as Lender may deem appropriate and may act exclusively and solely in the place and stead of Grantor and to have all of the powers of Grantor for the purposes stated above.

**No Requirement to Act.** Lender shall not be required to do any of the foregoing acts or things, and the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

**APPLICATION OF RENTS.** All costs and expenses incurred by Lender in connection with the Property shall be for Grantor's account and Lender may pay such costs and expenses from the Rents. Lender, in its sole discretion, shall determine the application of any and all Rents received by it; however, any such Rents received by Lender which are not applied to such costs and expenses shall be applied to the Indebtedness. All expenditures made by Lender under this Assignment and not reimbursed from the Rents shall become a part of the Indebtedness secured by this Assignment, and shall be payable on demand, with interest at the Note rate from date of expenditure until paid.

**FULL PERFORMANCE.** If Grantor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Assignment, the Note, and the Related Documents, Lender shall execute and deliver to Grantor a suitable satisfaction of this Assignment and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Property. Any termination fee required by law shall be paid by Grantor, if permitted by applicable law.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Assignment or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Assignment or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Rents or the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Assignment also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Assignment:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Assignment or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**Default on Other Payments.** Failure of Grantor within the time required by this Assignment to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or ability to perform Grantor's obligations under this Assignment or any of the Related Documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

any environmental agreement executed in connection with the Property.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Assignment or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Assignment or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Grantor's (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Grantor's existence as a going business or the death of any member, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against the Rents or any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Assignment within the preceding twelve (12) months, it may be cured if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment fee that Grantor would be required to pay.

**Collect Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender shall have all the rights provided for in the Lender's Right to Receive and Collect Rents Section, above. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Assignment or the Note or by law.

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Assignment, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Assignment, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Assignment:

**Amendments.** This Assignment, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Assignment. No alteration of or amendment to this Assignment shall be effective unless given in writing and

Case: 13-53491    Doc# 52-2    Filed: 08/15/13    Entered: 08/15/13 18:17:20    Page 26 of 31

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.** Caption headings in this Assignment are for convenience purposes only and are not to be used to interpret or define the provisions of this Assignment.

**Governing Law. This Assignment will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Assignment has been accepted by Lender in the State of California.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of San Mateo County, State of California.

**Merger.** There shall be no merger of the interest or estate created by this assignment with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Interpretation.** (1) In all cases where there is more than one Borrower or Grantor, then all words used in this Assignment in the singular shall be deemed to have been used in the plural where the context and construction so require. (2) If more than one person signs this Assignment as "Grantor," the obligations of each Grantor are joint and several. This means that if Lender brings a lawsuit, Lender may sue any one or more of the Grantors. If Borrower and Grantor are not the same person, Lender need not sue Borrower first, and that Borrower need not be joined in any lawsuit. (3) The names given to paragraphs or sections in this Assignment are for convenience purposes only. They are not to be used to interpret or define the provisions of this Assignment.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Assignment unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Assignment shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Assignment. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Assignment, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Assignment shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Assignment. Any party may change its address for notices under this Assignment by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Powers of Attorney.** The various agencies and powers of attorney conveyed on Lender under this Assignment are granted for purposes of security and may not be revoked by Grantor until such time as the same are renounced by Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Assignment to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Assignment. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Assignment shall not affect the legality, validity or enforceability of any other provision of this Assignment.

**Successors and Assigns.** Subject to any limitations stated in this Assignment on transfer of Grantor's interest, this Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Assignment and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Assignment or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Assignment.

**Waiver of Right of Redemption.** NOTWITHSTANDING ANY OF THE PROVISIONS TO THE CONTRARY CONTAINED IN THIS ASSIGNMENT, GRANTOR HEREBY WAIVES ANY AND ALL RIGHTS OF REDEMPTION FROM SALE UNDER ANY ORDER OR JUDGMENT OF FORECLOSURE ON GRANTOR'S BEHALF AND ON BEHALF OF EACH AND EVERY PERSON, EXCEPT JUDGMENT CREDITORS OF GRANTOR, ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY SUBSEQUENT TO THE DATE OF THIS ASSIGNMENT.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Assignment. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Assignment shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Assignment.** The word "Assignment" means this ASSIGNMENT OF RENTS, as this ASSIGNMENT OF RENTS may be amended or modified from time to time, together with all exhibits and schedules attached to this ASSIGNMENT OF RENTS from time to time.

**Borrower.** The word "Borrower" means Kimornex Santa Clara, LLC.

**Default.** The word "Default" means the Default set forth in this Assignment in the section titled "Default".

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Assignment in the default section of this Assignment.

**Grantor.** The word "Grantor" means Kimornex Santa Clara, LLC.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Assignment, together with interest on such amounts as provided in this Assignment.

**Lender.** The word "Lender" means Borel Private Bank & Trust Company, its successors and assigns.

**Note.** The word "Note" means the promissory note dated July 15, 2008, **in the original principal amount of $3,600,000.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Assignment" section of this Assignment.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness; except that the words do not mean any guaranty or environmental agreement, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all of Grantor's present and future rights, title and interest in, to and under any and all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, profits and proceeds from the Property, and other payments and benefits derived or to be derived from such leases of every kind and nature, whether due now or later, including without limitation Grantor's right to enforce such leases and to receive and collect payment and proceeds thereunder.

THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS ASSIGNMENT, AND NOT PERSONALLY BUT AS AN AUTHORIZED SIGNER, HAS CAUSED THIS ASSIGNMENT TO BE SIGNED AND EXECUTED ON BEHALF OF GRANTOR ON JULY 15, 2008.

GRANTOR:

KIMOMEX SANTA CLARA, LLC

THE SMALL 1988 LIVING TRUST DATED JANUARY 8, 1988, Manager of Kimomex Santa Clara, LLC

By: _____
Kimball W. Small, Trustee of The Small 1988 Living Trust dated January 8, 1988

By: _____
Martha L. Small, Trustee of The Small 1988 Living Trust dated January 8, 1988
*By Kimball W. Small*
*her Attorney-in-fact*

THE SMALL 1998 LIVING TRUST DATED OCTOBER 15, 1998, Manager of Kimomex Santa Clara, LLC

By: _____
David Kimball Small, Trustee of The Small 1998 Living Trust dated October 15, 1998

By: _____
Trudy V. Small, Trustee of The Small 1998 Living Trust dated October 15, 1998

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )

COUNTY OF _Santa Clara_ ) SS )

On _July 15_, 20 _08_ before me, _Jody L. Bolanos, Notary Public_
(here insert name and title of the officer)

personally appeared Kimball W. Small, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

JODY L. BOLANOS
Commission # 1522331
Notary Public - California
Santa Clara County
My Comm. Expires Oct 28, 2008

(Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )

COUNTY OF _Santa Clara_ ) SS )

On _July 15_, 20 _08_ before me, _Jody L. Bolanos, Notary Public_
(here insert name and title of the officer)

personally appeared Martha L. Small, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

JODY L. BOLANOS
Commission # 1522331
Notary Public - California
Santa Clara County
My Comm. Expires Oct 28, 2008 (Seal)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )
) SS
COUNTY OF _Santa Clara_ )

On _July 15_ , 20 _08_ before me, _Jody L. Bolaños, Notary Public_
(here insert name and title of the officer)

personally appeared **David Kimball Small**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

```
JODY L. BOLANOS
Commission # 1522331
Notary Public - California
Santa Clara County
My Comm. Expires Oct 28, 2008
```
(Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )
) SS
COUNTY OF _Santa Clara_ )

On _July 15_ , 20 _08_ before me, _Jody L. Bolaños, Notary Public_
(here insert name and title of the officer)

personally appeared **Trudy V. Small**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

```
JODY L. BOLANOS
Commission # 1522331
Notary Public - California
Santa Clara County
My Comm. Expires Oct 28, 2008
```
(Seal)

LASER PRO Lending, Ver. 5.41.00.004 Copr. Harland Financial Solutions, Inc. 1997, 2008. All Rights Reserved - CA C:\CFI\LPL\G14.FC
TR-3573 PR-COMMLOAN

**Richard Gullen**

**Subject:**              FW: Grocery Outlet/San Jose

**From:** Mengelberg, Mark [mailto:mmengelberg@allenmatkins.com]
**Sent:** Wednesday, May 22, 2013 12:39 PM
**To:** Alan Arndt
**Cc:** Marc Drasin; Janis Watt
**Subject:** Grocery Outlet/San Jose

Hi Alan – FYI, we received this. Per Section 4.3 of the SNDA, we will comply with this direction from Borel Bank. We will also be sending you an official notice to that effect. Can you shed any light on what is currently going on between the landlord and Borel? Thanks

Mark Mengelberg
Allen Matkins Leck Gamble Mallory & Natsis LLP
Three Embarcadero Center, 12th Floor, San Francisco, CA 94111-4074
(415) 837-1515 (main)
(415) 273-7460 (direct)
(415) 837-1516 (fax)
mmengelberg@allenmatkins.com

www.allenmatkins.com
# Allen Matkins

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**EXHIBIT J**

1