Entered on Docket
October 07, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed October 7, 2013

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.: 13-53491 SLJ |
| 272 E. SANTA CLARA GROCERY, LLC, | Chapter 11 |
| Debtor. | Date: September 25, 2013<br>Time: 2:00 p.m.<br>Ctrm: 3099 |

### ORDER DENYING MOTION FOR ORDER CONFIRMING NO STAY WITH RESPECT TO RENT AND DENYING CROSS-MOTION FOR USE OF CASH COLLATERAL

Creditor Boston Private Bank & Trust Company's Motion for Order Confirming No Stay Is in Effect with Respect to Rent ("Motion") and Debtor's Cross-Motion for Use of Cash Collateral ("Cross-Motion") came on for continued hearing at the above-referenced date and time. Appearances were stated on the record. For reasons orally stated on the record, Debtor's Cross-Motion was denied without prejudice. After hearing argument from both parties, the court took the Motion under submission.[1]

---

[1] This order constitutes the court's findings of facts and conclusions of law pursuant to FED. R. BANKR. P. 7052, made applicable by FED. R. BANKR. P. 9014.

ORDER DENYING MOTION TO CONFIRM NO STAY etc.

1

**I.     BACKGROUND**

Debtor owns commercial real property located at 272 East Santa Clara Street, San Jose, California ("Property"). In 2008, Boston Private Bank & Trust Company ("BPB") and its predecessor originally lent money to an entity known as Kimomex Santa Clara, LLC, and took a promissory note ("Note"), secured by a first Deed of Trust and an Assignment of Rents from Kimomex. In 2009, Kimomex borrowed additional funds from a group of individuals, secured by a Junior Deed of Trust on the Property. Subsequently, the holders of the Junior Deed of Trust foreclosed on the Property, and the Property was sold to the beneficiaries under the Junior Deed of Trust.

Later, the beneficiaries—now the owners of the Property—conveyed their interests in the Property to Debtor. Debtor entered into various arrangements with BPB pertaining to its existing note and security interest. Debtor at some point defaulted under the BPB Note. For reasons not relevant to this decision and as to which the court makes no determination, BPB delivered a written notice to the tenant at the Property on May 17, 2013, demanding the tenant pay its rent directly to BPB pursuant to California Civil Code § 2938. According to BPB, the tenant paid rent for June and July directly to BPB. Debtor filed this petition under chapter 11 on June 27, 2013. BPB is holding the July rent it received pending the resolution of the Motion.

On July 12, 2013, BPB filed this Motion, arguing that because BPB enforced its rights under the Assignment of Rents pursuant to Civil Code § 2938 prepetition, BPB is entitled to all postpetition rents from the Property and the rents are neither property of the estate nor subject to the automatic stay provisions of 11 U.S.C. § 362(a). Debtor opposed the Motion, arguing that the postpetition rents belong to the estate under § 541(a)(6) as well as under Judge Jaroslovsky's unpublished decision in *In re Superior Acquisitions, Inc.*, 2011 WL 2552477 (Bankr. N.D.Cal. 2011), a decision which dealt with this very issue.

## II. DISCUSSION

### A. Types of Assignment of Rents in California

Traditionally, there were three types of assignments of rent in California: (1) absolute assignments; (2) absolute assignments conditional on default; and (3) assignments for security purposes (which is just an assignment of postdefault rents as further security). "The difference between these three types of assignments relates to when and how the creditor obtains the right to obtain possession of the rents generated by the property." *United States v. Redevelopment Agency of the City of Oakland*, 926 F.Supp. 928, 932 (N.D.Cal. 1995).

"Under an absolute assignment, the lender collects the rents and applies them to the debt. Under an absolute assignment conditional on default, the lender collects rents automatically on the happening of a specified event with no further action required. Under an assignment for security purposes, the creditor is not granted an immediate right in and to the rents but may look to the property following default by taking affirmative steps such as having a receiver appointed." *Id.*, at 932 (citations omitted). The key feature of an absolute assignment is that the right of the beneficiary to receive the rents and to apply it against the secured indebtedness does not depend on first obtaining possession of the property. Miller and Starr, 4 *California Real Estate 3d*, § 10:47 (2012).

### B. California Civil Code § 2938

Civil Code § 2938(a) provides, "A written assignment of an interest in leases, rents, issues, or profits of real property made in connection with an obligation secured by real property, irrespective of whether the assignment is denoted as absolute, absolute conditioned upon default, additional security for an obligation, or otherwise, shall, upon execution and delivery by the assignor, be effective to *create a present security interest in existing and future leases, rents, issues, or profits of that real property.*" (emphasis added). Upon default, after the assignee takes the enforcement steps described in the section, "the assignee shall be entitled to collect and receive all rents, issues, and profits that have accrued but remain unpaid and uncollected by the assignor or its agent or for the assignor's benefit on that date, and all rents, issues, and profits that accrue on or after that date." Cal. Civ. Code § 2938(c).

Under the former version of the statute, a distinction was made between a "conditional" and an "absolute" assignment of rents, depending on the language of the instrument. The current version, which was effective January 1, 1997 and applies to all contracts made after that date, abolishes the traditional distinctions.

BPB argues that because it took all the necessary steps to perfect and enforce its Assignment of Rents under § 2938, it is "entitled" to collect and receive all rents, even after Debtor filed for bankruptcy protection. In other words, BPB's position, distilled to its essence, is that § 2938 operates as a transfer of title such that the assignment means title to the rents is vested in BPB by operation of the statute. It argues this removes any rents—prepetition or postpetition—from property of the estate under 11 U.S.C. § 541(a). In this, BPB asserts that *In re Superior Acquisitions* was incorrectly decided. The court disagrees.

In *In re Superior Acquisitions*, 2011 WL 2552477, under facts similar to this case, the secured creditor took enforcement steps upon default under § 2938. When the debtor filed a bankruptcy case, the creditor argued the rents were not property of the estate. Judge Jaroslovsky held § 2938 provides only that an assignment of rents creates "*a present security interest* in existing and future leases, rents, issues, or profits of that real property." *Id.*, at *1; Cal. Civ. Code § 2938(a). (emphasis added). The statute does not transfer title or ownership of the rents to the assignee upon default and enforcement. The court explained: "[I] see[] nothing in the statute which gives the assignee anything more than the right to collect the rents under such circumstances. Nowhere in the statute is there any indication that unpaid rents are ever anything more than collateral. Nor does it seem to matter whether the unpaid rents are on account of prepetition or postpetition rent obligations; the assignee has nothing more than a security interest in them." *Id.* Judge Jaroslovsky found nothing in the statute to support an argument that "because its assignment of rents was absolute [the assignee] became the owner of the rents upon default and demand on the tenant." *Id.*

Judge Jaroslovsky's decision is well-reasoned and properly interprets the meaning of § 2938. It is consistent with a leading treatise on California mortgage law, which interpreted the current § 2938(a) to mean "an assignment of rents clause gives the creditor merely a

security interest in the rents even if it is stated to be absolute or absolute conditioned upon default." Roger Bernhardt, *California Mortgages, Deeds of Trust, and Foreclosure Litigation,* § 6.28 (4th ed. 2010); *see also Id.,* at §§ 6:25 – 6:27.

### C. The Ninth Circuit has Found that Rent Assignments do not Effect a Transfer of Ownership

In interpreting the effect of an assignment of rents, the court naturally considers what the Court of Appeals has decided on the topic. The court's conclusion that rents assigned are not rents transferred is supported by Ninth Circuit authority. In *In re Charles D. Stapp of Nevada, Inc.,* 641 F.2d 737 (9th Cir. 1981), the creditor had an absolute assignment of rents and, after default, gave notice to the tenants to pay the rents to the creditor. The tenant ignored this notice and paid the rents to the debtor's bankruptcy trustee. After selling the real property collateral at a foreclosure sale, at which sale the creditor's debt was fully satisfied, the creditor attempted to require the trustee to pay over to it the rents wrongfully directed by the tenant to the trustee. Although this case involves Nevada law, the Ninth Circuit, finding that there were no Nevada decisions addressing the issue, looked to California law. The Ninth Circuit noted that under California law, if an assignment is absolute, the assignee "is entitled without further action to all rents accruing from the date of notice of the default." *Id.*, at 739. However, although the creditor had an absolute assignment, "'[a]bsolute' does not mean . . . that the right to the rents is independent of the underlying debt." *Id.,* at 740. Finding that the creditor was fully satisfied from the foreclosure sale, the court held that the creditor had no claim to the rents. *Id.*, at 740, citing *Eastland Sav. & Loan Ass'n v. Thornhill & Bruce, Inc.*, 260 Cal.App.2d 259 (1968).

If title to the rents was transferred to creditor, as BPB contends, the creditor in *Charles D. Stapp* should have been entitled to the rents under the absolute assignment of rents. This scenario was discussed in *In re 500 Ygnacio Associates, Ltd.*, 141 B.R. 191 (Bankr. N.D.Cal. 1992). There, the secured creditor held an absolute assignment of rents conditioned only on debtor's default. Debtor defaulted and creditor gave notice to the tenants to pay rents directly to creditor. In discussing the effect of an absolute assignment of rents, the court stated:

ORDER DENYING MOTION TO CONFIRM NO STAY etc.

> It might be argued that, if a creditor has an absolute assignment of rents, upon default, the rents become the property of the creditor, not its collateral. Thus, application of the rents to the debt could not be likened to foreclosure of a chattel mortgage. However, this proposition appears inconsistent with the holding in *Matter of Charles D. Stapp of Nevada, Inc.,* 641 F.2d 737 (9th Cir.1981). . . .If the rents were properly viewed, upon default, as the creditor's property, the creditor in *Charles D. Stapp* should have been deemed entitled to the rents. The Court must conclude that, whether or not the assignment of rents is absolute, the creditor has nothing more than a security interest in the rents.

*Id.,* at 195-96. Thus, the right to collect rents should not be confused with ownership of those rents.

### D. BPB'S Authorities do not Support a Conclusion that BPB owns Rents Assigned to it

BPB's argument that "entitlement" to collect rents is synonymous with ownership of the rents under an absolute assignment of rents is not supported by statute or case law. The case cited by BPB, *In re Pettit*, 217 F.3d 1072 (9th Cir. 2000), pertains to registry funds posted by a debtor as judgment security and is not relevant to the analysis of § 2938 or absolute assignment under California law. BPB's reliance on two Pennsylvania cases, *Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34 (3rd Cir. 1993), and *In re Robin Associates*, 275 B.R. 218 (Bankr. W.D.Pa. 2001), is equally unpersuasive. These cases are specific to Pennsylvania law, not California law and, as BPB pointed out in its reply brief, non-Ninth Circuit cases are not binding on this court. BPB conclusorily states that California law has the same effect as the Pennsylvania law but does not include any discussion of how that is so.

Because BPB has only a security interest in the rents, any postpetition rents generated by the Property belong to the estate and are subject to the automatic stay.[2] However, they are BPB's cash collateral and may not be used by Debtor absent consent of BPB or order of the court.

---

[2] Having determined that Cal. Civ. Code § 2938 does not transfer title to the rents to BPB, there is no conflict between Bankruptcy Code § 541(a)(6) and state law and the court makes no determination in this regard.

ORDER DENYING MOTION TO CONFIRM NO STAY etc.

III.     CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion for Order Confirming No Stay Is in Effect with Respect to Rent is DENIED.

IT IS FURTHER ORDERED that Debtor's Cross-Motion for Use of Cash Collateral is DENIED without prejudice to Debtor filing another motion as stated on the record.

*** END OF ORDER ***

**COURT SERVICE LIST**

[ECF Notifications Only]

ORDER DENYING MOTION TO CONFIRM NO STAY etc.

8