1  Stephen J. Kottmeier (State Bar No. 077060)
   sjk@hopkinscarley.com
2  Jay M. Ross (State Bar No. 151759)
   jross@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  The Letitia Building
   70 S First Street
5  San Jose, CA  95113-2406

6  *mailing address:*
   P.O. Box 1469
7  San Jose, CA 95109-1469
   Telephone:      (408) 286-9800
8  Facsimile:      (408) 998-4790

9  Attorneys for Secured Creditor BOSTON PRIVATE
   BANK & TRUST COMPANY, formerly known as
10 and successor to Borel Private Bank & Trust
   Company

11

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                    SAN JOSE DIVISION

15 In re:                          | CASE NO.: 13-53491

16 272 E. Santa Clara Grocery, LLC, | CHAPTER NO.  11
              Debtor.

17                                  | **DECLARATION OF STEPHEN J.**
                                    | **KOTTMEIER IN SUPPORT OF RESPONSE**
18                                  | **TO DEBTOR'S OBJECTION TO SECURED**
                                    | **CLAIM OF BOSTON PRIVATE BANK**
19
                                    | Date:     TBD
20                                  | Time:     TBD
                                    | Dept.:    3099
21                                  | Judge:    Hon. Stephen L. Johnson

22

23      I, Stephen J. Kottmeier, do hereby declare and affirm as follows:

24      1.      I am a shareholder at the law firm of Hopkins & Carley, a Law Corporation

25 ("H&C"), counsel of record for secured creditor, Secured Creditor Boston Private Bank & Trust

26 Company ("BPB"), formerly known as Borel Private Bank & Trust Company.  I make this

27 declaration in support of BPB's response to the objection [Dkt. 88; "Objection"] to its secured

28 claim [Claim No. 2] ("Response") filed by the Debtor 272 E. Santa Clara Grocery, LLC

436\1055867.4

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO
SECURED CLAIM OF BOSTON PRIVATE BANK                                         CASE NO. 13-5349

("Debtor") in this case.  I make this declaration based upon my own personal knowledge and upon our firm's records and information pertaining to our engagement regarding BPB's secured loan to Kimomex Santa Clara, LLC ("Kimomex").  If called to testify hereto, I could and would competently do so.  As to these matters stated upon information and belief, I believe the same to be true.

2.	In support of its Proof of Claim, BPB seeks reimbursement of the attorney fees and costs incurred by it beginning on October 10, 2010 through conclusion of this matter.  Throughout that period time, I have been lead counsel dealing with this matter although other attorneys and professionals have performed services under my direction.  Those attorneys and other professionals have varied over the years, depending upon the matters being addressed at various points in time.  Because the matter is on-going, this declaration will address fees and expenses incurred during the period October 10, 2010 through November 15, 2013.  The total of all fees and expenses during that period is $172,788.75.  Additional fees and expenses thereafter have and will be incurred but will be addressed in a subsequent filing.

3.	Although H&C is not submitting a Fee Application per se, consistent with the Court's Guidelines for Compensation of Professionals (the "Fee Guidelines"), H&C's services for this period have been allocated among the billing categories, each as further described below and on Exhibit 1 to this Application, to facilitate the Court's review.  However, it is important to note that BPB is seeking reimbursement under its contractual rights and not under the Bankruptcy Code or Rules governing retention and payment of professionals by the estate or Code created party.

## Contractual Bases For Recovery Of Fees And Costs

4.	BPB's right to recovery of its fees and costs arises out of provisions of its Promissory Note, Business Loan Agreement and Deed of trust.  The relevant provisions are as follows:

A.	Promissory Note:

**ATTORNEYS' FEES; EXPENSES**.  Lender may hire or pay someone else to help collect this Note if Borrower does not pay.  Borrower will pay Lender that

Hopkins & Carley
Attorneys At Law
San Jose

436\1055867.4                                                    - 2 -

DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO
SECURED CLAIM OF BOSTON PRIVATE BANK                    CASE NO. 13-5349

Case: 13-53491    Doc# 106-1    Filed: 12/04/13    Entered: 12/04/13 11:26:15    Page 2
of 11

amount.  This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.  Borrower also will pay any court costs, in addition to all other sums provided by law.

### B.    Business Loan Agreement:

**Attorneys' Fees; Expenses**.  Borrower agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Agreement.  Lender may hire or pay someone else to help enforce this Agreement, and Borrower shall pay the costs and expenses of such enforcement.  Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services.  Borrower also shall pay all court costs and such additional fees as may be directed by the court.

### C.    Deed of Trust

**Attorneys' Fees; Expenses**.  If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid.  Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law.  Trustor also will pay any court costs, in addition to all other sums provided by law.

### General Overview Of Fees And Expense Incurred

5.       When H&C was first engaged in this matter, its fees were billed to BPB at its standard rates.  Commencing in July 2011, H&C agreed with BPB that due to its expanding

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

436\1055867.4                                      - 3 -

DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO SECURED CLAIM OF BOSTON PRIVATE BANK                                            CASE NO. 13-5349

Case: 13-53491    Doc# 106-1    Filed: 12/04/13    Entered: 12/04/13 11:26:15    Page 3 of 11

relationship with BPB, H&C's would bill its fees at a ten percent discount from its standard rates. Accordingly, H&C's billing rates to BPB for this matter were reduced effective with the services provided in July 2011.

6.      H&C was first engaged in this matter in October 2010 following monetary defaults by Kimomex on its loan obligations.  Our initial work involved primarily analysis of BPB's rights and advice and preparation of documents related to potential work out options with Kimomex to resolve its monetary defaults.  When those options failed and BPB was close to foreclosing in July 2011, our engagement then changed emphasis.  We then began advising and drafting related to postponing BPB's foreclosure sale pursuant to an agreement between BPB and Investment Grade Loans, Inc. ("IGLI"), Mr. Lewis' company which purported to represent the junior lenders' who are the Debtor's predecessors in interest.  Around August of 2011, we also assisted BPB with the negotiation and drafting of an agreement with Kimomex that, if performed by Kimomex, would have resulted in satisfaction of the loan obligations.  Kimomex failed to perform however and apparently then lost its ownership due to the junior lenders foreclosure.  We assisted BPB with its letter putting the junior lenders' representative on notice that the foreclosure violated the due on sale provision of the loan and that BPB was not waiving any of its rights with respect to that default.  Finally, at various points in time over the succeeding months, we advised BPB and assisted it in documenting three amendments to the foreclosure postponement agreement.

7.      Following the December 31, 2012 expiration of the term of the last amendment to the foreclosure agreement, we advised and prepared documents related to BPB's efforts to resolve the loan with the Debtor.  When those efforts failed, we assisted BPB in its non-judicial enforcement action regarding rents and brought litigation in the Santa Clara County Superior Court against Kimomex and the Debtor to enforce BPB's rights under its loan documents, including seeking appointment of a receiver.  As set forth in declarations filed in the Superior Court case, the action was necessitated by various facts, including that the loan was in default, the rents derived from the property were being diverted by the Debtor and its principal, the principal claimed that the property suffered from an environmental problem of unknown definition, that he and the Debtor had neither the funds nor the experience to deal with the environmental issue, that

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

436\1055867.4                                                    - 4 -

DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO SECURED CLAIM OF BOSTON PRIVATE BANK                                CASE NO. 13-5349

1 the tenant had communicated that the building had a roof problem which needed to be addressed

2 and that the relationship with the Debtor and its principal had become hostile and belligerent.

3 (See, e.g., Reply Declaration Of David Scheiber In Support Of Plaintiff's Application For

4 Appointment Of Receiver And Restraining Order In Aid Of Receiver filed in Superior Court

5 Action No. 1-13-cv-247691, a copy of which is attached hereto as Exhibit 2.)  After opposing

6 BPB's motion for appointment of a receiver, the Debtor filed its bankruptcy a few hours before

7 the Superior Court was originally scheduled to hear BPB's receiver motion.  Our engagement

8 then altered to advising BPB and representing it in enforcing its rights in this bankruptcy case.

9 **Fees and Costs For Which Recovery Is Sought**

10      8.     BPB seeks recovery of fees in the amount of $155,705.25 and reimbursement of

11 expenses in the amount of $14,969.40, for services performed during the period October 10, 2010

12 through November 15, 2013, as more specifically described in the attached Exhibit 1 ("1-A"

13 Summary of Professional Time; "1-B" Pre-Petition Fees; "1-C" Post-Petition Fees; and "1-D"

14 Summary of Requested Reimbursement of Expenses), and as summarized below, plus additional

15 fees and costs incurred after November 15, 2013 through date of payment of BPB.  The additional

16 fees and costs will be addressed in a subsequent filing.

17      9.     The attached Exhibits 1-B and 1-C present, for each billing category broken into

18 pre-petition and post-petition services performed, the total number of hours of services devoted

19 by each attorney or paralegal, that person's regular hourly billing rate, and the fees requested for

20 those services based on regular hourly rates.  Not all services fit neatly within one or another of

21 the designated categories, and consequently there is some overlap.  Nevertheless, the allocations

22 reflected on the attached exhibits, and in the narrative descriptions below, represent H&C's

23 reasonable best efforts to categorize its services in the spirit of the Fee Guidelines.  H&C reserves

24 the right to supplement or elaborate on these summaries as may be necessary in these

25 proceedings.

26      10.    Summary of Services Performed Pre-Petition From October 2010 to June 27,

27 2013:

28      H&C undertook to perform services on behalf of BPB in protecting its interests and

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

436\1055867.4           - 5 -

DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO SECURED CLAIM OF BOSTON PRIVATE BANK       CASE NO. 13-5349

enforcing its rights with respect to both Kimomex and the Debtor and its predecessors. H&C's

services as counsel BPB in this matter for the period are described in detail in the attached as

Exhibit 1-B to this Declaration and are summarized below.

      a.     Activities after borrower's defaults through litigation being filed in June,

2013. Billable hours: 62.3; Fees sought: $26,141.70. These activities included: analysis and

advice regarding loan documents and enforcement rights and issues; analysis and advice

regarding potential workout and loan restructure strategies; preparation of Subordination, Non-

Disturbance and Attornment Agreements with various proposed tenants to protect BPB's rights in

order to ensure BPB's interests would be protected; advice and documentation of an agreement

regarding postponement of BPB's foreclosure sale; advice, negotiation with Kimomex's counsel

and documentation of a loan settlement agreement with Kimomex; advice regarding foreclosure

issues as they arose from time to time; advice and documentation regarding amendments to the

foreclosure postponement agreement; assistance to client with demand and other communications

with the Debtor or its predecessor or their counsel; background research regarding the Debtor and

its principal member; analysis of environmental issues raised by the Debtor in early 2013;

research regarding potential issues if bankruptcy were filed; and on-going communications with

BPB regarding all of the foregoing.

      b.     Activities from decision to initiate litigation through bankruptcy filing on

June 27, 2013. Billable hours: 72.30; Fees sought: $23,765.85. Analyzing, preparing and filing

of a complaint for foreclosure and specific performance of receivership clauses; analyzing,

preparing and filing motion papers for appointment of receiver, including replying to the Debtor's

opposition filed to the motion, appearing for a hearing in and interfacing with the Superior Court

regarding setting a hearing on the application, preparing and filing a court order related to the

hearing on the receiver motion, addressing bond matters, and multiple interchanges with the

receiver, BPB and the Debtor's state court counsel regarding the action and the parties' respective

positions.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

436\1055867.4            - 6 -
DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO
SECURED CLAIM OF BOSTON PRIVATE BANK           CASE NO. 13-5349

Case: 13-53491   Doc# 106-1   Filed: 12/04/13   Entered: 12/04/13 11:26:15   Page 6
of 11

11.    <u>Summary of Services Performed Post-Petition From June 27, 2013 to November</u>

<u>15, 2013</u>:  H&C's services as counsel BPB in this matter for the post-petition period are described

in detail in Exhibit 1-C, and are summarized below.

a.    General tasks:  Billable hours:  55; Fees sought: $21,585.15.  H&C

performed general tasks related to the Chapter 11 Bankruptcy Case filed by debtor, 272 E. Santa

Clara Grocery, LLC in the Northern District Of California on June 27, 2013, Case No. 13-53491,

including review of the Petition and related documents, amended petition and related documents,

filing a Request for Special Notice; attendance at the 341 creditors' meeting and Case Status

Conferences as well as ongoing communications with the debtor and its counsel, including

communications and a lengthy meeting related seeking to find a consensual resolution,

communications with BPB regarding various matters, and case management of the Superior Court

Action which remains pending but is stayed as to the Debtor.

b.    Bankruptcy motions:  Billable hours: 116.8; Fees sought: $47,812.50.

H&C performed services (both in researching and preparing papers and appearing at hearings)

related to various bankruptcy motions including seeking a determination that the stay did not

apply to rents in this matter; opposing the Debtor's inadequate applications to employ counsel

resulting the Debtor providing required disclosures; opposing the Debtor's initial cash collateral

motion (which was denied), moving for relief from the automatic stay based on the unconfirmable

plan filed by the Debtor (which the Debtor ultimately elected not to pursue), objecting to the

inadequate form of order in the Debtor's sale motion resulting in changes to that form directed by

the Court, in addition to opposing motions filed by the debtor.  These services are more

specifically described in attached Exhibit 1-C.

c.    Proof of Claim.  Billable hours: 12.10; Fees sought: $4,353.75.  H&C

performed a variety of legal services in assisting BPB in its preparation of its Proof of Claim and

then in responding to the Debtor's objections to same, including preparing of declarations and a

memorandum in opposition.  (These matters continue after November 15 and are not concluded.)

d.    Other activities:  Billable hours:  84.6; Fees sought: $32,046.30.  Moving

for Rule 2004 examinations and preparing for and conducting the initial session of the

436\1055867.4

DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO
SECURED CLAIM OF BOSTON PRIVATE BANK                                CASE NO. 13-5349

1  examination of the Debtor's managing member Andrew Lewis; analyzing and objecting to the

2  Debtor's Rule 2004 examination request; initiating document searches in anticipation of requests

3  from Debtor; and preparing the analysis and papers supporting BPB's claim for reimbursement of

4  its fees and expenses.

5        12.     In summary, H&C has performed both pre and post-petition services which have a

6  value, at its regular hourly billing rates, of $155,705.25.  It has also incurred expenses in the net

7  amount of $14,969.40, as specifically detailed on Exhibit 1-D.

8        13.     Summary of timekeepers.  The following attorneys, paralegals and case assistants

9  have worked on various aspects of the credit over the past three years depending upon the issues

10  or matters at hand:  Attorneys:  James V. Quillinan, Stephen J. Kottmeier, William Klein, Ross

11  Adler, Jay M. Ross, Michaeline H. Correa and Aleksandr Korzh.  Paralegal, Mariellen S.

12  Facchino and Case Assistants Raphael Rodriguez, Kyle Frankeny, Daniel Searles and Phillip R.

13  DiTullio.  A brief description of each timekeeper's qualifications is listed as follows:

14        14.     I am a Shareholder in the Litigation Department and leads the Firm's creditors'

15  rights and bankruptcy practice.  I am a graduate of the University of California, Hastings School

16  of Law.  I was admitted to practice in 1977 and have practiced regularly in the bankruptcy courts

17  in this District beginning in 1979.  I am the Shareholder primarily responsible for this matter.

18  Since 1977, I have concentrated my practice in commercial disputes, including creditor's rights

19  litigation.  During that time, I have acted as lead trial counsel in many court and jury trials and

20  binding arbitrations.  I have also acted as appellate counsel on multiple appeals.  I have billed on

21  this matter at a rate of $490.00 per hour in 2010, a rate of $495.00 per hour through June 2011

22  and at the rate of $445.50 from July 2011 through the present.  Since the inception of this matter

23  late 2010, I have spent 232.7 hours working on almost all aspects of the matter for a total of

24  $103,801.50.

25        15.     Attorney James V. Quillinan is a Shareholder in the Family Wealth & Tax

26  Planning Department at Hopkins & Carley.  He has been practicing law for over 30 years and has

27  extensive experience in handling probate, trust administration, estate tax, estate planning and

28  conservatorship matters.  He is a Certified Specialist in Estate Planning, Trust and Probate Law,

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

436\1055867.4

- 8 -

DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO
SECURED CLAIM OF BOSTON PRIVATE BANK
CASE NO. 13-5349

certified by the California State Bar Board of Legal Specialization. His involvement in this action was quite limited to certain documentation analysis required early in the matter. He has billed .3 hours at a rate of $550 per hour, for a total of $165.00, performing tasks relating to analysis of BPB's rights related to particular documentation issue within his area of expertise.

16.     Attorney William S. Klein is a Shareholder in the Litigation Department. Mr. Klein graduated from Santa Clara University School of Law. Since 1985, Mr. Klein has been a litigator, advisor and mediator who helps businesses and others with difficult and complex cases, including environmental matters. He represents clients in private cost recovery and consequential damages actions, governmental Superfund cases, toxic tort cases, contract disputes over environmental liabilities, Proposition 65 actions, and environmental insurance coverage disputes. He also counsels clients on environmental matters pending before federal, state and local administrative agencies, and on environmental issues arising in real property and business transactions. He has spent 1.4 hours at a rate of $450 per hour, for a total of $630.00.

17.     Attorney Ross G. Adler is a Shareholder in the Real Estate Department and his practice encompasses a broad range of transactional real estate matters, particularly on behalf of financial institutions. Mr. Adler graduated from the University of California, Berkeley School of Law. He also handles construction, bridge, and permanent financing transactions, as well as workouts and foreclosures for financial institution clients. He has spent 10.4 hours on this matter at a rate of $450.00 per hour for the first six months of 2011, a rate of $405.00 for the second six months of 2011, and a rate of $414.00 in 2012 for a total of $4,511.70.

18.     Attorney Jay M. Ross is a Shareholder in the Litigation Department and represents businesses and individuals in complex business disputes. Mr. Ross is a graduate of the University of California, Hastings School of Law. His practice includes functioning as a member of the Financial Institutions & Creditors' Rights and Litigation practice group and he regularly appears in bankruptcy courts representing creditors. He has spent 50.6 hours on this matter at a rate of $405 per hour in 2013 for a total of $20,493.00.

19.     Attorney Michaeline H. Correa is an associate in the Litigation Department. She is a member of the Financial Institutions & Creditors' Rights and Litigation practice group and

DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO SECURED CLAIM OF BOSTON PRIVATE BANK                                CASE NO. 13-5349

represents a wide range of clients in creditors' rights, financial institutions, including in bankruptcy matters. Ms. Correa is a graduate of Santa Clara University School of Law. She has spent 39.6 hours on this matter at a rate of $315 in 2013 for a total of $12,474.00.

20.     Attorney Aleksandr Korzh is an associate in Hopkins & Carley's Litigation Department where he focuses his practice on commercial and intellectual property litigation. Attorney Korzh is a 2012 graduate of Santa Clara University School of Law and joined the Firm the summer after his second year in law school. He has also worked on employment, real estate, and business cases. He has spent 21.1 hours on this matter at a rate $234 in 2013 for a total of $4,937.40.

21.     Paralegal Mariellen S. Facchino is a Senior Litigation Paralegal in the Litigation Department at Hopkins & Carley. Ms. Facchino holds a Juris Doctor degree from the University of Oregon School of Law and a bachelor's degree in history from the University of Vermont. She has worked as a paralegal for 29 years. Ms. Facchino's areas of concentration include general business, creditors' rights and real estate litigation. She spent 32.9 hours at a rate of $229.5 in 2013 for a total of $7,550.55, assisting in the area of litigation and negotiations.

22.     H&C employs on an ongoing basis, a staff of case assistants who are college graduates with aspirations of attending law school or pursuing careers in the legal field. Given the length of time we have been involved with this credit, these assistants have changed over the years. Case Assistant Raphael Rodriguez has billed on this matter at a rate of $81.00 per hour and served as a case assistant in the Litigation Department. He spent 2.3 hours at a rate of $81 per hour, for a total of $186.30, assisting the attorneys and paralegals on this matter.

23.     Case Assistant Kyle Frankeny has billed on this matter at a rate of $81 per hour, and serves as a case assistant in the Litigation Department. He spent 7.4 hours at a rate of $81 per hour, for a total of $599.40, assisting the attorneys and paralegals on this matter.

24.     Case Assistant Daniel Searles has billed on this matter at a rate of $81 per hour and serves as a case assistant in the Litigation Department. He spent 1.1 hours at a rate of $81 per hour, for a total of $89.10, assisting the attorneys and paralegals on this matter.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

436\1055867.4                                                    - 10 -
DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO
SECURED CLAIM OF BOSTON PRIVATE BANK                                    CASE NO. 13-5349

Case: 13-53491    Doc# 106-1    Filed: 12/04/13    Entered: 12/04/13 11:26:15    Page 10
of 11

25. Case Assistant Phillip R. DiTullio has billed on this matter at a rate of $81 per hour and serves as a case assistant in the Litigation Department. He spent 3.3 hours at a rate of $81 per hour, for a total of $267.70, assisting the attorneys and paralegals on this matter.

### **Other Evidence Material To Response To Objection**

26. Attached hereto as **Exhibit 3** are true and correct copies of excerpts from the Rule 2004 examination of Andrew Lewis. These excerpts pertain to the lack of due diligence undertaken by Mr. Lewis with respect to the environmental condition of what later became the Debtor's property at the time the junior lenders made their loan to Kimomex Santa Clara, LLC.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 4th day of December, 2013 at San Jose, California.

/s/ Stephen J. Kottmeier
Stephen J. Kottmeier

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

436\1055867.4

- 11 -

DECLARATION OF STEPHEN J. KOTTMEIER IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO SECURED CLAIM OF BOSTON PRIVATE BANK          CASE NO. 13-5349