CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555
Facsimile: (408) 295-6606

ATTORNEYS FOR Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>272 E SANTA CLARA GROCERY, LLC,<br><br>          Debtor. | Case No. 13-53491<br><br>CHAPTER 11<br><br>**OBJECTION TO PLAN OF BOSTON PRIVATE BANK & TRUST COMPANY DATED DECEMBER 5, 2013 (AS AMENDED MARCH 20, 2014)**<br><br>**Date: June 18, 2014**<br>**Time: 1:30 p.m.**<br>**Place:**<br>   **280 S. First Street, Crt. Room 3099**<br>   **San Jose, CA 95113**<br>**Judge: Hon. Stephen L. Johnson** |

TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; BOSTON PRIVATE BANK & TRUST COMPANY; and all other interested parties:

    COMES NOW, Debtor 272 E. Santa Clara Grocery, LLC ("Debtor") and objects to Boston Private Bank & Trust Company's ("BPB") Plan of Reorganization Dated December 5, 2013 (As Amended March 20, 2014) ("Plan") as follows:

**I. Preliminary Statement.**

    The Plan is nothing more than a partial settlement offer whereby BPB purports to

**OBJECTION TO PLAN OF BOSTON PRIVATE BANK & TRUST COMPANY DATED DECEMBER 5, 2013 (AS AMENDED MARCH 20, 2014)**

Case: 13-53491  Doc# 207  Filed: 06/11/14  Entered: 06/11/14 16:08:09  Page 1 of 6

provide Debtor with nothing, bind non-parties and non-signators, require Debtor to defend, indemnify, and hold harmless BPB, including attorney's fees, from claims by non-parties and non-signators, and deny Debtor, Debtor's interest holders, Debtor's creditors, and non-parties a vote.

BPB's Plan does not satisfy the requirements of Bankruptcy Code 1129 as it has not been proposed in good faith (Bankruptcy Code 1129(a)(3)), does not satisfy the "best interests of creditors" test (Bankruptcy Code 1129 (a)(7), is not feasible (Bankruptcy Code 1129 (a)(11), and, to the extent it attempts to 'cram down' over the objections of the Debtor, creditors, and Debtor's members, is not fair and equitable (Bankruptcy Code 1129 (a)(1).

## II. The Plan Attempt to Settle Claims Held By Third Parties and Force Debtor To Indemnify BPB from Claims By Third Parties All While Denying Everyone Except BPB A Vote.

The Plan is presented as a settlement offer by BPB to resolve various claims Debtor has asserted against BPB. However, the settlement offer is much more and is fatally flawed.

The settlement offer purports to offer Debtor no cash and only a belated credit against its disputed claim (now pending before this court), but simultaneously require Debtor and third parties to release claims against BPB and require Debtor to defend and indemnify BPB from any claims asserted by any parties against BPB-----all without signatures on the agreement, notice to the third parties, consideration, or court approval of the agreement----for a $25,000 belated credit against its claim.

Noticeably absent from the Plan is any legal authority supporting the concept of resolving Debtor's affirmative claims through a plan or any legal authority supporting the concept that a settlement proposal to the Debtor can bind third parties and non-parties who are not signators to the proposed agreement and who did not receive any consideration.

Also noticeably absent from the Plan are any discussions regarding who are the parties to the agreement beyond Debtor and BPB, whether Debtor, Debtor's members, or the others get to see, review, and approve the agreement, whether the court needs to approve it, who are Debtor's known predecessors, who are Debtor's unknown predecessors, how third parties

can be bound to a agreement when they are unknown, when they are not signatories, and when they do not receive consideration, the nature and extent of the claims by these third parties, and whether BPB did, in fact, knowingly and willfully withhold material information from Debtor and others[1]. Although there is a proposed release attached to the Plan, it does not attempt to identify signators, and is fatally defective in numerous other areas. The proposed release falsely asserts that Debtor has represented it owns all claims. Debtor has simply asserted that the prior fractional owners of the real property assigned/transferred their interest in the real property to the Debtor and Debtor believes that it holds claims against BPB. Debtor has never represented that claims of Investment Grade Loans, Inc. ("IGL") and others are owned by Debtor. For example, the Agreement Re Foreclosure Sale, Second Amendment to Agreement Re Foreclosure Sale, and Third Amendment to Agreement Re Foreclosure Sale are signed by Investment Grade Loans, Inc. ("IGL")[2]. IGL was not a fractional owner of the subject real property and therefore did not assign any fractional ownership of the real property to the Debtor. Therefore, Debtor would not make the representation contained in section 2 of the agreement or indemnify, defend, or hold harmless BPB from claims asserted by IGL or others. Presumably, hypothetical reasonable investors would like to know this information.

    The proposed release also purports to have Debtor release claims relating to "any of BPB's lending practices, procedures, or conduct in connection with its loan" and then indemnify, defend, or hold harmless BPB from such claims. Debtor is not in a position to have information relative to such claims, would not release such claims or indemnify, defend, or hold harmless BPB from such claims whether made by its borrower Kimomex or others, and would certainly not do so without consideration.

    Debtor submits that the proposed discount represents less than a 5% discount on its claim. The potential value of Debtor's claims against BPB have never been addressed. While

---

[2] Debtor also signed the Third Amendment and the agreement references the prior agreements.

such has not been formally quantified Debtor anticipates that the value of the 'non-disclosure' claim alone, which relates to multiple and continued non-disclosures by BPB between July 2011 and December 2012, may exceed $1,000,000 by way, in part, of the difference between what Debtor believed it was purchasing and what it actually received. BPB's anticipated 'fall-back' position, namely that Debtor sold the property for a profit, is irrelevant. Basic fraud damages are the difference between what Debtor thought it was receiving less what it actually received. Parties that defraud others do not get 'credit' for the subsequent efforts by their victims to rectify the wrong.

### III. The Plan Incorrectly Assert That BPB is Impaired And Others Are Not.

The Plan asserts that BPB's claim will be paid in full and BPB's claim and the claims of all creditors will be paid in full. Pursuant to the Plan BPB rights and remedies remains unchanged. Therefore, BPB is not impaired and not entitled to vote.

To the extent BPB contends that it is impaired because it has to wait for payment--on its disputed claim-- then the same alleged impairment applies to all creditors–claims that are not undisputed and not subject to objections. The Plan provides that payments to creditors will not occur until the effective date which is defined as the later of confirmation or a final order on the objection to BPB's claim. Therefore, the Plan provides that all creditors are paid in full at the same time. Accordingly, BPB is not impaired.

In addition, the Plan incorrectly assert that the rights of Debtor's members are not impaired. The rights and interests of Debtor's members are impaired and diluted because the value of their respective interests are summarily reduced and their right to vote summarily denied. Such alteration impairs their rights. (In re L & J Anaheim Assoc. (9th Cir. 1983) 995 F.2d 940, 943)(11 U.S.C. 1123 9a)(6) and 1126 (a), ©, (d), and (f), & (g).)

**A. All Parties Reject BPB's Plan.**

As of June 10, 2014 Debtor had received (and filed on June 11, 2014) ballots received from Debtor, creditors, and Debtor's member all voting against BPB's Plan. Such is a clear indication that BPB's Plan, as objected to herein, was not proposed in good faith, is not in the

OBJECTION TO PLAN OF BOSTON PRIVATE BANK & TRUST COMPANY DATED DECEMBER 5, 2013 (AS AMENDED MARCH 20, 2014)
4
Case: 13-53491    Doc# 207    Filed: 06/11/14    Entered: 06/11/14 16:08:09    Page 4 of 6

best interests of the creditors and estate, is not feasible, is not is not fair and equitable.

**IV. The Plan Was Not Proposed In Good Faith, Is Not Feasible, Is Not Fair or Equitable, and Is Not Confirmable.**

Pursuant to 11 U.S.C. 1129 a plan must be, inter alia, fair and reasonable and proposed in good faith. (See, e.g., In re 266 Washington Assocs., 141 B.R. 275, 288 (Bankr. E.D.N.Y.), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992)).

The Plan presented by BPB is not fair and reasonable or presented in good faith. In its simplest form, the Plan purports to allow BPB to vote on its own plan, consider itself impaired yet get paid in full, consider all others unimpaired and without a vote yet somehow sacrifice claims against BPB, and settle claims against it without any payment of cash and a belated credit. BPB accomplishes all of this in exchange for a small belated credit, a unilateral (non-mutual) release and indemnity obligation, and release of claims of third parties without the benefit of the third parties seeing the agreement, approving the agreement, signing the agreement, and receiving consideration for the agreement. This kind of unfair discrimination precludes plan confirmation. 11 U.S.C. § 1129(b).

As previously stated Debtor's interest and the interests of its members are diluted and impaired by the Plan because the value of their respective interests are summarily reduced and their right to vote summarily denied. Such alteration impairs their rights. (In re L & J Anaheim Assoc. (9th Cir. 1983) 995 F.2d 940, 943)(11 U.S.C. 1123 9a)(6) and 1126 (a), ©, (d), and (f), & (g).)

Furthermore, in order to be "fair and reasonable", a plan must provide either that each unsecured claimant receive or retain property equal to the amount of his claim or that no claimant junior to such claimant receive any property. Here, the Plan proposes to summarily dilute the interests of Debtor and Debtor's members and therefore flagrantly violates Section 1129.

The Plan also violates 11 U.S.C. 524 as the purported 'general release' proposed by BPB includes parties other than Debtor and then requires Debtor to make incorrect

representations and defend, indemnify, and hold harmless BPB for claims by others.

**V. Conclusion.**

For the foregoing reasons Debtor objects to the BPB Plan and submits it is not confirmable.

Dated: June 11, 2104       CAMPEAU GOODSELL SMITH
                 /s/ William J. Healy
                 William J. Healy