Stephen J. Kottmeier (State Bar No. 077060)
sjk@hopkinscarley.com
Jay M. Ross (State Bar No. 151759)
jross@hopkinscarley.com
Brent D. Meyer (State Bar No. 266152)
bmeyer@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Secured Creditor BOSTON PRIVATE
BANK & TRUST COMPANY, formerly known as
and successor to Borel Private Bank & Trust
Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>272 E. Santa Clara Grocery, LLC,<br><br>Debtor. | CASE NO.  13-53491<br><br>CHAPTER 11<br><br>**ADDENDUM TO BOSTON PRIVATE BANK & TRUST COMPANY'S PROOF OF CLAIM NO. 2-2 AS OF JUNE 27, 2014**<br><br>[NO HEARING SET BY THE COURT]<br><br>Judge:         Hon. Stephen L. Johnson |

Secured Creditor Boston Private Bank & Trust Company ("BPB") hereby submits an addendum to its Proof of Claim [Claim No. 2-2] (the "Addendum") as required by the Court's Order Following Trial on Amended Objection to Claim of Boston Private Bank & Trust Company entered on June 20, 2014 [Dkt. No. 215] to include fees and costs due through June 27, 2014. The Addendum is supported by the points and authorities below, the Declaration of Counsel Stephen J. Kottmeier ("Counsel Decl."), the Declaration of David Scheiber ("Scheiber

Decl."), each filed concurrently herewith, and all other pleadings and documents on file in this case of which this Court may take judicial notice. In support of the Addendum, BPB respectfully represents as follows:

1. Hopkins & Carley, a Law Corporation ("H&C") has been counsel for secured creditor BPB, formerly known as Borel Private Bank & Trust Company, in matters related to real property located at 272 East Santa Clara Street, San Jose, California 95112 (the "Property") since approximately October 10, 2010. BPB hereby applies to the Court for allowance of fees and costs for services rendered from October 10, 2010 through June 27, 2014 (the "Engagement Period"). Because the matter is on-going, additional fees and costs thereafter have and will be incurred, but will be addressed in a subsequent filing. BPB reserves all rights to update the Addendum as charges continue to accrue under the subject Promissory Note, Business Loan Agreement, and Deed of Trust (collectively, the "Loan Documents") until BPB's secured claim is paid in full and this matter is concluded.

2. Although H&C is not submitting a Fee Application per se, consistent with the Court's Guidelines for Compensation of Professionals, H&C's services for this period have been allocated among billing categories to facilitate the Court's review. However, it is important to note that BPB is seeking reimbursement under its contractual rights and not under the Bankruptcy Code or Bankruptcy Rules governing retention and payment of professionals by the estate or as a Bankruptcy Code created party.

3. BPB seeks recovery of fees for services rendered incurred in the amount of $391,618.20 and reimbursement of costs incurred in the amount of $33,263.39 during the Engagement Period. The total of all fees and costs during that period is $424,881.59. BPB has not previously received any reimbursement for the legal fees and expenses incurred during the Engagement Period.

4. Attached to the Counsel Declaration as Exhibit 1-A is the name of each professional who performed services in connection with this matter during the Engagement Period, his or her hourly rate, and the total number of hours he or she billed during the Engagement Period. (Counsel Decl. ¶ 11). Below is a summary of the professional time for

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

services rendered during the Engagement Period.

**Summary of Professional Time (10/10/2010 to 6/27/2014)**[1]

| Professional | Rate | Hours | Total Fees |
|---|---:|---:|---:|
| Stephen J. Kottmeier | $ 495.00 | 2.7 | $ 1,336.50 |
| | $ 445.50 | 518.8 | $ 231,125.40 |
| Ross G. Adler | $ 450.00 | 6.1 | $ 2,745.00 |
| | $ 405.00 | 1.5 | $ 607.50 |
| | $ 414.00 | 2.8 | $ 1,159.20 |
| William S. Klein | $ 450.00 | 1.4 | $ 630.00 |
| James V. Quillinian | $ 550.00 | 0.3 | $ 165.00 |
| Michaeline H. Correa | $ 315.00 | 129.9 | $ 40,918.50 |
| Aleksandr Korzh | $ 243.00 | 19.7 | $ 4,787.10 |
| | $ 234.00 | 21.1 | $ 4,937.40 |
| Jay M. Ross | $ 405.00 | 81.4 | $ 32,967.00 |
| | $ 414.00 | 24.5 | $ 10,143.00 |
| Brent D. Meyer | $ 243.00 | 15.9 | $ 3,863.70 |
| Mariellen S. Facchino | $ 234.00 | 76.6 | $ 17,924.40 |
| | $ 229.50 | 102.9 | $ 23,615.55 |
| Raphael A. Rodriquez | $ 81.00 | 2.3 | $ 186.30 |
| Kyle D. Frankeny | $ 81.00 | 7.4 | $ 599.40 |
| Daniel M. Searles | $ 81.00 | 1.1 | $ 89.10 |
| Phillip R. Di Tullio | $ 81.00 | 59.7 | $ 4,835.70 |
| Samantha N. Downey | $ 81.00 | 38.8 | $ 3,142.80 |
| | $ 85.50 | 19.1 | $ 1,633.05 |
| Alexander D. Vogt | $ 85.50 | 49.2 | $ 4,206.60 |
| **TOTAL** | | **1183.2** | **$391,618.20** |

5. Attached to Counsel Declaration as Exhibit 1-B is the complete detailed billing statement for the Engagement Period for each billing category broken into pre-petition and post-petition services performed, the total number of hours devoted by each professional, his or her

---

1. When H&C was first engaged in this matter, its fees were billed to BPB at its standard rates. Commencing in July 2011, H&C agreed with BPB that due to its expanding relationship with BPB, H&C would bill its fees at a ten percent (10%) discount from its standard rates. Accordingly, H&C's billing rates to BPB for this matter were reduced effective with the services provided in July 2011.

823\1131141.4 - 3 -

ADDENDUM TO BOSTON PRIVATE BANK & TRUST COMPANY'S PROOF OF CLAIM AS OF JUNE 27, 2014   CASE NO. 13-53491

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

hourly rate, and the total hours he or she billed for the services performed. (Counsel Decl. ¶ 12). Below is a summary of the billing categories for services rendered during the Engagement Period.

**Pre-Petition Fees for Services Rendered (10/10/2010 to 6/27/2013)**

| Billing Category | Total Hours | Total Fees |
|---|---|---|
| 1. Analysis and advice regarding loan documents and various enforcement rights and issues | 2.10 | $ 1,056.00 |
| 2. Preparation of Subordination, Non-Disturbance, and Attornment Agreements with various proposed tenants to protect BPB's rights | 10.30 | $ 4,550.40 |
| 3. Advice and documentation of an agreement regarding postponement of BPB's foreclosure sale | 6.50 | $ 2,863.35 |
| 4. Advice and negotiation with Kimomex's counsel and documentation of a loan settlement agreement with Kimomex | 9.40 | $ 4,187.70 |
| 5. Advice and documentation regarding amendments to the foreclosure postponement agreement | 19.00 | $ 8,458.20 |
| 6. Assistance to client with demand and other communications with the Debtor or its predecessor or their counsel | 9.90 | $ 2,878.20 |
| 7. Analysis of environmental issues raised by the Debtor in early 2013 | 3.10 | $ 1,387.35 |
| 8. Research regarding potential issues if bankruptcy were file | 2.00 | $ 760.50 |
| 9. Preparing and filing of a complaint and motion papers for appointment of receiver | 72.30 | $ 23,765.85 |
| **SUBTOTAL** | **134.60** | **$ 49,907.55** |

**Post-Petition Fees for Services Rendered (6/27/2013 to 6/27/2014)**

| Billing Category | Total Hours | Total Fees |
|---|---|---|
| 1. General tasks related to the Chapter 11 Bankruptcy Case filed by the Debtor | 61.90 | $ 24,425.10 |
| 2. Performed services related to various bankruptcy motions including seeking a determination that the automatic stay did not apply to rents in this matter | 38.90 | $ 16,286.40 |
| 3. Opposing the Debtor's inadequate applications to employ counsel resulting the Debtor providing required disclosures | 6.00 | $ 2,571.75 |
| 4. Opposing the Debtor's initial cash collateral motion (which was denied) | 36.90 | $ 13,890.15 |
| 5. Moving for relief from the automatic stay based on the unconfirmable plan filed by the Debtor | 29.90 | $ 11,483.10 |
| 6. Responding to the Debtor's sale motion and dealing with closing of sale | 16.10 | $ 6,941.70 |
| 7. Opposing Plan filed by the Debtor | 77.20 | $ 29,398.05 |
| 8. Assisting BPB in its preparation of its Proof of Claim and responding to and litigating the Debtor's objection to BPB's | 473.80 | $ 131,324.85 |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

823\1131141.4 - 4 -

ADDENDUM TO BOSTON PRIVATE BANK & TRUST COMPANY'S PROOF OF CLAIM AS OF JUNE 27, 2014   CASE NO. 13-53491

| | | |
|---|---:|---:|
| claim, including extensive discovery, trial, and post-trial matters | | |
| 9. Investigating the Debtor's members and moving for Rule 2004 examinations for oral testimony and document production and opposing and responding to Debtor's Rule 2004 application for extensive document production | 62.40 | $ 24,363.45 |
| 10. Preparing for and conducting the initial session of the examination of the Debtor's managing member Andrew Lewis | 22.20 | $ 7,682.85 |
| 11. Preparation and Prosecution of Creditor's Disclosure Statement and Plan | 151.40 | $ 57,291.30 |
| 12. Motion to Temporarily Allow Claim | 8.90 | $ 3,064.50 |
| 13. Preparation of Addendum to Proof of Claim and supporting documents | 63 | $12,987.45 |
| **SUBTOTAL** | **1048.6** | **$341,710.85** |
| **TOTAL FEES** | **1183.2** | **$391,618.20** |

6.  Attached to Counsel Declaration as <u>Exhibit 1-C</u> is a summary of each expense incurred during the Engagement Period, the provider of the service, and the total expense incurred for each service. (Counsel Decl. ¶ 18). Below is a summary of the expenses incurred during the Engagement Period.

**Expenses Incurred (10/10/2010 to 6/27/2014)**

| Expense Category | Cost |
|---|---:|
| Electronic Legal Research | $ 12,099.28 |
| Word Processing | $ 5,182.25 |
| Court Call | $ 30.00 |
| Mileage | $ 68.94 |
| Messenger | $ 410.50 |
| Color copies, Photocopies, & Prints | $ 7,910.36 |
| Postage & Facsimiles | $ 338.12 |
| Witness & Mileage Fees | $ 214.62 |
| Deposition Costs | $ 5,070.43 |
| Filing Fees | $ 534.95 |
| Service of Subpoenas | $ 1,403.94 |
| **TOTAL COSTS** | **$ 33,263.39** |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

823\1131141.4 - 5 -

ADDENDUM TO BOSTON PRIVATE BANK & TRUST COMPANY'S PROOF OF CLAIM AS OF JUNE 27, 2014   CASE NO. 13-53491

7. Pursuant to section 506(b), a creditor is entitled to recovery of fees and costs if: "(1) the claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement." *In re Kamai*, 316 B.R. 544, 548 (B.A.P. 9th Cir. 2004) (quoting *In re Salazar*, 82 B.R. 538, 540 (B.A.P. 9th Cir. 1987)). It is undisputed that BPB has a secured claim, that BPB is oversecured, and that fees and costs are provided for in the Loan Documents. (Dkt. No. 215, p. 2, 6, 13). Accordingly, the Court shall allow all fees and costs requested by BPB in the Addendum provided that they are reasonable. *See In re Dalessio*, 74 B.R. 721, 723 (B.A.P. 9th Cir. 1997) ("when fees are provided for in the underlying agreement, and when the creditor is oversecured, allowance of the attorney's fee is mandatory," but allowance is limited by the reasonableness requirement in section 506(b)).

Under section 506(b), the Court has broad discretion to determine whether fees and costs are reasonable. *See In re Wire Cloth Products, Inc.*, 130 B.R. 798, 814 (Bankr. N.D. Ill. 1991). "The key determinant is whether the creditor incurred expenses and fees that fall within the scope of the fees provision in the agreement, and took the kinds of actions that similarly situated creditors might reasonably conclude should be taken." *In re Le Marquis Assoc.*, 81 B.R. 576, 578 (B.A.P. 9th Cir. 1987). The Court is not required to perform an independent inquiry into each particular matter to determine whether BPB was the prevailing party on that matter. *See In re Burnel*, 54 B.R. 462, 465 (Bankr. D. Colo. 1985) (fees are allowed under section 506(b) for unsuccessful motions when an oversecured creditor is protecting its rights in the collateral). Once the Court determines that BPB was reasonable in its actions, then the inquiry is complete and BPB is entitled to recover all fees and costs it incurred protecting its rights in the Property. *See Dalessio*, 74 B.R. at 723.

In this matter, BPB has taken reasonable actions under the circumstances that any other lender would undertake to protect its interests. As the Court is aware, H&C has assisted BPB continuously for almost four years in protecting its rights in the Property through its various dealings with Kimomex Santa Clara, LLC (the original borrower), the junior lenders, the Debtor, Andrew Lewis (Debtor's managing member), various proposed tenants, and their respective counsel. The scope of legal services has been broad and has varied depending on the given

823\1131141.4 - 6 -
HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK
ADDENDUM TO BOSTON PRIVATE BANK & TRUST COMPANY'S PROOF OF CLAIM AS OF JUNE 27, 2014    CASE NO. 13-53491

circumstances. Many of the legal services have been driven directly by the acts and conduct of Andrew Lewis who has dealt with BPB with an unusually high degree of hostility and stubbornness. A comprehensive summary of the reasonable actions taken by BPB in this matter is set forth in the Counsel Declaration filed herewith. (Counsel Decl., ¶¶ 7-10). Given the amount at issue and the complexity of dealing with sophisticated borrowers followed by a contentious junior lien holder, who ultimately caused this bankruptcy filing, the services provided and fees charged are reasonable under the circumstances and should be allowed in full.

The Debtor has previously challenged certain post-petition efforts of BPB [Dkt. 88, p.13-14], often with misstatements of the events that actually occurred in this case, and it is uncertain whether the Debtor will continue to make such challenges to the fees requested in the Addendum. To the extent that the Debtor continues to make such challenges, BPB has previously responded to those assertions [Dkt. No. 106, p. 14-16] and for judicial economy hereby incorporates its responses by reference.

8. As a procedural matter, it is proper for BPB to seek payment of fees and costs pursuant to section 506(b) via the Addendum to its Proof of Claim and BPB is not required to file an application for compensation under the Bankruptcy Code and Bankruptcy Rules. *See In re Atwood*, 292 B.R. 227, 231-32 (B.A.P. 9th Cir. 2003).

9. Based upon the forgoing, BPB respectfully requests that the Court allow BPB's fees in the amount of $391,618.20 and expenses in the amount of $33,263.39 during the Engagement Period. Should the Debtor raise any objections to the Addendum, BPB respectfully requests that the Court set this matter for hearing so that BPB can adequately respond to those objections.

Dated: June 30, 2014

HOPKINS & CARLEY
A Law Corporation


By: /s/ Stephen J. Kottmeier
Stephen J. Kottmeier
Jay M. Ross
Attorneys for Secured Creditor
BOSTON PRIVATE BANK & TRUST COMPANY